BRUCE G. FAGEL, State Bar No. 103674
Law Offices of Bruce G. Fagel
& Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
(310) 281-8700

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA PALACIO, a minor, by and through her guardian ad litem, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE<br><br>1. Negligence<br>2. Negligence<br>3. Negligent Infliction of Emotional Distress |

    Comes now ISABELLA PALACIO, a minor, by and through her *guardian ad litem*, FACUNDO PALACIO DIAZ and MICAELA PALACIO, hereinafter referred to as Plaintiffs, and for causes of action against the Defendant UNITED STATES OF AMERICA for (1) negligence and medical malpractice by the minor ISABELLA PALACIO for injuries during hers mother's pregnancy, and her birth and delivery process resulting in severe neurological injuries and brain damage; (2) for negligence and medical malpractice by MICAELA PALACIO for personal injuries during her pregnancy, labor and delivery of the minor, ISABELLA PALACIO; (3) for negligence and emotional distress injuries by MICAELA PALACIO occurring during the birth and delivery of her daughter, brought pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

## Jurisdiction and Venue

1. This Court has jurisdiction over this action because it arises under the *Federal Tort Claims Act(FTCA)*, Title 28, 2671, *et seq*, of the *United States Code*. This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2. Plaintiffs have exhausted all administrative remedies. On or about November 21, 2012, Plaintiffs presented the claims alleged in the complaint to the UNITED STATES OF AMERICA and the Department of Health & Human Services, the appropriate Federal agency for such claims, in the amount of $25,000,000.00 for Isabella Palacio and $500,000.00 for Micaela Palacio.

The UNITED STATES OF AMERICA has not made a final disposition of the claims. The Defendant's failure to make a final disposition of the claims within 6 months of the date of presentment of the claims, allows the Plaintiffs the option to file suit and to determine the claims denied for purposes of Title 28 claims under the *Federal Tort Claims Act* (FTCA), 28 *U.S.C.* §2675(a). Plaintiffs are authorized to file the instant complaint for medical malpractice, which has been duly commenced after 6 months of the filing of said claims.

3. This action for medical malpractice and personal injuries arises from actions by Members of the Public Health Services and employees of federally supported medical clinics by way of the *Federally Supported Health Centers Assistance Act*. Title 42 U.S.C. §233 (g) (k), which provides that the *Federal Tort Claims Act* is the exclusive remedy against the United States for such injuries caused by employees of a deemed community health center.

4. Plaintiffs' claims arise from medical care and treatment received from the Northeastern Rural Health Clinic, Inc., a federally supported medical clinic and deemed community health center, and grantee of the United States Department of Health & Human Services, and from Paul C. Davainis, M.D., and Paul W. Holmes, M.D., and other medical providers, who were at all times

relevant, physicians and health care providers, all of whom were employees of Northeastern Rural Health Clinic, Inc.

5. The United States District Court, Eastern District of California, sitting Sacramento, is the proper court for venue for these actions, pursuant to 28 USC § 1402(b) wherein the acts or omissions complained of occurred, and also pursuant to Local Rule 120, as Northeastern Rural Health Clinic, Inc., is situated at 1850 Spring Ridge Road, in the City of Susanville, Lassen County, California, and the negligent actions of the Defendant and its agents and employees, occurred within said County of Lassen, and the Eastern District of the United States District Court of California.

Paul Davainis, M.D., is a physician and surgeon, whose address listed by the Medical Board of the State of California is 1850 Spring Ridge Road, Susanville, CA 96130.

Paul Holmes, M.D., is a physician and surgeon, whose address listed by the Medical Board of the State of California is 1850 Spring Ridge Road, Susanville, CA 96130.

## Status of the Parties

6. Plaintiff MICAELA PALACIO is the mother of ISABELLA PALACIO, a minor, born April 30, 2012. at Banner Lassen Medical Center, in Lassen County, California. Plaintiffs are residents of Avenal, King County, California.

7. The Guardian ad Litem of the minor plaintiff is FACUNDO PALACIO DIAZ. He is employed by the California Department of Corrections at Pleasant Valley, California. He is the husband of plaintiff ISABELLA PALACIO, and the father of the minor plaintiff ISABELLA PALACIO, and resides with said plaintiffs.

On or about August 3, 2012, he was appointed the minor plaintiff's guardian *ad litem* by the Lassen County Superior Court in the matter entitled ISABELLA PALACIO, a minor, by and through her guardian ad litem FACUNDO PALACIO DIAZ, *et al.*, vs. BANNER HEALTH, an Arizona Corporation, doing

Law Offices of Bruce G. Fagel & Associates

G:\PALACIO-FEDERAL\PALACIO-FEDERAL-COMPLAINT.wpd

business as BANNER LASSEN MEDICAL CENTER, *et al.*, case number 56180, an active case.

8.   Defendant UNITED STATES OF AMERICA acting through the Department of Health & Human Services, is the grantor of federal status and funding upon Northeastern Rural Health Clinic, Inc., who in turn employed Paul C. Davainis, and Paul W. Holmes, M.D., and other health care providers, at the Northeastern Rural Health Clinic, Inc., as its agents and employees, all of whom negligently treated and cared for the plaintiffs during the minor's pregnancy, labor, delivery, birth and thereafter.

Whenever the term "Defendant" appears it refers to the UNITED STATES OF AMERICA, and its grantees Northeastern Rural Health Clinic, Inc., and the employees and agents Paul C. Davainis, M.D., and Paul W. Holmes, M.D., and other health care providers at the Northeastern Rural Health Clinic, Inc.

### General Allegations

9.   All of the facts, acts, events and circumstances herein mentioned and described occurred in the County of Lassen, State of California.

10.   At all times herein mentioned, Paul C. Davainis, M.D, and Paul W. Holmes, M.D., were, and now are, physicians and surgeons, holding themselves out as duly licensed to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California.

11.   At all times herein mentioned Northeastern Rural Health Clinic, Inc. was a California Corporation, providing health care services as a federally supported medical clinic and grantee of the United States Department of Health & Human Services, who employed Paul C. Davainis, and Paul W. Holmes, M.D., and other health care providers.

12.   All of the acts complained of herein by Plaintiffs against said Defendant were done and performed by said Defendant by and through its duly

authorized agents, servants and employees, listed above, each of whom and all of whom were at all times mentioned herein acting within the course, purpose, and scope of their said agency, ostensible or actual, service and employment.

I.

### PLAINTIFF ISABELLA PALACIO, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM FACUNDO PALACIO DIAZ ALLEGES FOR A CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT AS FOLLOWS:

13. Plaintiff ISABELLA PALACIO repeats and repleads each and every allegation contained each of the foregoing paragraphs, and incorporates the same herein by reference.

14. At all times herein mentioned, and prior thereto, the Plaintiff was in the exclusive control of the Defendant, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendant obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

15. Prior to April 30, 2012, the date of ISABELLA PALACIO'S birth, and thereafter, MICAELA PALACIO employed Northeastern Rural Health Clinic, Inc., and its employees and agents, including, but not limited to Paul C. Davainis, M.D., and Paul W. Holmes, M.D., to diagnose and treat her condition of pregnancy and to do all things necessary for her care and the care of her baby, ISABELLA PALACIO, including, but not limited to, pre-delivery care, the delivery, and post-delivery care.

16. While minor Plaintiff ISABELLA PALACIO was under the sole and exclusive care and control of the Defendant, and each of them, Defendant and its agents and employees, negligently, carelessly and unskillfully selected various

hospitals and physicians and other health care providers, negligently delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff, including but not limited to severe neurological injuries and brain damage. Said acts of negligence include, but are not limited to the following negligent acts and omissions: Dr. Davanis, the attending obstetrician, failed to recognize obvious signs of fetal distress. The standard of care required an emergency cesarean section at least one hour before it was carried out. This failure caused the child to suffer in utero from hypoxia. She is severely brain damaged because she was not timely delivered. After the child was delivered Dr. Holmes negligently managed the resuscitation leading to exacerbation of the perinatal asphyxia and neonatal asphyxia.

17. As a legal result of the negligence of the Defendant, the minor Plaintiff was injured in health, strength and activity, sustaining severe shock, and injury to the body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity.

18. As a further legal result of the negligence of the Defendant and its agents and employees, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

19. As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical

attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

20.   As a further legal result of the negligence of the Defendant, Plaintiff will suffer a decreased earnings and earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

II.

**PLAINTIFF MICAELA PALACIO ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT AS FOLLOWS:**

21.   Plaintiff MICAELA PALACIO repeats and repleads each and every allegation contained in each of the preceding paragraphs and incorporates the same herein by reference.

22.   At all times herein mentioned, the Plaintiff was in the exclusive control of the said Defendant and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the said Defendant obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

23.   Prior to April 30, 2012, the date of ISABELLA PALACIO'S birth, and thereafter, MICAELA PALACIO employed said Defendant to diagnose and treat her condition of pregnancy and to do all things necessary for her care, including, but not limited to, pre-delivery care, the delivery and post-delivery care.

24.   While Plaintiff MICAELA PALACIO was under the sole and exclusive care and control of the said Defendant, Defendant, negligently, carelessly and unskillfully delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the Plaintiff herein, thereby

Law Offices
of
Bruce G. Fagel
&
Associates

G:\PALACIO-FEDERAL\PALACIO-FEDERAL-COMPLAINT.wpd

7
Complaint for Damages for Medical Malpractice

1  proximately causing injuries and damages to Plaintiff.

2  25.   As a legal result of the negligence of the Defendant, Plaintiff was injured in her health, strength and activity, sustaining severe shock, and injury to Plaintiff's body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity.

26.   As a further legal result of the negligence of the Defendant, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

27.   As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

28.   As a further legal result of the negligence of the Defendant, Plaintiff MICAELA PALACIO has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

III.

## PLAINTIFF MICAELA PALACIO ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT AS FOLLOWS:

29.   Plaintiff MICAELA PALACIO repeats and repleads each and every

allegation contained in the preceding paragraphs and incorporates the same herein by reference.

30. At all times herein mentioned, MICAELA PALACIO was the mother of ISABELLA PALACIO, the minor Plaintiff, and was and is under a duty to care for the minor child herein. Plaintiff MICAELA PALACIO employed said Defendant to care for and treat herself and her minor child, ISABELLA PALACIO during the pregnancy, labor and delivery.

31. At all times mentioned, said Defendant was under a legal duty to Plaintiff with respect to the care and treatment of the child, ISABELLA PALACIO while the child was a patient in the said clinic and under the care of the said health care providers, the agents and employees of Defendant. Said Defendant treated and cared for both the minor and MICAELA PALACIO during the labor and delivery of MICAELA PALACIO and thereafter.

32. At all times mentioned, there existed a close relationship between Plaintiff MICAELA PALACIO and ISABELLA PALACIO namely, mother and child, and said Defendant was aware of this close relationship when it agreed to care for the child. It was foreseeable that Plaintiff MICAELA PALACIO would be damaged directly by negligent acts or omissions to act and committed upon the child. Said Defendant was aware that Plaintiff MICAELA PALACIO was concerned about the physical well being of her child when Defendant agreed to treat both the child and mother.

33. It was reasonably foreseeable and easily predictable that any acts of negligence by the Defendant or its agents or employees that would injure the child would lead to serious emotional distress in Plaintiff MICAELA PALACIO. Because the risk of harm to the Plaintiff was reasonably foreseeable and easily predictable, Defendant owed Plaintiff a duty to exercise due care in diagnosing, caring for, and treating Plaintiff's child, ISABELLA PALACIO. This is especially true as Defendant agreed to and did treat both MICAELA PALACIO

Complaint for Damages for Medical Malpractice

and ISABELLA PALACIO at the same time.

34. Said Defendant in disregard of the probability that its actions would cause severe emotional distress, in failing to provide the necessary medical treatment to Plaintiff MICAELA PALACIO and her child, caused Plaintiff MICAELA PALACIO severe emotional distress arising from the abnormal event of participating in a negligent delivery and reacting to the tragic outcome with fright nervousness and shock, grief, anxiety, worry, mortification, shock, humiliation and indignity.

35. These damages for emotional distress accrued separately, and at separate times and upon different facts, from Plaintiff MICAELA PALACIO's previous cause of action for negligence from which she suffered physical injuries and pain and suffering during the negligently conducted labor and delivery.

36. As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

37. As a further legal result of the negligence of the Defendant, Plaintiff has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

38. By reason of the negligence of said Defendant and its employees and agents, Plaintiff MICAELA PALACIO suffered severe and serious emotional distress and shock and injury to her nervous system and body, all to her general damage in a sum within the jurisdiction of this Court and pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

WHEREFORE, Plaintiffs pray for damages against Defendant UNITED STATES OF AMERICA, as follows:

<u>I. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF ISABELLA PALACIO A MINOR:</u>

1. General damages, according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Costs of suit incurred herein, and
5. For such other and further relief as to the Court appears just and proper.

<u>II. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF MICAELA PALACIO:</u>

1. General damages, according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of past and future earning and earning capacity, according to proof;
4. Costs of suit incurred herein, and
5. For such other and further relief as to the Court appears just and proper.

<u>III. FOR THE CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FOR PLAINTIFF MICAELA PALACIO:</u>

1. General damages, according to proof;
2. Special damages, according to proof;
3. Costs of suit incurred herein, and
4. For such other and further relief as to the Court appears just and proper.

Law Offices of Bruce G. Fagel & Associates

G:\PALACIO-FEDERAL\PALACIO-FEDERAL-COMPLAINT.wpd

DATED: May 13, 2013

Law Offices of Bruce G. Fagel and Associates

By: _____
Bruce G. Fagel
Attorneys for Plaintiffs