1  BRUCE G. FAGEL, State Bar No. 103674
   EDUARDO J. ASCENCIO, State Bar No. 182061
2  Law Offices of Bruce G. Fagel
   and Associates
3  100 North Crescent Drive, Suite 360
   Beverly Hills, California 90210
4  Telephone No. (310) 281-8700
   Facsimile No. (310) 281-5656
5
6  Attorneys for Plaintiffs

7

8
                  UNITED STATES DISTRICT COURT
9
                 EASTERN DISTRICT OF CALIFORNIA
10

11
   I.P., a MINOR, by and through her        Case No. 2:13-CV-02013 JAM-CKD
12 guardian ad litem, FACUNDO               (Consolidated with 2:13-CV-01012
   PALACIO DIAZ, MICAELA PALACIO,           JAM-CKD)
13
        Plaintiffs,                         PLAINTIFFS' MOTION TO EXCLUDE
14                                          EXPERTS' COST COMPARISON AND
   vs.                                      LIFE CARE PLANS, AND ECONOMIC
15                                          REPORTS OF DEFENDANTS BANNER
   UNITED STATES OF AMERICA,                HEALTH dba BANNER LASSEN MEDICAL
16                                          CENTER AND UNITED STATES
        Defendant.
17 _____         Hon. Carolyn K. Delaney
   ISABELLA PALACIO, A MINOR, BY AND        United States Magistrate Judge
18 THROUGH HER GUARDIAN AD LITEM,           Sacramento, California
   FAGUNDO PALACIO, MICAELA
19 PALACIO, FACUNDO PALACIO DIAZ,           Date: October 29, 2014
                                            Time: 10:00 a.m.
20      Plaintiffs,                         Dept: 8th Floor, Courtroom #24

21 vs.                                      Trial Date: May 11, 2015
                                            Pre-Trial: March 13, 2015
22 BANNER HEALTH, AN ARIZONA
   CORPORATION, DOING BUSINESS AS           TELEPHONIC APPEARANCE IS REQUESTED BY
23 BANNER LASSEN MEDICAL CENTER,            COUNSEL FOR PLAINTIFF
   DOES 1-250, INCLUSIVE,
24
        Defendants.
25

26      To Defendant BANNER HEALTH, doing business as BANNER LASSEN

27 MEDICAL CENTER ("Defendant" or "Hospital") and its Attorneys of

28 Record, Schuering Zimmerman and Doyle:

                                    1
   _____
              Plaintiffs' Motion to Exclude Expert Reports

1    PLEASE TAKE NOTICE that on Wednesday, October 29, 2014, at 10:00

2  a.m., or as soon thereafter as counsel may be heard, in the above-

3  entitled Court, located at the Robert T. Matsui Courthouse, 501 I

4  Street, Sacramento, California, in Courtroom #24, before United States

5  Magistrate Judge Carolyn K. Delaney, Plaintiffs I.P., a MINOR, by and

6  through her guardian ad litem, and MICAELA PALACIO ("Plaintiffs"),

7  will move the Court, pursuant to the *Federal Rules of Civil Procedure §*

8  *26(a)(2)* and *§ 37(c)(1)*, for an order:

9    <u>As to Defendant Banner Health</u>:

10    (1) Excluding the Life Care Plan report (39 pages), and (2) the

11  Cost Comparison report (21 pages), authored by the Defendant

12  Hospital's Retained Expert Nurse LINDA OLZACK and any expert testimony

13  concerning those reports.

14    These expert damage reports concerning the child's medical

15  needs, were served upon the Plaintiffs as an attachment in the

16  Hospital's <u>Supplemental</u> Disclosure of Expert Witnesses on September 4,

17  2014, for the first time, rather than in the Hospital's initial

18  Disclosure of Expert Witnesses as required by *F.R.C.P* § 26(a)(2)(B)[1] on

19  

20    [1] FRCP 26 (a)

21  *(2) Disclosure of Expert Testimony.*

22  (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a
    party must disclose to the other parties the identity of any witness it may use
23  at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

24  (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated
    or ordered by the court, this disclosure <u>must</u> be accompanied by a <u>written</u>
25  <u>report</u>—prepared and signed by the witness—if the witness is one retained or
    specially employed to provide expert testimony in the case or one whose duties
26  as the party's employee regularly involve giving expert testimony. The report
    must contain:
27  (I) a complete statement of all opinions the witness will express and the
    basis and reasons for them;
28  (ii) the facts or data considered by the witness in forming them . . .(Emphasis

Plaintiffs' Motion to Exclude Expert Reports

1  July 9, 2014. Nurse OLZACK was designated as an expert witness in the

2  Hospital's initial designation, but no report was provided.

3        Plaintiff also moves the Court, pursuant to *Federal Rules of Civil*

4  *Procedure* § 26(a)(2)(B) and § 37(c)(1)[2], for an order (2) excluding the

5  Economic Damage Report (54 pages) authored by the Hospital's

6  designated expert CONSTANTINE M. BOUKIDIS. This Expert Report

7  concerns the Plaintiff's economic damages.

8        This economic report was also served upon the Plaintiffs as an

9  attachment in the Hospital's Supplemental Disclosure of Expert

10 Witnesses on September 4, 2014, for the first time, rather than in the

11 Hospital's initial Disclosure of Expert Witnesses as required by

12 F.R.C.P § 26(a)(2) on July 9, 2014. Economist BOUKIDIS was designated

13 as an expert witness in the Hospital's initial designation, but no

14 report was provided.

15 <u>As to Defendant United States</u>:

16       (1) Excluding the 28 page Life Care Plan of the United States

17 Retained Expert Tim Sells on the same grounds as stated above. (2)

18 Excluding the Economic Report of Cohen /Volk which is in excess of 96

19 _____

20 added).

21

22       [2] FRCP 37© Failure to Disclose, to Supplement an Earlier Response, or to
   Admit.
23 (1) Failure to Disclose or Supplement. If a party fails to provide
   information or identify a witness as required by Rule 26(a) or (e), the party
24 is not allowed to use that information or witness to supply evidence on a
   motion, at a hearing, or at a trial, unless the failure was substantially
25 justified or is harmless. In addition to or instead of this sanction, the
   court, on motion and after giving an opportunity to be heard:
26 (A) may order payment of the reasonable expenses, including attorney's fees,
   caused by the failure;
27 (B) may inform the jury of the party's failure; and
   © may impose other appropriate sanctions, including any of the orders listed
28 in Rule 37(b)(2)(A)(i)−(vi).

Plaintiffs' Motion to Exclude Expert Reports

1   pages, on the same grounds as stated above.

2       The United States' Life Care Plan and Economic report were also

3   served upon the Plaintiffs as an attachment in the United States'

4   Supplemental Disclosure of Expert Witnesses on September 4, 2014, for

5   the first time, rather than in their initial Disclosure of Expert

6   Witnesses as required by F.R.C.P § 26(a)(2) on July 9, 2014. Both Tim

7   Sells and the Economist firm of Cohen /Volk

8   were designated as an expert witness in the United States' initial

9   designation, but no reports were provided.

10        <u>A. Background</u>

11       This is a Federal Tort Claims Action by the minor Plaintiff, I.P.

12   born x/xx/2012, at Lassen Medical Center against the Defendant, United

13   States, for alleged negligence and medical malpractice for injuries

14   sustained during her mother's pregnancy, and her pre-natal, labor and

15   the birth and delivery process by nurses and employees at Banner Lassen

16   Medical Center, and by federal employees Paul Davanis MD, and Paul W.

17   Holmes, MD, resulting in severe neurological injuries and brain

18   damage. (Ascencio declaration ¶ 3)

19       •The United States of America removed from the Lassen Superior

20   Court the state action which included defendant Banner Health, an

21   Arizona Corporation d/b/a Banner Lassen Medical Center, and the two

22   actions were consolidated as related cases. (Ascencio Declaration ¶ 3)

23       •A pre-trial scheduling order was entered on October 10, 2013,

24   which requires discovery to be completed by November 5, 2014, and expert

25   disclosures to be made by July 9, 2014. The parties agreed that all fact

26   discovery would be completed by June 4, 2014.

27       • On July 9, 2014, the Plaintiffs and both defendants ( United

28   States and Banner Lassen Medical Center) exchanged expert

Plaintiffs' Motion to Exclude Expert Reports

1  designations. Plaintiff designated Nurse Karen Preston as their

2  designated Life Care Expert. Plaintiffs included in their initial

3  designation her written Life Care Plan pertaining to the future medical

4  needs of the minor plaintiff.

5      Plaintiffs also designated as their Economist Peter Formuzis,

6  Ph.D., and included in their initial designation his economic report.

7      B. Defendants Failed to Timely Provide Their Economic

8         and Medical Life Care Plans In their Expert Disclosre to

9         Plaintiffs' Prejudice. Such Reports Are Improper As

10        Supplemental Disclosures

11     Plaintiffs included in their designation of experts, the life

12  care plan of their designated expert life care planner Karen Preston.

13  Plaintiffs also included in their designation of experts the economic

14  report concerning the life care plan by their designated economic

15  expert Peter Formuzis.

16     Both defendants designated experts in life-care planning and in

17  economics to testify as to the minor plaintiff's damages. They did not

18  include reports as required by Rule 26, but rather stated in their

19  designation that they would prepare reports after they reviewed the

20  plaintiffs reports. Defendants subsequently, provided those reports,

21  not as required by Rule 26 in their initial designation, but as

22  "supplemental" reports. There is no exception contained in Rule 26 that

23  provides that Economic Reports or Life Care Plans are not to be provided

24  in the initial disclosure.

25     It should be noted that Plaintiffs designated 9 physicians as

26  designated medical experts in in various specialty fields. Plaintiffs

27  included their written reports as required by Rule 26 in their initial

28  designation. Plaintiff designated medical experts in the specialty

1  fields of Radiology, Obstetrics & Gynecology, Pediatrics, Pediatric

2  Rehabilitation, Neuroradiology, Neurology, Neonatal Medicine,

3  Maternal Fetal Medicine, as well as a Nursing Expert, a Life Care

4  Planner and an Economist.

5      Defendant United States designated 11 physician experts and

6  included their reports in their initial designation. These physicians

7  are experts in the fields of Physical Medicine, Life Expectancy,

8  Gynecology and Obstetrics, Pediatrics and Fetal Medicine, Family

9  Medicine, Radiology and Neuroradiology, Neurology.

10     Defendant Lassen Medical Center designated 4 physician experts

11  and included their reports in their initial designation. These

12  physician experts specialize in Maternal-Fetal Medicine, Neonatology,

13  Life Expectancy and Pediatric Physical Medicine and Rehabilitation.

14      There is no difference between the medical reports and the life

15  care reports. There is no valid reason that such reports be deferred

16  until defendants review the Plaintiffs' life care plan and economic

17  report. Defendants did not defer their medical expert reports until

18  they had reviewed the Plaintiffs' medical experts report. There was a

19  simultaneous exchange.

20      Defendants apparently had no problem with preparing reports with

21  respect to all the complex medical issues and standard of care and

22  causation testimony and life expectancy issues in their initial

23  designation, even though the Plaintiffs bear the burden of proof on

24  those issues. It follows that the Defendants did not need to first see

25  and review the plaintiffs Life Care Plan and Economic Report in order to

26  prepare their own plans and reports.

27      Rule 26(e) provides for supplementing disclosures. Such

28  supplements are 'only for the narrow purpose of correcting

1    inaccuracies or adding information that was not available at the time

2    of the initial report.' *Sancom, Inc. v. Qwest Communications Corp.*

3    (D SD 2010) 683 F.Supp.2d 1043, 1062-1063.

4         The purpose of supplementary disclosures is just that--to

5    supplement earlier disclosures regarding the designated experts.

6    Designating a new expert or new opinions after the disclosure

7    deadline is not allowed as a 'supplemental' disclosure.

8    *Metro Ford Truck Sales, Inc. v. Ford Motor Co*. (5th Cir. 1998) 145

9    F.3d 320, 324, holding the testimony of late-designated expert

10   properly excluded; Cf. *Keener v. United States* (D MT 1998) 181 F.R.D.

11   639, 642 where expert limited to opinions expressed in initial

12   disclosure and precluded from testifying on other matters set forth in

13   'supplemental' disclosure; Similarly, *Beller ex rel. Beller v. United*

14   *States* (D NM 2003) 221 F.R.D. 696, at pp. 701-702 states that Rule 26(e)

15   does not give license to 'sandbag' one's opponent with with claims and

16   issues that should have been included in the expert witness' original

17   report.

18        C. Defendants Possessed Sufficient Information to Prepare

19        Life Care Plans and Economic Reports In Their Initial

20        Disclosure. Defendants Physically Examined the Minor

21        With All of their Relevant Experts Present at the Examination

22        Attached to the United States initial disclosure of experts is a

23   letter dated July 8, 2014, from their designated medical expert Dr.

24   Capell who is a Physical Medicine and Rehabilitation Physician. Dr.

25   Capell states in this letter to the United States Attorney that he

26   examined the minor plaintiff in his office a month earlier.

27        "*Attending this examination were both of Isabella's parents*

28        *as well as plaintiff's counsel. Also present were Mr. Tim Sells,*

7

*a Life Care planner retained by your office, and Ms. Linda Olzack a nurse and life care planner retained by other defense counsel. Also, present was Dr. Kimberly Bedell, a children's rehabilitation physician . . . retained by alternate defense counsel."*

————————

The child was examined by the United States' Physical Medicine expert in rehabilitation. Banner Lassen Medical Center's physician rehabilitation expert was present along with both life care planners for the Defendants. Thus, the defendants had all the necessary personnel to prepare their life care plan and economic report concerning that life care plan in their own hands well before the initial disclosure, which required, under Rule 26, both the disclosure of the experts names, and also their reports. These reports were not made available or at all, and supplementally disclosing them, is improper and as the court stated above "sand bagging" their opponent. Their was thus no need to first review the Plaintiffs' life care plan and economic reports before preparing their own reports.

The prejudice to the Plaintiffs is apparent. FRCP 26 requires the parties to submit all reports and writings by the retained expert with the initial designation. FRCP then provides a mechanism for rebuttal. Plaintiffs cannot rebut information that is not initially provided. However, the defense was able to handily rebut Plaintiffs' experts' reports, including the Plaintiffs' life care plan and economic reports. Indeed, Defendants were able to perform analyses of all of Plaintiffs' reports submitted during the initial designation but Plaintiffs were deprived of that right. There is neither a sur-rebuttal provision in the statute nor in the Court's order. Plaintiffs and their experts have, therefore, been deprived of the ability to rebut and

1   opine on the opposing life care plan and economic reports which is the

2   purpose of a complete, thorough initial disclosure process.

3        Wherefore, Plaintiffs respectfully move the court to exclude the

4   economic and life care plan reports, and any testimony concerning these

5   reports from both defendants.

6   Dated: September 18, 2014

7                             Respectfully submitted,

8                             /s/ Eduardo J. Ascencio

9                             EDUARDO J. ASCENCIO
                          LAW OFFICES OF BRUCE G. FAGEL

10                            & ASSOCIATES
                          Attorneys for Plaintiffs

1   <u>DECLARATION OF EDUARDO J. ASCENCIO IN SUPPORT OF PLAINTIFFS'</u>

2   <u>MOTION TO EXCLUDE EXPERT REPORTS AND TESTIMONY</u>

3   I, Eduardo J. Ascencio, hereby declare as follows:

4   1.   All of the information set forth in this Declaration is based

5   upon my personal knowledge, except as to those matters stated on

6   information and belief. If called as a witness, I could, and would,

7   testify competently to the following.

8   2.   I am an attorney at law licensed to practice in all of the

9   courts of the State of California and in the United States District

10   Court for the Eastern District of California. I am associated with the

11   Law Offices of Bruce G. Fagel and Associates, attorneys of record for

12   Plaintiffs.

13   3.   This is a Federal Tort Claims Action by the minor Plaintiff,

14   I.P., born x/xx/2012, at Banner Lassen Medical Center against the

15   Defendant, United States of America, for alleged negligence and

16   medical malpractice for injuries sustained during her mother's labor

17   and delivery process by nurses and employees at Banner Lassen Medical

18   Center, and by federal employees, Paul Davanis MD, and Paul W. Holmes,

19   MD, resulting in severe neurological injuries and brain damage.

20   Plaintiff I.P.'s parents, Facundo and Micaela Palacio, each have their

21   separate claims.

22   The United States of America removed the State Action from the

23   Lassen Superior Court and this action included Defendant Banner

24   Health, an Arizona Corporation d/b/a Banner Lassen Medical Center. The

25   two actions were consolidated as related cases in Federal Court.

26   discovery would be completed by June 4, 2014.

27   • On July 9, 2014, the Plaintiffs and both defendants ( United

28   States and Banner Lassen Medical Center) exchanged expert

1  designations. Plaintiff designated Nurse Karen Preston as their

2  designated Life Care Expert. Plaintiffs included in their initial

3  designation her written Life Care Plan pertaining to the future medical

4  needs of the minor plaintiff.

5      Plaintiffs also designated as their Economist Peter Formuzis,

6  Ph.D., and included in their initial designation his economic report

7      I declare under penalty of perjury under the laws of the State of

8  CA that the foregoing is true and correct. Executed this 19th day of

9  September, 2014, at Beverly Hills, CA.

10

11                    /S/ Eduardo J. Ascencio