BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO.  2:13-CV-01012 JAM-CKD<br><br>**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO EXCLUDE PLAINTIFFS' EXPERTS DR. ALBERT J. PHILLIPS AND DR. FRANK A. MANNING AND STRIKE THEIR REPORTS**<br><br>Date: October 29, 2014<br>Time: 10:00 a.m.<br>Judge: Honorable Carolyn K. Delaney<br>Crtrm: 24, 8th Floor |
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                    Plaintiffs,<br>vs.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, doing business as BANNER LASSEN MEDICAL CENTER; DOES 100-200,<br><br>                    Defendants. | |

## I. INTRODUCTION

Plaintiffs I.P. and Micaela Palacio sued the United States under the Federal Tort Claims Act (the "FTCA") alleging medical malpractice by family medicine practitioners Dr. Paul Davainis and Dr. Paul Holmes in connection with I.P.'s birth. In this motion, the United States seeks to strike the expert reports of Plaintiffs' experts Dr. Frank A. Manning and Dr. Albert J. Phillips and to exclude any testimony by these experts for three reasons. First, the Manning and Phillips expert reports are nearly identical, with only a few substantive sentences distinguishing one report from the other. And these matched reports in turn duplicate large swaths of another report for Dr. Richard H. Paul. This renders the Manning and Phillips reports unnecessarily cumulative. Second, the verbatim similarities between the two reports (and between them and Paul's third report) demonstrate that Manning and Phillips did not prepare their reports as required by Rule 26(a)(2)(B). This deficiency triggers Rule 37(c)(1)'s automatic exclusion sanction because it is not substantially justified or harmless. Finally, Manning and Phillips' failure to prepare their own reports shows a lack of independence that renders their opinions unreliable. This unreliability means that the Court should exclude the opinions as failing to meet the requirements of Federal Rule of Evidence 702 and *Daubert*.[1] For these three independently adequate reasons, the Court should strike the Manning and Phillips reports and preclude them both from testifying.

This motion is scheduled for hearing on October 29, 2014, the same date as Plaintiffs' motion to exclude the United States' responsive obstetrics, maternal fetal medicine, and fetal heart rate monitoring expert (Dr. Michael Nageotte). Dkt. 35. The United States brings its motion for the same hearing date to conserve resources for the Court and the parties by having related issues decided at the same time.[2]

## II. BACKGROUND

Plaintiffs' initial expert disclosures for this case included a report from Dr. Richard H. Paul,

---

[1] The United States reserves its rights to challenge on other grounds any testimony that Plaintiffs may later proffer from doctors Manning, Phillips, and/or Paul.

[2] Also set for hearing on October 29 are Plaintiffs' motion to exclude the United States' and co-defendant Banner's damages experts (life care planning and economists) and the United States' motion to exclude one of Plaintiffs' life expectancy experts.

specializing in Obstetrics and Gynecology and Maternal-Fetal Medicine (the branch of obstetrics that focuses on the medical and surgical management of high-risk pregnancies).[3]  Victoria L. Boesch Decl. Ex. A (Paul Report) ¶2.  Paul's report states that he has published extensively on fetal heart rate interpretation and that he is an expert on that subject.  *Id.*  Plaintiffs' initial expert disclosures also included reports from Dr. Frank A. Manning, specializing in Obstetrics and Gynecology and Maternal-Fetal Medicine, and Dr. Albert J. Phillips, specializing in Obstetrics and Gynecology.  Boesch Decl. Ex. B (Manning Report) ¶2, Ex. C (Phillips Report) ¶¶3-4.

All three doctors opined on the same three topics — (1) whether family practitioner Dr. Davainis' care during I.P.'s labor and delivery met the standard of care, (2) whether Banner Lassen Medical Center's nursing staff's care met the standard of care, and (3) whether violations of the standard of care caused injury to I.P.  Boesch Decl. Ex. A (Paul Report) ¶26, Ex. B (Manning Report) ¶28, Ex. C (Phillips Report) ¶28.  In addition, each opined that "Mrs. Palacio's prenatal course was uncomplicated and normal."  Boesch Decl. Ex. A (Paul Report) ¶26D line 12, Ex. B (Manning Report) ¶28C lines 8-9, Ex. C (Phillips Report) ¶28C lines 6-7.

With the exception of early paragraphs describing the doctor's education and experience, Phillips' and Manning's reports are nearly identical.  Paragraphs 8 through 28D of their reports contain the same language *verbatim* but for a few sentences.  *See* Boesch Decl. Exs. B & C (Manning and Phillips reports with identical language highlighted).  So Manning and Phillips offer the same opinions, except that Phillips also opines that the standard of care required Banner's nursing staff to access their chain of command.  Boesch Decl. Ex. C (Phillips Report) ¶ 28B lines 23-27.

Paul's report also includes significant duplication of Phillips' and Manning's reports, though it does contain some unique text.  With the exception of approximately 15 to 20 sentences, the non-introductory portion of Paul's report largely matches word-for-word Phillips' and Manning's reports.  *See* Boesch Decl. Ex. A (Paul's report with matching language highlighted).  And Phillips' chain-of-command opinion, with only slightly different wording, also appears in Paul's report.  *Compare* Boesch Decl. Ex. C (Phillips Report) ¶ 28B lines 23-27 *with id.* Ex. A (Paul Report) ¶26B lines 26-28, 1.

---

[3] Obstetricians who practice maternal-fetal medicine are also known as perinatologists.

1     In its initial expert disclosures, the United States disclosed a report from Dr. Maurice Druzin, a specialist in Obstetrics and Gynecology and Maternal Fetal Medicine, analyzing Dr. Davainis' care. Boesch Decl. Ex. D (Druzin Report), Ex. E (Druzin CV).  It also disclosed a report from Dr. Daljeet S. Rai, a family medical practitioner who practices and teaches obstetrics and performs cesarean-section surgery, addressing Dr. Davainis' care from a family medical practitioner's perspective. Boesch Decl. Ex. F (Rai Report), Ex. G (Rai CV).  Because Dr. Davainis practices family medicine, such a perspective sheds important light on the circumstances under which he practices.  *See Avivi v. Centro Medico Urgente Med. Ctr.*, 159 Cal. App. 4th 463, 470–71 (2008) ("[T]he standard of care for physicians is the reasonable degree of skill, knowledge and care ordinarily possessed and exercised by members of the medical profession *under similar circumstances*.") (emphasis added).  After receiving Plaintiffs' expert disclosures, the United States responded to them by also designating Dr. Michael P. Nageotte, an Obstetrics and Gynecology and Maternal Fetal Medicine specialist who (like Plaintiffs' expert Paul) has published extensively on fetal heart rate monitoring.  Boesch Decl. Ex. H (Nageotte Report), Ex. I (Nageotte CV) at 1, 5-7.

Plaintiffs' initial expert disclosures also included a labor and delivery nurse report opining on whether Banner's nurses' care met the standard of care.  Boesch Decl. Ex. J (Mahlmeister Report).  Co-defendant Banner's initial expert disclosures included reports analyzing the nurses' care by a registered nurse (Tracy Weeber) and by an OB/GYN and Maternal Fetal Medicine specialist (Dr. Michael Ross). *Id.* Ex. K (Weeber Report), Ex. L (Ross Report).

### III.   ANALYSIS

The United States moves to strike the Manning and Phillips expert reports because (1) they are cumulative of each other and of Paul's report, (2) they are deficient under Rule 26 because their near-identical text makes clear that the doctors did not write their reports, and (3) the doctors' failure to prepare their own opinions renders their testimony unreliable.  Accordingly, the Court should strike the Manning and Phillips reports and exclude their testimony.  Doing so will not unduly prejudice Plaintiffs because their third expert Paul opines on all of the same topics as Manning and Phillips.

///

///

### A. The Manning and Phillips reports are cumulative of each other and Paul's report because they contain the same opinions.

District courts have broad discretion to exclude cumulative expert opinions under Federal Rule of Evidence 403. *United States v. Alisal Water Corp.*, 431 F.3d 643, 659-60 (9th Cir. 2005) (affirming district court's exclusion of cumulative expert whose proffered testimony was not "new or different" from that of another expert); *Davis v. Mason County*, 927 F.2d 1473, 1484 (9th Cir. 1991) (affirming exclusion of expert as cumulative where expert would testify on the "same topic" as another expert), *overruled on other grounds by Davis v. City & County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992).

Here, the substantive portions of Manning's report duplicate almost exactly the substantive provisions in Phillips' report. *Compare* Boesch Decl. Ex. B (Manning Report) *with id.* Ex. C (Phillips Report). And Phillips' additional opinion duplicates a chain-of-command opinion offered by Paul. *Compare* Boesch Decl. Ex. C (Phillips Report) ¶ 28B lines 23-27 *with id.* Ex. A (Paul Report) ¶26B lines 26-28, 1. The Manning and Phillips reports also share substantial identical text with Paul's report, though a scattering of Paul's sentences differ from the other two reports. *Compare* Boesch Decl. Ex. B & C (Manning and Phillips Reports) *with id.* Ex. A (Paul Report). In addition, Paul is the only of the three who offers a unique opinion — his fetal scalp electrode opinion. Boesch Decl. Ex. A (Paul Report) ¶26C.

This overwhelming duplication justifies excluding testimony by Manning and Phillips because such unnecessarily cumulative evidence will not help the trier of fact and will waste time. *See* Fed. R. Evid. 702, 403; *In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996) ("a court is free to exclude *any* expert testimony, including the testimony of an announced expert, if the testimony is cumulative or redundant under Fed. R. Evid. 403"); *Upsher-Smith Labs, Inc. v. Mylan Labs, Inc.*, 944 F. Supp. 1411, 1440 (D. Minn. 1996) (excluding cumulative expert testimony because permitting "repetitious opinion testimony" would "impermissibly delay the just, speedy and inexpensive resolution" of the action). Moreover, a party should not be allowed "to make its case through the sheer weight of successive expert testimony by even two experts as to their identical conclusions on identical issues, let alone th[rough] three experts." *United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995); *see also Washington v. Greenfield*, 1986 WL 15758, at *1-*2 (D.D.C. Oct. 15, 1986) (striking two of four medical experts as

cumulative where two pairs offered the same or very similar testimony).

Though testimony by different experts on the same topic may be justified when their qualifications differ significantly, that is not the case here. Manning, Phillips, and Paul are all Board certified in Obstetrics and Gynecology. Manning and Paul are also Board certified in Maternal Fetal Medicine (focusing on the medical and surgical management of high-risk pregnancies). Paul has also published extensively on fetal heart rate monitor interpretation. Manning and Phillips' qualifications thus overlap with those of Paul. Given this, and given the near complete overlap between Manning and Phillips' reports, the Court should strike those reports and exclude testimony based on them because they are unnecessarily duplicative and would result in "needless presentation of cumulative evidence." Fed. Rule of Evid. 403.

**B.      The Court should strike the Manning and Phillips reports because they do not comply with Rule 26, which requires experts to prepare their reports.**

Federal Rule of Civil Procedure 26 requires that an expert witness prepare his report. Fed. R. Civ. P. 26(a)(2)(B). But the nearly identical Manning and Phillips reports (and their substantial similarity to Paul's report) demonstrate that counsel ghost-wrote those reports. Such preparing an expert's opinion "from whole cloth" conflicts with Rule 26(a)(2)(B)'s requirement that the expert prepare the report. *Manning v. Crockett*, 1999 WL 342715, at *3(N.D. Ill. 1999). "Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Id.* Though Rule 26's advisory committee notes indicate that an attorney may help draft the report, they do not allow an attorney to ghost-write the report. *Id.*; *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 2014 WL 1744848, at *6 (E.D. Ky. April 30, 2014). Here, the "undeniable substantial similarities" between the Manning and Phillips reports show that "counsel's participation so exceeded the bounds of legitimate 'assistance' as to negate the possibility that [they] actually prepared [their] own report[s] within the meaning of Rule 26(a)(2)." *In re Jackson Nat. Life Ins. Co. Premium Litig.*, 2000 WL 33654070, at *1 (W.D. Mich. Feb. 8, 2000).

The Court should therefore strike the Manning and Phillips reports because they violate Rule 26(a)(2)(B). That violation trigger Rule 37(c)(1)'s automatic and self-executing sanction because those deficient reports were not substantially justified and not harmless. Fed. R. Civ. P. 37(c)(1). Rule

37(c)(1) "gives teeth to [Rule 26(a)'s] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Svcs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  As the party facing the sanction, Plaintiffs have the burden of proving that their deficient reports were substantially justified or harmless.  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

      C.      **Testimony based on Manning's and Phillips' ghost-written reports is unreliable and should be excluded.**

The duplicative and nearly identical Manning and Phillips reports demonstrate both experts' lack of independence, rendering their testimony unreliable.  This means that their testimony should be excluded as failing to meet the requirements of Federal Rule of Evidence 702 and *Daubert*.

When an expert report expresses opinions written entirely by someone else, that expert cannot satisfy the Rule 702 and *Daubert* requirement that the report be based on the expert's own valid reasoning and methodology.  *See* Fed. R. Evid. 702 ("a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) *the witness has applied the principles and methods reliably to the facts of the case*.") (emphasis added).  Here, the witnesses' failure to prepare their own reports demonstrates that they did not do their own analysis.  Such parroted testimony cannot reliably assist the trier of fact.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993) (Rule 702 permits expert testimony on the "assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline" and so a court must assess proffered expert testimony to determine whether it will assist the trier of fact).  An expert lacking the independence to prepare his own report and form his own opinions lacks the required credibility to be of any assistance to the trier of fact.  *Scatuorchio Racing Stable*, 2014 WL 1744848, at *7-8.

/////

/////

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the Manning and Phillips reports and exclude any testimony by those experts.

Respectfully submitted,

Dated: October 8, 2014

BENJAMIN B. WAGNER
United States Attorney

*/s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

Attorneys for Defendant United States