1  BRUCE G. FAGEL, State Bar No. 103674
   EDUARDO J. ASCENCIO, State Bar No. 182061
2  Law Offices of Bruce G. Fagel
   & Associates
3  100 North Crescent Drive, Suite 360
   Beverly Hills, California 90210
4  Tel: (310) 281-8700
   Fax: (310) 281-5656
5  brucefagel@fagellaw.com
   eduardoascencio@fagellaw.com
6
   Attorneys for Plaintiffs
7

8
                   UNITED STATES DISTRICT COURT
9
                 EASTERN DISTRICT OF CALIFORNIA
10

11  I.P., a MINOR, by and through her       Case No. 2:13-CV-01012 JAM-CKD
12  guardian ad litem, FACUNDO
    PALACIO DIAZ, MICAELA PALACIO,           [Consolidated with 2:13-CV-02013
13                                           JAM-CKD]
          Plaintiffs,
14                                           PLAINTIFFS' OPPOSITION TO
    vs.                                      MOTION OF UNITED STATES TO
15                                           EXCLUDE PLAINTIFFS' EXPERTS
    UNITED STATES OF AMERICA,                ALBERT J. PHILLIPS, M.D., AND
16                                           FRANK A. MANNING, M.D.;
          Defendant.                         MEMORANDUM OF POINTS AND
17                                           AUTHORITIES IN SUPPORT THEREOF
    I.P, A MINOR, BY AND THROUGH HER
18  GUARDIAN AD LITEM, FAGUNDO              Date:  November 19, 2014
    PALACIO, MICAELA PALACIO,              Time:  9:30 a.m
19  FACUNDO PALACIO DIAZ,                  Judge: Hon. John A. Mendez
                                           Crtrm: 6, 14t[th] Floor
20        Plaintiffs,

21  vs.

22  BANNER HEALTH, AN ARIZONA
    CORPORATION, DOING BUSINESS AS
23  BANNER LASSEN MEDICAL CENTER,
    DOES 1-250, INCLUSIVE,
24
          Defendants.
25

26        Plaintiffs I.P., a MINOR, by and through her guardian ad litem and

27  FACUNDO PALACIO DIAZ and MICAELA PALACIO ("Plaintiffs"), oppose the

28  Motion of Defendant UNITED STATES OF AMERICA, and the Joinder in the

                                    1

1   motion by Defendant and Cross-Defendant BANNER HEALTH dba BANNER

2   LASSEN MEDICAL CENTER ("Defendants"), to exclude the Plaintiffs'

3   experts ALBERT J. PHILLIPS, M.D., and FRANK A. MANNING, M.D., and their

4   expert reports. Defendant United States argues (1) their nearly

5   identical reports duplicate large portions of the report of Dr. Richard

6   H. Paul, M.D., and are therefore necessarily cumulative; and (2) the

7   verbatim similarities between the two reports demonstrate that Manning

8   and Phillips did not prepare their reports as required by Rule

9   26(a)(2)(B) and make them unreliable. (Page 2 of Defendant United

10  States' Motion).

11      Plaintiffs' Opposition will be based on this Notice of

12  Opposition, the accompanying Memorandum of Points and Authorities,

13  the Declaration of Bruce G. Fagel, attorney for Plaintiff, which

14  includes the Report of Dr. Manning dated June 26, 2014 (Exhibit "A"),

15  and the Report of Dr. Phillips Dated June 27, 2014 (Exhibit "B"), and

16  Report of Richard H. Paul, M.D., (Exhibit "C"), a letter from

17  Plaintiffs' Counsel to the Assistant United States Attorney, dated

18  October 6, 2014 (Exhibit "D"), and such other and further evidence,

19  oral or documentary, as may be presented at the hearing of the Motion.

20  Dated: November 5, 2014

21                                  Respectfully submitted

22                                  LAW OFFICES OF BRUCE G. FAGEL

23

24                                  /s/ Bruce G. Fagel
                                    BRUCE G. FAGEL
25                                  Attorneys for Plaintiffs

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

**A. Defendant United States Designated Two (2) Obstetrical Experts In its Designation of Experts**

Defendant United States on July 9, 2014, designated Dr. Maurice Druzin as its obstetrical expert in the original expert designation.

Dr. Druzin is Professor of Gynecology and Obstetrics in the Department of Gynecology and Obstetrics at Stanford University. "His area of expertise is Gynecology and Obstetrics and Maternal Fetal Medicine."

The United States also designated Dr. Daljeet S. Rai. Dr. Rai is the Chairperson, Department of Family Medicine O'Conner Hospital. "His area of expertise is family medicine, with an emphasis on obstetrics."

**B: Defendant United States Designated One (1) Additional Obstetrical Expert in its Supplemental Designation**

The United States also supplementally designated Michael P. Nageotte M.D., as an obstetrical expert. Dr. Nageotte is the Program Director, Maternal/Fetal, Graduate Medical Education Obstetrician at the Women's Hospital, Long Beach Memorial Medical Center. "His area of expertise is Obstetrics and Gynecology and Maternal Fetal Medicine, with particular expertise in fetal heart rate monitoring."

**C: Defendant Banner Lassen Medical Center Designated One (1) Obstetrical Expert in its Expert Designation**

Banner Lassen Medical Center designated obstetrical expert Michael Ross, M.D., of Harbor UCLA Medical Center. Dr. Ross is a "maternal fetal" medicine specialist.

//

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips

1  **D. Plaintiffs Designated Three (3) Obstetrical Experts In their**
2  **Designation of Experts. Plaintiffs designated none in their**
3  **Supplemental Designation**

4  In their Designation of Experts, Plaintiffs on July 9, 2014,
5  designated Frank Manning, M.D., as an obstetrical expert. Dr.
6  Manning's speciality is Obstetrics and Gynecology and Maternal-Fetal
7  Medicine.

8  Plaintiffs also designated Albert Phillips, M.D., whose
9  speciality is Gynecology and Obstetrics. Plaintiffs also designated
10 Richard Paul, M.D., who is a Maternal-Fetal Medicine specialist.

11  _____

12  Thus, Defendants have designated four( 4) obstetrical experts to
13  the Plaintiffs' three (3) obstetrical experts.

14  **E. Plaintiffs' Pending Motions to Exclude Expert Reports**
15  **and Testimony**

16  Plaintiffs have pending a motion to exclude the Life Care Plan
17  report and the Cost Comparison report authored by the Defendant
18  Hospital's retained expert Nurse, LINDA OLZACK, and any expert
19  testimony concerning those reports.

20  Although Nurse Olzack was named as an expert in the initial
21  designation of experts by the Hospital, no report by Nurse OLZACK was
22  included as required by Rule 26. This late report was unfairly saved for
23  the September 5, 2014, rebuttal or supplemental designation. This
24  gives the Hospital an unfair advantage, as Plaintiffs did include their
25  own damage reports and Life Care Plain in their _original_ designation of
26  experts.

27  Plaintiffs also have a motion pending to exclude the economic
28  report of the Hospital's economic expert, BOUKIDIS. He was designated

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips

1   as an expert witness in the Hospital's initial designation, but no
2   report was provided as required by Rule 26 but only provided as a
3   supplemental or rebuttal report. Again, this gives the hospital an
4   advantage over the Plaintiffs, by holding back their reports, yet
5   having the benefit of reviewing the Plaintiffs' Life Care Plans and
6   Economic Reports.
7       Plaintiffs also presently have pending in this Court, a motion to
8   exclude the expert testimony of Dr. Nageotte, a new expert
9   supplementally designated by the United States . The grounds for the
10  motion is that Dr. Nageotte was designated as a supplemental expert
11  despite the designation of Dr. Druzin, a similar expert, in the United
12  States original designation of experts. This is an improper
13  supplemental designation of an expert and his testimony is duplicative
14  of Dr. Druzin.
15      Additionally, there is a motion to exclude the Life Care Plan of
16  the United States Retained Expert, Tim Sells, on the same grounds as
17  stated above, in that it was not provided in the original designation in
18  violation of Rule 26 and also excluding the Economic Report of Cohen
19  /Volk which is in excess of 96 pages, on the same grounds as stated
20  above.  The United States' Life Care Plan and Economic report were also
21  served upon the Plaintiffs as an attachment in the United States'
22  Supplemental Disclosure of Expert Witnesses on September 4, 2014, for
23  the first time, rather than in their initial Disclosure of Expert
24  Witnesses as required by F.R.C.P § 26(a)(2) on July 9, 2014. Both Tim
25  Sells and the Economist firm of Cohen /Volk were designated as expert
26  witnesses in the United States' initial designation, but no reports
27  were provided.
28

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips

F. The Testimony and Reports of Dr. Manning and Dr. Phillips
Are Not Cumulative and Have Different Areas of Relevancy.

Defendant United States unilaterally cancelled the scheduled depositions of Drs. Phillips and Manning. Attached as Exhibit "D" is a copy of a letter from Plaintiffs' counsel to the United States Attorney dated October 3, 2014.

Plaintiff states in the letter that Dr. Manning will be plaintiffs' only maternal-fetal medicine expert testifying about the standard of care of Dr. Davainis, a government employee, represented by the United States. Dr. Manning will not be testifying about the nursing standard of care. The Nurses are represented by the Scheuring, Zimmerman & Doyle Firm.

Plaintiffs' expert, Dr. Paul, as stated in the letter, will be testifying about the nursing standard of care and Dr. Phillips, who is a general obstetrician-gynecologist, will testify as to the standard of care of Dr. Davainis.

Plaintiffs' letter to the United States also questions why this present motion was only filed on October 8, 2014, as part of the United States opposition to the Plaintiffs' motion concerning Dr. Nageotte and not much earlier - when the United States received the Plaintiffs' designation of experts on July 9, 2014, when the information regarding Plaintiffs' experts first became available.

The court has discretion to exclude evidence that is cumulative (or repetitive) of evidence already in the record. See United States v. Hicks (9th Cir. 1996) 103 F.3d 837, 847 excluding expert testimony on inadequacy of eyewitness identification held not to be an abuse of discretion where same information conveyed through cross-examination and jury instruction.

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips

1    Evidence is 'cumulative' when it adds very little to the probative

2    force of the other evidence. In such cases, the probative value of the

3    evidence would be 'substantially outweighed' by the time it takes to

4    present it. <u>United States v. Williams</u> (7th Cir. 1996) 81 F.3d 1434,

5    1443.

6        The number of witnesses called does not necessarily determine

7    whether their testimony is cumulative. Even so, the court may limit the

8    number of witnesses if they are testifying on the same point. <u>Aetna</u>

9    <u>Casualty & Surety. Co. v. Guynes</u> (5th Cir. 1983) 713 F.2d 1187, 1193.

10       Similarly, FRE 403 is not an automatic ban on all duplicative

11   evidence. '(i)t is not required that each piece of evidence admitted

12   have an entirely unique theory of relevancy.' <u>United States v. Fields</u>

13   (5th Cir. 2007) 483 F.3d 313, 356. Here, there will be little, if any,

14   overlap of expert testimony. This is especially true as the Defendants'

15   obstetrical experts will out-number the Plaintiffs' experts; whereas

16   Plaintiff has the burden of proof to prove negligence and causation as

17   to both the hospital staff and the treating physicians.

18       <u>G. It is Not Improper For the Attorney to Assist</u>

19       <u>The Expert in the Preparation of the Report</u>

20       Defendant United States argues that the expert report must be

21   completely written by the expert. Although, the report must be prepared

22   by the expert--not the attorney for the party making the disclosure per

23   Rule 26(a)(2)(B), see <u>Smith v. State Farm Fire & Cas. Co.</u> (SD WV 1995)

24   164 F.R.D. 49, 54, where a report that largely incorporated

25   interrogatory answers prepared by party's attorneys was held to be

26   insufficient.

27       <u>But</u> it is not improper for the attorney to provide assistance to

28   the expert in preparing the report. <u>Marek v. Moore</u> (D KS 1997) 171

F.R.D. 298, 302, where the report was 'prepared' by the expert
notwithstanding attorney's assistance in retyping and incorporating
changes authorized by the expert. Cf. <u>Indiana Ins. Co. v. Hussey
Seating Co</u>. (SD IN 1997) 176 F.R.D. 291, 293, where although attorney
actually wrote the report, the attached opinions and work papers were
those of the expert, and he testified at deposition that the report
<u>reflected his opinions</u>.

      In this case the underlying facts in this obstetrical case are the
same and the plaintiffs' experts will testify that the facts detailed
in the expert report are the facts generated by them and relayed to the
attorney. They will also testify that the reports reflect their several
opinions.  Their opinions differ however. A review of the two expert
reports evidence similar underlying facts. Dr. Manning is a specialist
in maternal-fetal medicine. Dr. Phillips is a general obstetrician.
There are many differences in the two reports with respect to their
medical specialities and areas of expertise.

      Dr. Manning's Report states on page 8 ¶ B that severe late
decelerations evidenced fetal intolerance to labor and the nurses and
Dr. Davainis were aware of this fetal intolerance including severe
hypoxia. There is no similar statement in Dr. Phillips' Report.

      Dr. Phillips' Report states on page 7, ¶ 28B that the nursing staff
was required to advocate a cesarean section on behalf of the patient.
There is no corresponding statement in Dr. Manning's report.

//

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips

1    WHEREFORE, by reason of the foregoing, Plaintiffs urge the Court

2 to deny the motion.

3 Dated: November 5, 2014

4                                          Respectfully submitted,

5                                          /s/ Bruce G. Fagel
                                           BRUCE G. FAGEL
6                                          Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Opposition to Motion to Exclude Experts Drs. Manning and Phillips