BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                         Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | CASE NO.  2:13-CV-01012 JAM-CKD<br><br>**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE REBUTTAL EVIDENCE FROM EXPERTS TIM SELLS AND COHEN VOLK**<br><br>Date:    November 19, 2014<br>Time:   9:30 a.m.<br>Judge:  Hon. John A. Mendez<br>Ctrm.:   6, 14th Floor |
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                         Plaintiffs,<br>vs.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, doing business as BANNER LASSEN MEDICAL CENTER; DOES 100-200,<br><br>                         Defendants. | |

## I.   INTRODUCTION

Plaintiffs sued the United States under the Federal Tort Claims Act (the "FTCA") alleging medical malpractice in connection with I.P.'s birth.  Plaintiffs filed a motion seeking to exclude two United States' rebuttal expert reports that respond to Plaintiffs' life-care plan and economist as a discovery sanction.  Dkt. 34.  In seeking this sanction, Plaintiffs ask the Court to preclude the United States from responding at all to their expert testimony regarding future medical expenses, leaving Plaintiffs' evidence on the vast majority of their claimed damages unchallenged.  Plaintiffs thus seek to have their economist testify — without rebuttal — to future medical expenses of $16.5 million, while the United States' economist calculates such a value to be as low as $2.3 million.[1]

But the United States disclosed its rebuttal reports (by Tim Sells and Cohen Volk Economic Consulting Group) in accordance with the Court's scheduling order and Federal Rule of Civil Procedure 26, both of which specifically contemplate rebuttal expert testimony.  The Court's scheduling order directed the parties to disclose rebuttal expert reports by September 5, 2014.  Dkt. 14 at 3.  And the United States disclosed the Sells and Cohen Volk rebuttal reports on that date.  There is thus no discovery violation to justify any discovery sanction here, much less the extremely harsh sanction that Plaintiffs seek.

## II.   BACKGROUND

In May 2013, Plaintiffs I.P. and Micaela Palacio sued the United States in federal court alleging medical malpractice by family medicine practitioners Dr. Paul Davainis and Dr. Paul Holmes.  Dkt. 1.  They and Facundo Palacio Diaz had previously sued Banner Health in state court concerning alleged negligence by Banner nurses in connection with I.P.'s birth.  The United States removed that state-court action to this Court, which consolidated the two cases.  Dkt. 13, 15.

The Court issued a scheduling order that set initial expert disclosures for July 9, 2014, and supplemental/rebuttal expert disclosures for September 5, 2014.  Dkt. 14 at 3.

---

[1] *Compare* Boesch Decl. Ex. N (Plaintiffs' economist report) at 3 (calculating a present value for future medical care cost of approximately $16.5 million) *with id.* Ex. G (United States' rebuttal economist report) at 6 (Table 1B) (calculating a present value for future medical care cost of approximately $2.3 million).

On July 9, 2014, the United States disclosed Tim Sells as an expert in life-care planning and vocational analysis. Victoria L. Boesch Decl. Ex. A at 4-5. Sells' report explained that he had been retained to perform a vocational analysis and to "respond to Plaintiffs' Life Care Plan." *Id.* Ex. B at 2. His report went on to analyze I.P.'s employability, again noting that he would analyze her future medical care needs "in response to Plaintiffs' experts". *Id.* at 2-3. Also on that date, the United States disclosed Cohen Volk Economic Consulting Group (Mark Cohen and Erik Volk) as economic experts. *Id.* Ex. A at 2. Cohen Volk's report analyzed I.P.'s future loss of earning capacity based on Sells' employability analysis. *Id.* Ex. C at 1-3. That report also explained that Cohen Volk awaited defense-expert responses to Plaintiffs' future-care cost claims and planned to provide responsive economic analysis. *Id.* at 3. In addition, the United States disclosed a report from pediatric rehabilitation specialist Dr. Joseph Capell that described his examination of I.P. *Id.* Ex. D. Dr. Capell explained that he would be providing input regarding I.P.'s needs to Tim Sells for his report responding to Plaintiffs' life-care plan.[2] *Id.* at 11.

During the two months between initial expert disclosures and supplemental/rebuttal disclosures, Plaintiffs' counsel did not raise any concerns regarding Plaintiffs' experts lacking an opportunity to rebut in writing Sells' and Cohen Volk's upcoming responsive reports. Boesch Decl. ¶6. On September 5, 2014, the United States disclosed responsive reports from Sells and Cohen Volk that rebutted Plaintiffs' life-care plan and economic report. Boesch Decl. Ex. E, Ex. F, Ex. G.

Two weeks later, before any expert depositions, Plaintiffs filed a motion to exclude Sells' and Cohen Volk's rebuttal reports as a discovery sanction because those reports had not been provided with initial expert disclosures. Dkt. 34. That motion also sought to exclude co-defendant Banner's responsive life-care and economist reports. *Id.*

At the October 9, 2014 deposition of Plaintiffs' life-care planner Karen Preston, Preston testified that she had not reviewed Sells' life-care plan comparison report. Boesch Decl. Ex. H at

---

[2] Damages evidence regarding a plaintiff's future medical needs generally proceeds in three steps. First, a doctor examines the plaintiff to determine the person's medical needs. Second, a life-care planner, based on that doctor's medical opinions, prepares a life-care plan projecting medical services and supplies that the person will need in the future and assigning costs for each projected need. Then third, an economist uses the life-care planner's costs to calculate an amount representing projected future medical-expense damages.

US OPP TO P'S MTN TO EXCLUDE EXPERTS
SELLS & COHEN VOLK

3

72:17-25.  When United States' counsel asked Preston whether she could have read the report if it had been given to her by Plaintiffs' counsel a month before her deposition, Plaintiffs' counsel instructed her not to answer the question.  *Id.* at 73; *see also* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").  When the United States' counsel tried to show Preston a copy of Sells' rebuttal report, Plaintiffs' counsel instructed her not to answer any questions about it.  Boesch Decl. Ex. H at 74-76; *see also id.* at 88-89.

The United States deposed Plaintiffs' economist Peter Formuzis on October 21, 2014.  Plaintiffs' counsel did not provided Formuzis with a copy of the Cohen Volk rebuttal report prior to that deposition.  Boesch Decl. Ex. I at 75:4-6; *id.* at 71-75.  Unlike at the Preston deposition, Plaintiffs' counsel allowed Formuzis to review the Cohen Volk rebuttal report supplied by United States' counsel at his deposition and to answer questions about it.  *Id.* at 71-81.

### III.  PROCEDURAL CONSIDERATIONS

Following the September 2014 disclosure of rebuttal reports, the parties worked together to schedule depositions of 32 disclosed experts.  In late September, Plaintiffs filed motions to exclude five defense experts, scheduling a hearing before Judge Delaney on October 29, 2014.  After those motions were filed, the parties made efforts to schedule the experts subject to those motions following that hearing but before the November 5, 2014 discovery cut-off.  In early October, as expert scheduling became difficult, the parties agreed to request a modification of the scheduling order to extend expert discovery until December 15, 2014.  Dkt. 39.  The Court ordered such modification the next day.  Dkt. 40.  That same day, the United States filed motions seeking to exclude three of Plaintiffs' experts, setting those motions for hearing before Judge Delaney on October 29, the same date as Plaintiffs' motions.  Dkt. 41, 42.  On the following day, Judge Delaney vacated the October 29 hearing and ordered the parties to re-notice their expert-exclusion motions before Judge Mendez.  Dkt. 43.  The parties re-noticed their motions for the first available hearing date, November, 19, 2014.  Dkt. 44-47.

Since that time, the parties have worked together to schedule depositions for the eight experts subject to pending motions after the November 19 hearing date but by the December 15 discovery

cut-off (including defense damages-expert depositions on November 20, and December 2, 5, and 15).  These efforts will allow the parties to complete depositions for any experts that the Court declines to exclude within the time currently allowed for discovery.  Because scheduling restraints required that the first of these depositions be scheduled for November 20 (the day after hearing on the expert-exclusion motions), the United States respectfully requests a prompt ruling on the four pending motions.  Dkt. 34, 35, 41, 42.

## IV.  ANALYSIS

The United States properly disclosed its damages experts in accordance with this Court's scheduling order, all the while making clear to Plaintiffs' counsel exactly what it was doing.  If Plaintiffs' counsel had been concerned about rebutting the United States' evidence in writing, they could have objected in the two months prior to rebuttal disclosures (so the parties could meet and confer on a solution).  They also could have simply provided the United States' rebuttal reports to their experts prior to depositions.  Instead, counsel waited until after rebuttal disclosures.  Then, they kept the defense damages rebuttal reports from their experts and filed a motion seeking to exclude *all* defense damages evidence as to the future medical expenses.  In doing so, Plaintiffs' counsel seeks to deprive the Court of any alternative to Plaintiffs' inflated damages estimates.

Plaintiffs argue that, because the United States disclosed initial expert reports on liability issues, it was obligated to generate life-care plan damages evidence for Plaintiffs in its initial expert reports. Dkt. 34 at 6.  This makes no sense.  Plaintiffs bear the burden of proving damages.  *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (1999); *see also* Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 26, Notes on Subdivision (a) Paragraph (2) ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to the issue.").  This means that, if Plaintiffs had failed to provide a life-care plan (and a corresponding economic analysis projecting future medical costs), then their claim for future medical expenses would have failed.  Given this, it makes no sense for a defendant to create a life-care plan except in response to plaintiff's assertions.[3]

---

[3] Expert life-care plan damages evidence thus differs from liability expert evidence in that a liability expert disclosed by a defendant is unlikely to hold opinions upon which a plaintiff could

Here, the United States complied with its expert-disclosure obligations. The Court should therefore deny Plaintiffs' motion for discovery sanctions.

### A. The United States followed the Court's scheduling order in disclosing its rebuttal reports, which appropriately responded to Plaintiffs' damages evidence.

As directed by the Court's scheduling order, the United States disclosed Sells' and Cohen Volk's rebuttal reports responding to Plaintiffs' life-care plan and economic expert on September 5, 2014. Boesch Decl. Ex. E, Ex. F; Ex. G. Those reports are "intended solely to contradict or rebut evidence on the same subject matter identified by" Plaintiffs — their life-care plan and economic analysis of that plan. *See* Fed. R. Civ. P. 26(2)(D)(ii); *see also United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) ("The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party"). Sells' rebuttal report addresses, point by point, the contents of Preston's life-care plan. *Compare* Boesch Decl. Ex. F *with id.* Ex. J. His report, for example, identifies some services included in Plaintiffs' expert's plan that are not recommended by United States' expert Dr. Capell, and it also rebuts cost numbers offered by Preston. *See, e.g., id.* Ex. F at 2-3, Ex. J at 6-7 (tables page 1-2). The Cohen Volk rebuttal report (1) evaluates the present value of the future-care cost for I.P. based on Sells' rebuttal and (2) responds to Plaintiffs' economist Formuzis' report. Boesch Decl. Ex. G at 1-3. These reports are thus appropriate rebuttal reports that were properly disclosed by the rebuttal-report deadline. *See Carey v. United States*, 2012 WL 1229467, at *2-3 (D. Nev. April 12, 2012) (denying motion to exclude United States' rebuttal experts, including a rebuttal life-care planning expert).

Plaintiffs argue that the Sells and Cohen Volk rebuttal reports are not proper supplemental reports under Rule 26(e). Dkt. 34 at 6-7. They rely on cases discussing the appropriate scope of supplementation per Rule 26(e), which requires parties to supplement their expert disclosures when they are incomplete or incorrect. The purpose of a 26(e) supplemental report is thus to "inform the opposing party of any changes or alterations." *Sancom, Inc. v. Qwest Communications Corp.*, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010). But the responsive Sells and Cohen Volk reports are rebuttal

---

rely to prove her case. By contrast, any life-care plan damages testimony provides potential damages evidence upon which a plaintiff could rely.

reports – rebutting Plaintiffs' life-care plan and corresponding economic analysis. Plaintiffs' cases therefore do not apply. Plaintiffs offer no authority for the proposition that defendants cannot rebut a plaintiff's damages evidence. There is none.

### B. The United States rebuttal reports caused Plaintiffs no prejudice.

Plaintiffs had several opportunities to respond to the United States' rebuttal reports, and they demonstrated their experts' ability to provide additional responsive opinions at deposition when counsel so chose.

The initial Sells and Cohen Volk reports explained that they intended to respond to Plaintiffs' life-care plan and corresponding economic analysis. Boesch Decl. Ex. B at 2; *id.* at Ex. C at 3; *see also id.* at Ex. D (Dr. Capell report explaining that he would provide input for Sells' rebuttal report). If Plaintiffs desired an opportunity for their damages experts to issue responsive written reports, they could have objected shortly after initial expert disclosures. During the two months before rebuttal disclosures, the parties could have met and conferred. Potential solutions could have included the United States agreeing (1) to produce its rebuttal damages reports 30 days before the next deadline or (2) to accept written rebuttal reports from Plaintiffs' damages experts at some reasonable time following the other rebuttal disclosures. *See* Boesch Decl. ¶6.

Moreover, though this Court's scheduling order instructs that experts generally cannot testify regarding opinions formed subsequent to deposition (Dkt. 14 at 3), Plaintiffs' counsel chose *not* to give the United States' rebuttal reports to their life-care planner or economist before deposition. Boesch Decl. Ex. H, Ex. I. Counsel also chose not to allow Plaintiffs' life-care planner to review Sells' rebuttal report at her deposition – going so far as to instruct her not to answer any questions about it. Boesch Decl. Ex. H at 72-76; *see also id.* at 88-89. Counsel made clear that this was a tactical choice related to Plaintiffs' motion to exclude. *Id.*

Notwithstanding that tactical choice, Plaintiffs' counsel elsewhere demonstrated the ability to have Plaintiffs' experts address life-care planning issues at deposition though they had not been addressed in that expert's written reports. For example, Plaintiffs' expert Dr. Ira Lott offered opinions regarding Plaintiffs' life-care plan at deposition although his written reports did not address that topic. Boesch Decl. Ex. K, Ex. L, Ex. M at 28, 30, 75-76. But again, counsel chose not to

US OPP TO P'S MTN TO EXCLUDE EXPERTS
SELLS & COHEN VOLK

provide defense rebuttal life-care plan reports to Dr. Lott based on Plaintiffs' pending motion. *Id.* Ex. M at 76.

In sum, Plaintiffs had many opportunities to respond to the United States' rebuttal reports – and indeed they did so in the case of their economist Formuzis. Boesch Decl. Ex. I. The rebuttal reports thus both complied with the scheduling order and caused no prejudice to Plaintiffs.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for discovery sanctions seeking to exclude the United States' damages experts' rebuttal reports.

Dated: November 5, 2014                          Respectfully submitted,

                                                                                     BENJAMIN B. WAGNER
                                                                                      United States Attorney

                                                                                      */s/ Victoria L. Boesch*
                                                                                     VICTORIA L. BOESCH
                                                                                     Assistant United States Attorney

                                                                                     Attorneys for Defendant United States