THOMAS J. DOYLE, BAR NO. 114485
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California  95825-6502
(916) 567-0400
FAX:  568-0400

Attorneys for Defendant and Cross-Complainant
BANNER HEALTH dba BANNER LASSEN MEDICAL
CENTER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., a minor, by and through her guardian ad litem, FACUNDO PALACIO DIAZ, MICAELA PALACIO, FACUNDO PALACIO DIAZ,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | NO. 2:13-CV-01012 JAM-CKD<br>Consolidated w/ 2:13-CV-02013 JAM-CKD<br><br>OPPOSITION TO MOTION TO EXCLUDE DAMAGES EXPERTS<br><br>DATE:　　November 19, 2014<br>TIME:　　9:30 a.m.<br>CRTRM:　 6, 14th Floor<br>JUDGE:　 Hon. John A. Mendez |

## I. INTRODUCTION

Plaintiffs seek to exclude the testimony and reports of Defendant Banner Health's damages experts Linda Olzack, a life care planner, and Constantine Boukidis an economist. Ms. Olzack and Mr. Boukidis are rebuttal witnesses; each expert was retained for the purpose of rebutting plaintiffs' damages experts. Pursuant to the Court's scheduling order dated October 2, 2013, the parties were required to disclose rebuttal experts by September 5, 2014.  Ms. Olzack and Mr. Boukidis were identified as witnesses on July 9, 2014, and their respective reports, rebutting plaintiffs' damages experts, were produced on September 4, 2014.  Accordingly, the experts and their reports were timely disclosed and should not be excluded.

## II. FACTS

This a medical malpractice action involving the birth of minor plaintiff I.P.  I.P. was

1  born at Banner Lassen Medical Center in Susanville, California, on April 30, 2012. Plaintiffs allege defendants breached the standard of care in the provision of care to plaintiff Micaela Palacio and I.P.  Plaintiffs allege defendants' conduct resulted in severe neurological injuries to I.P.

As expressly noted in Banner Lassen Medical Center's expert disclosure served on July 9, 2014, Banner Lassen Medical Center retained Linda Olzack, a life care planner, to comment on and testify about any life care plan prepared by a life care planner disclosed by plaintiffs.  Thomas J. Doyle Decl. Ex. B ¶ 6 (July 9, 2014 Banner Disclosure). Similarly, Banner Lassen Medical Center retained Constantine Boukidis, an economist, to comment on and testify about any report prepared by an economist disclosed by plaintiffs. Doyle Decl. Ex. B ¶ 7 (July 9, 2014 Banner Disclosure).

On July 9, 2014, plaintiff's disclosed damages experts including Peter Formuzis, an economist, and Karen Preston, a life care planner.  Plaintiffs produced reports from each damages expert.  After reviewing the reports prepared by Mr. Formuzis and Ms. Preston, Ms. Olzack and Mr. Boukidis prepared reports to rebut plaintiffs' alleged damages. Doyle Decl. Ex. D (Olzack Reports) and Ex. E (Boukidis Report). On September 4, 2014, Banner Lassen Medical Center disclosed the reports prepared by Ms. Olzack and Mr. Boukidis. Doyle Decl. Ex. C (September 4, 2014 Banner Disclosure).  Pursuant to the Court's scheduling order dated October 2, 2013, rebuttal disclosure was due by September 5, 2014. Doyle Decl. Ex. A (Scheduling Order.)

### III.  POINTS AND AUTHORITIES

**A.  Disclosure of the opinions of plaintiff's damages experts before defense damages experts is consistent with the intent of Federal Rule of Civil Procedure 26.**

In a civil action, the plaintiff has the burden of proving damages by a preponderance of the evidence.  See for example Ninth Circuit Manual of Model Jury Instruction, Civil 5.1 Damages–Proof.  Federal Rule of Civil Procedure 26(a)(2) was designed to require the party with the burden of proof on an issue to disclose its expert opinions on that issue before the disclosures of the party who does not have the burden

of proof. The 1993 advisory committee notes addressing Rule 26(a)(2) state:

> Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. FED. R. CIV. P. 26 advisory committee note, amend. (1993).

The Court's Pre-trial scheduling order dated October 2, 2013, is consistent with the intent of Rule 26(a)(2) by ordering disclosure of any rebuttal experts under Rule 26(a)(2)(c) by September 5, 2014, 58 days after expert witness disclosure. Doyle Decl. Ex. A (Scheduling Order.) While Ms. Olzack and Mr. Boukidis were disclosed in Banner Lassen Medical Center's expert witness disclosure dated July 9, 2014, the disclosure specifically noted they were retained to comment on the reports prepared by plaintiffs on the issue of damages.

As to Ms. Olzack, the disclosure noted:

> Ms. Olzack is a life care planner. She will testify about damages. Attached as Exhibit F is Ms. Olzack's current curriculum vitae, current fee schedule and testimonial history. *She has not prepared a report because she was retained to comment on and testify about the life care plan prepared by the life care planner disclosed by plaintiffs.* Ms. Olzack will provide a report once she has had an opportunity to review the life care plan prepared by the life care planner disclosed by plaintiffs. (Emphasis added.)

Doyle Decl. Ex. B ¶ 6 (July 9, 2014 Banner Disclosure)

As to Mr. Boukidis, the disclosure noted:

> Mr. Boukidis is an economist. He will testify about damages. Attached as Exhibit G is his current curriculum vitae, current fee schedule and testimonial history. *He has not prepared a report because he was retained to comment on and testify about the report prepared by the economist disclosed by plaintiffs.* Mr. Boukidis will provide a report once he has had an opportunity to review the report prepared by the economist disclosed by plaintiffs. (Emphasis added.)

Doyle Decl. Ex. B ¶ 7 (July 9, 2014 Banner Disclosure)

It is clear from Banner Lassen Medical Center's disclosure on July 9, 2014, that the use of Ms. Olzack and Mr. Boukidis as expert witnesses was contingent on plaintiffs'

00854196.WPD                                        3
OPPOSITION TO MOTION TO EXCLUDE DAMAGES EXPERTS

1  disclosure of similar experts. Requiring defendants to produce expert reports on the issue
2  of damages before defendants had an opportunity to see reports from plaintiffs' damages
3  experts would undermine plaintiffs' obligation to prove damages. Defendants would risk
4  disclosing evidence of damages without knowing whether plaintiffs were prepared to
5  present similar evidence.

6  Plaintiffs contend that there is no difference between the reports produced by Banner Lassen Medical Center's expert physicians and the reports produced by Ms. Olzack and Mr. Boukidis. Therefore, they argue, all reports should have been disclosed by July 9, 2014. The crucial distinction is that Ms. Olzack and Mr. Boukidis were retained for the purpose of commenting on the damage evidence plaintiffs presented, if any. If plaintiffs had not disclosed reports from a life care planner or an economist, neither Ms. Olzack nor Mr. Boukidis would have been called as witnesses.

**B.   Rebuttal Witness are appropriate to comment on the opinions of plaintiffs' damages experts**

The proper function and purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party. *Luttrell v. United States*, 320 F.2d 462, 464 (5th Cir. 1963); and *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630, 2008 U.S. App. LEXIS 15875, 17(7th Cir. Ind.2008). As stated in Banner Lassen Medical Center's disclosure dated July 9, 2014, Ms. Olzack and Mr. Boukidis were retained to comment on reports prepared by plaintiffs' life care planner and economist. Upon review of the life care plan and economic reports produced by plaintiffs, Ms. Olzack and Mr. Boukidis prepared reports to explain, repel, counteract, or disprove the evidence of the adverse party. Doyle Decl. Ex. D (Olzack Reports) and Ex. E (Boukidis Report). In fact, Ms. Olzack's life care plan was produced with a cost comparison report specifically outlining areas of disagreement between the life care plaintiffs' produced, and her rebuttal life care plan. Doyle Decl. Ex. D (Olzack Reports). Similarly, the report Mr. Boukidis prepared includesd calculations based on a life expectancy assumption gleaned from the report of Peter Formuzis, plaintiffs' retained expert economist. Doyle Decl. Ex. E (Boukidis Report) pgs.

1    11, 19, 27, 35, 43, and 51.  Accordingly, Ms. Olzack and Mr. Boukidis are properly
2    characterized as rebuttal witnesses and their disclosure was to be made by September
3    5, 2014, pursuant to the Court's pretrial scheduling order.

4        Plaintiffs' motion ignores the fact Ms. Olzack and Mr. Boukidis were disclosed as
5    rebuttal witness and mischaracterizes their reports as improper supplemental disclosures.
6    The cases cited in plaintiffs' motion are not on point because they address supplemental
7    disclosure, not rebuttal disclosure.  Plaintiffs cite *Sancom, Inc. v. Qwest Communications*
8    *Corp.* (D SD 2010) 683 F. Supp.2d 1043, for the proposition that supplements are for the
9    purpose of correcting inaccuracies or adding additional information that was not available
10   at the time of the initial report.   Plaintiffs cite *Metro Ford truck sales Inc. V. Ford Motor*
11   *Company* (5th Cir. 1998) 145 F.3d 320, for the proposition that late designated expert
12   testimony can be excluded. Lastly, plaintiffs cite *Cf. Keener v. United States* (D MT 1998)
13   181 F.R.D. 639, and *Beller ex. Rel. Beller v. United States* (D NM 2003) 221 F.R.D. 696 for
14   the propositions that expert opinions should be limited to those expressed in initial
15   disclosures and one cannot "sandbag" the adverse party with issues that should have
16   been included in an original report.  Ms. Olzack and Mr. Boukidis are not late designated
17   witnesses designed to sandbag plaintiffs. They are rebuttal witnesses because their
18   testimony is offered to contradict the damages evidence offered by plaintiffs. The Court's
19   scheduling order specifically permits disclosure of rebuttal experts by September 5, 2014.

20   **C.    Plaintiffs have not been prejudiced by production of the reports by Ms. Olzack and Mr. Boukidis on September 4, 2014.**
21

22       Plaintiffs' claim of prejudice is based on the contention that their experts have
23   "been deprived of the ability to rebut and opine on the opposing life care plan and
24   economic reports." Any such prejudice is of plaintiffs' own making because both plaintiffs
25   life care planner and economist had the opportunity to review the reports prepared by
26   their respective defense counterparts well before they were deposed.

27       On September 4, 2014, Banner Lassen Medical Center produced the life care plan
28   prepared by Ms. Olzack and the economic report prepared by Mr. Boukidis. Doyle Decl.

1  Ex. C (September 4, 2014 Banner Disclosure). The deposition of Karen Preston, plaintiffs'
2  life care planner, did not proceed until October 9, 2014, 36 days after Ms. Olzack's life
3  care plan and cost comparison report were produced.  Doyle Decl. Ex. F (Preston
4  Deposition Transcript).  During the deposition, counsel for Banner Lassen Medical Center
5  marked Ms. Olzack's life care plan and cost comparison report as transcript exhibits and
6  asked Ms. Preston to review the reports.  Plaintiffs' counsel refused to allow Ms. Preston
7  to review the exhibit and, without citing any basis under Rule 30(c)(2), instructed her not
8  to answer any questions pertaining to Ms. Olzack's life care plan or cost comparison
9  report.  Doyle Decl. Ex. F (Preston Deposition Transcript) pgs. 88-89.  Ms. Preston had the
10 opportunity to review Ms. Olzack's life care plan and cost comparison report during the
11 36 days preceding her deposition and during the deposition itself. Accordingly, plaintiffs
12 were not deprived of an opportunity for Ms. Preston to rebut and opine on Ms. Olzack's
13 reports.

14 Similarly, the deposition of Mr. Formuzis, plaintiffs' economist, did not proceed
15 until October 21, 2014, 48 days after Mr. Boukidis' report was produced. During the
16 deposition, counsel for Banner Lassen Medical Center attached Mr. Boukidis' report as
17 an exhibit and asked Mr. Formuzis to review and comment on the report.  Unlike during
18 Ms. Preston's deposition, plaintiffs' counsel allowed Mr. Formuzis to review the report and
19 offer his rebuttal opinions. Doyle Decl. Ex. G (Formuzis Deposition Transcript) pgs. 85-90.
20 Mr. Formuzis took the opportunity to rebut and opine regarding Mr. Boukidis' report. (Id.)
21 Mr. Formuzis indicated he had sufficient time to review the report. Doyle Decl. Ex. G
22 (Formuzis Deposition Transcript) p. 85. After five deposition transcript pages of testimony,
23 Mr. Formuzis affirmed that he had no other thoughts regarding Mr. Boukidis' report. Doyle
24 Decl. Ex. G (Formuzis Deposition Transcript) pgs. 85-90. By his own account, Dr. Formuzis
25 had a sufficient opportunity to review Mr. Boukidis' report before his deposition was
26 completed.  Accordingly, plaintiffs have not suffered any prejudice.

27                              **IV.  CONCLUSION**
28 Plaintiffs' motion to exclude Ms. Olzack, Mr. Boukidis and their respective reports

ignores the fact they are timely disclosed rebuttal witnesses. Each expert was retained for the purpose of rebutting plaintiffs' damages experts. Plaintiffs' damages experts did not produce reports until July 9, 2014. Before that point, Ms. Olzack and Mr. Boukidis had no reports from any damages experts to rebut. Requiring defendants to produce reports from damages experts without the opportunity to review the reports of plaintiffs' damages experts would undermine plaintiffs' burden to prove damages and it is inconsistent with the intent of Rule 26. Accordingly, Banner Lassen Medical Center respectfully requests that plaintiffs' motion to exclude Ms. Olzack, Mr. Boukidis, and their respective reports be denied.

Dated:   November 5, 2014

**SCHUERING ZIMMERMAN & DOYLE, LLP**

By  /s/ THOMAS J. DOYLE
THOMAS J. DOYLE
Attorneys for Banner Lassen
Medical Center