BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                              Plaintiffs,<br><br>              v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | CASE NO.   2:13-CV-01012 JAM-CKD<br><br>**UNITED STATE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT DR. MICHAEL PATRICK NAGEOTTE**<br><br>Date:     November 19, 2014<br>Time:    9:30 a.m.<br>Judge:   Hon. John A. Mendez<br>Ctrm.:   6, 14th Floor |
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                              Plaintiffs,<br>vs.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, doing business as BANNER LASSEN MEDICAL CENTER; DOES 100-200,<br><br>                              Defendants. | |

## I.  **INTRODUCTION**

Plaintiffs I.P. and Micaela Palacio sued the United States under the Federal Tort Claims Act (the "FTCA") alleging medical malpractice in connection with I.P.'s birth.  Plaintiffs filed a motion seeking to exclude United States' rebuttal expert witness Dr. Michael P. Nageotte as a discovery sanction.  Dkt. 35.  Plaintiffs argue that Dr. Nageotte's testimony should be excluded because his rebuttal expert report is cumulative and improper supplementation under Rule 26(e).

But the United States disclosed the Nageotte rebuttal report in response to Plaintiffs' three OB/GYN experts — in particular responding to Dr. Richard H. Paul, who asserts expertise in fetal heart rate monitoring based on his extensive publication on that subject.  Nageotte has similarly published extensively on fetal heart rate monitoring (a key issue here).  This enables him to effectively rebut Paul's opinions.  Nageotte's rebuttal report is not cumulative because his fetal heart rate monitoring publications constitute a qualification that differs from other United States' experts while paralleling Plaintiffs' expert Paul.  And though Nageotte's rebuttal report is generally consistent with United States' OB/GYN expert Dr. Druzin's opinions, it differs from Druzin in its approach and analysis.  This makes clear Nageotte's independence in applying his expertise.

The United States' Nageotte rebuttal disclosure complied with the Court's scheduling order and Federal Rule of Civil Procedure 26, both of which specifically contemplate rebuttal expert testimony.  The Court's scheduling order directed the parties to disclose rebuttal expert reports by September 5, 2014.  Dkt. 14 at 3.  The United States disclosed Nageotte's rebuttal on that date.  There is thus no discovery violation to justify any discovery sanction here.

## II.  **BACKGROUND**

In May 2013, Plaintiffs I.P. and Micaela Palacio sued the United States in federal court alleging medical malpractice by family medicine practitioners Dr. Paul Davainis and Dr. Paul Holmes.  Dkt. 1.  They and Facundo Palacio Diaz had previously sued Banner Health in state court concerning alleged negligence by Banner nurses in connection with I.P.'s birth.  The United States removed that state-court action to this Court, which consolidated the two cases.  Dkt. 13, 15.

The Court issued a scheduling order that set initial expert disclosures for July 9, 2014, and supplemental/rebuttal expert disclosures for September 5, 2014.  Dkt. 14 at 3.

Plaintiffs' July 2014 initial expert disclosures for this case included a report from Dr. Richard H. Paul, specializing in Obstetrics and Gynecology and Maternal-Fetal Medicine (the branch of obstetrics that focuses on the medical and surgical management of high-risk pregnancies).[1]  Dkt. 42-3 at 2 ¶2.  Paul's report states that he has published extensively on fetal heart rate interpretation and that he is an expert on that subject.  *Id.*  Plaintiffs' initial expert disclosures also included reports from Dr. Frank A. Manning, specializing in Obstetrics and Gynecology and Maternal-Fetal Medicine, and Dr. Albert J. Phillips, specializing in Obstetrics and Gynecology.  Dkt. 42-3 at 11 ¶2, 20 ¶¶3-4.

All three doctors opined on the same three topics — (1) whether family practitioner Dr. Davainis' care during I.P.'s labor and delivery met the standard of care, (2) whether Banner Lassen Medical Center's nursing staff's care met the standard of care, and (3) whether violations of the standard of care caused injury to I.P.  Dkt. 42-3 at 8-9 ¶26, 17-18 ¶28, 26-27 ¶28.  Their opinions overlap, with Paul offering one unique opinion relating to a fetal scalp electrode.  *See Id.*

In its initial expert disclosures, the United States disclosed a report from Dr. Maurice Druzin, a specialist in Obstetrics and Gynecology and Maternal Fetal Medicine, analyzing Dr. Davainis' care.  Dkt. 42-3 at 29-32, 34-35.  It also disclosed a report from Dr. Daljeet S. Rai, a family medical practitioner who practices and teaches obstetrics and performs cesarean-section surgery, addressing Dr. Davainis' care from a family medical practitioner's perspective. *Id.* at 118-19.  Because Dr. Davainis practices family medicine, such a perspective sheds important light on the circumstances under which he practices.  *See Avivi v. Centro Medico Urgente Med. Ctr.*, 159 Cal. App. 4th 463, 470–71 (2008) ("[T]he standard of care for physicians is the reasonable degree of skill, knowledge and care ordinarily possessed and exercised by members of the medical profession *under similar circumstances*.") (emphasis in original).

After receiving Plaintiffs' expert disclosures, the United States responded to them by (1) producing a rebuttal report from Druzin and (2) designating rebuttal expert Dr. Michael P. Nageotte, an Obstetrics and Gynecology and Maternal Fetal Medicine specialist who (like Plaintiffs' expert Paul) has published extensively on fetal heart rate monitoring.  Boesch Decl. Ex. 1; Ex. 2, Ex. 3 at 5-

---

[1] Obstetricians who practice maternal-fetal medicine are also known as perinatologists.

7, Ex. 4 at 4.  Nageotte thus constituted an extensively published expert on fetal heart rate monitoring to counter Paul's testimony.  Prior to issuing his report, Nageotte reviewed Plaintiffs' Paul, Manning, and Phillips reports.  *Id.* Ex. 2 at 1.  He then provided opinions rebutting the overlapping opinions offered by Plaintiffs' three experts, including the one unique opinion offered by Paul (his fetal scalp electrode opinion).  *Id.* Ex. 2; *see also* Dkt. 42-1 at 3, 5 (detailing the extensive similarities in the Paul, Manning, and Phillips reports).

Shortly after rebuttal expert disclosures, Plaintiff filed a motion to exclude United States rebuttal expert Nageotte.  Dkt. 34, 35.  The United States later moved to exclude Plaintiffs' OB/GYN experts Phillips and Manning as cumulative, deficient under Rule 26 because the experts had not prepared their nearly identical reports, and unreliable.  Dkt. 42.

### III.  <u>PROCEDURAL CONSIDERATIONS</u>

Following the September 2014 disclosure of rebuttal reports, the parties worked together to schedule depositions of 32 disclosed experts.  In late September, Plaintiffs filed motions to exclude five defense experts (Nageotte and four damages experts), scheduling a hearing before Judge Delaney on October 29, 2014.  After those motions were filed, the parties made efforts to schedule the experts subject to those motions following that hearing but before the November 5, 2014 discovery cut-off.  In early October, as expert scheduling became difficult, the parties agreed to request a modification of the scheduling order to extend expert discovery until December 15, 2014. Dkt. 39.  The Court ordered such modification the next day.  Dkt. 40.  That same day, the United States filed motions seeking to exclude three of Plaintiffs' experts (OB/GYN experts Phillips and Manning and a life expectancy expert), setting those motions for hearing before Judge Delaney on October 29, the same date as Plaintiffs' motions.  Dkt. 41, 42.  On the following day, Judge Delaney vacated the October 29 hearing and ordered the parties to re-notice their expert-exclusion motions before Judge Mendez.  Dkt. 43.  The parties re-noticed their motions for the first available hearing date, November, 19, 2014.  Dkt. 44-47.

Since that time, the parties have worked together to schedule depositions for the eight experts subject to pending motions after the November 19 hearing date but by the December 15 discovery cut-off (including the deposition of Dr. Nageotte on December 10).  These efforts will allow the

US OPP TO PS' MTN  TO EXCLUDE EXPERT DR. NAGEOTTE

1  parties to complete depositions for any experts that the Court declines to exclude within the time

2  currently allowed for discovery.  Because scheduling restraints required that the first of these

3  depositions be scheduled for November 20 (the day after hearing on the expert-exclusion motions),

4  the United States respectfully requests a prompt ruling on the four pending motions.  Dkt. 34, 35, 41,

5  42.

6                                   **IV.  <u>ANALYSIS</u>**

7          The United States disclosed Nageotte as a rebuttal expert because his extensive publication

8  on fetal heart rate monitoring parallels the qualifications of Plaintiffs' expert Paul, positioning

9  Nageotte to respond to Paul's opinions on a level playing field.  Nageotte's report is "intended solely

10  to contradict or rebut evidence on the same subject matter identified by" Plaintiffs — their OB/GYN

11  expert opinions expressed most fully by Paul (and duplicated by Phillips and Manning).  *See* Fed. R.

12  Civ. P. 26(2)(D)(ii); *see also United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir.2005) ("The

13  function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party"); Dkt.

14  14 at 3 (Scheduling Order providing for disclosure of rebuttal experts).  Nageotte's report refutes

15  Paul's conclusions by directly contradicting them.  *Compare* Dkt. 42-3 at 131-32 *with* Dkt. 42-3 at

16  8-9.  It thus constitutes proper rebuttal and was properly disclosed by the rebuttal-report deadline.

17  *See Carey v. United States*, 2012 WL 1229467, at *2-3 (D. Nev. April 12, 2012) (declining to

18  exclude United States' rebuttal medical experts who "directly contradict certain conclusions of

19  Plaintiffs' expert reports").

20          Plaintiffs argue that Nageotte's report is cumulative of Druzin's reports, but Nageotte's

21  report differs from Druzin's, demonstrating that Nageotte did his own analysis.  *Compare* Dkt. 42-3

22  at 131-32 *with* 42-3 at 29-32 and Boesch Decl. Ex. 1.  Though Nageotte's analysis is generally

23  consistent with Druzin's analysis, it is not the same and it reflects Nageotte's own perspective and

24  conclusions.

25          Plaintiffs argue that Nageotte's rebuttal report is not a proper supplemental report under Rule

26  26(e).  Dkt. 35 at 2-3.  They rely on cases discussing the appropriate scope of supplementation per

27  Rule 26(e), which requires parties to supplement their expert disclosures when they are incomplete

28  or incorrect.  The purpose of a 26(e) supplemental report is thus to "inform the opposing party of any

US OPP TO PS' MTN  TO EXCLUDE EXPERT DR.
NAGEOTTE

changes or alterations." *Sancom, Inc. v. Qwest Communications Corp.*, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010).  But the Nageotte report is a rebuttal report – rebutting Plaintiffs' OB/GYN experts, particularly Paul.  Plaintiffs' cases therefore do not apply.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for discovery sanctions seeking to exclude testimony by United States' rebuttal expert Nageotte.


Respectfully submitted,


BENJAMIN B. WAGNER
United States Attorney


Dated:  November 5, 2014        */s/ Victoria L. Boesch*
                                VICTORIA L. BOESCH
                                Assistant United States Attorney

                                Attorneys for Defendant United States

US OPP TO PS' MTN  TO EXCLUDE EXPERT DR.
NAGEOTTE