BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,

Plaintiffs,

vs.

BANNER HEALTH, AN ARIZONA CORPORATION, doing business as BANNER LASSEN MEDICAL CENTER; DOES 100-200,

Defendants.

CASE NO. 2:13-CV-01012 JAM-CKD

**UNITED STATES' REPLY SUPPORTING MOTION TO EXCLUDE PLAINTIFFS' EXPERTS DR. ALBERT J. PHILLIPS AND DR. FRANK A. MANNING AND STRIKE THEIR REPORTS**

Date: November 19, 2014
Time: 9:30 a.m.
Judge: Hon. John A. Mendez
Ctrm.: 6, 14th Floor

## I. INTRODUCTION

The United States moved to strike expert reports by Plaintiffs' experts Manning and Phillips and to exclude their testimony because Plaintiffs' counsel ghostwrote their reports, thus violating Rule 26's requirement that the expert prepare his report. In response, Plaintiffs do not deny that counsel wrote the reports. And they do not even try to distinguish the authority that condemns such ghostwriting. Moreover, they make no attempt to demonstrate that their failure to comply with Rule 26 was substantially justified or harmless. Plaintiffs thus concede both violation of Rule 26 and the propriety of exclusion to address that violation.

The United States' motion also explained that the experts' failure to prepare their own reports renders their testimony unreliable under Rule 702 and *Daubert* because it demonstrates a lack of independence. Plaintiffs appear to agree, because they do not respond to this point, offering no evidence or even argument to buttress their experts' parroted testimony. This silence speaks volumes.

The Court should therefore strike the cumulative and unreliable Manning and Phillips reports and exclude their testimony.

## II. ANALYSIS

Plaintiff disclosed three OB/GYNs (Phillips, Manning, and Paul), two also Maternal Fetal medicine specialists (Manning and Paul), and one also published on fetal heart rate monitoring (Paul). All three opined on the standard of care for labor and delivery applicable (1) to Banner's nurses and (2) to family medicine practitioner Dr. Davainis. Dkt. 42-2 at 2; Dkt. 42-3 at 1-27. The United States disclosed two OB/GYNs with Maternal Fetal medicine specialty (Druzin initially and Nageotte on rebuttal), one also published on fetal heart rate monitoring (Nageotte). Dkt. 42-3 at 29-35, 131-140. Both opined regarding the standard of care applicable to Dr. Davainis. *Id.* The United States also disclosed a family practitioner (Rai) to address the standard of care applicable to family practitioner Davainis. Dkt. 42-3 at 118-128. Banner disclosed one OB/GYN and Maternal Fetal medicine specialist (Ross) who addressed the standard of care applicable to Banner's nurses.

Two weeks after rebuttal disclosures, Plaintiff moved to exclude United States' rebuttal expert Nageotte as improper supplementation and cumulative of Druzin. Dkt. 35. Two weeks after that, prior

to the deposition of the first Plaintiff OB/GYN (Paul), the United States informed Plaintiffs that it intended to file a motion to exclude Plaintiffs' OB/GYNs Manning and Phillips and to notice that motion for the Nageotte motion hearing date. Boesch Decl. ¶ 2, Ex. M. The letter explained that, because Plaintiff had moved to exclude Nageotte as cumulative, the United States believed it would conserve resources for the Court to address exclusion of Manning and Phillips at the same time. *Id.* That morning, prior to Paul's deposition, the parties had meet and confer discussions by phone. Boesch Decl. ¶ 3. During those discussions, Plaintiffs' counsel informed United States' counsel that he would not allow Paul to testify at deposition regarding Dr. Davainis unless the United States agreed not to bring the Manning/Phillips motion to exclude. *Id.* Plaintiffs' counsel explained that allowing Paul to testify at deposition on Davainis in light of the upcoming Manning/Phillips motion would, in his view, allow the United States to choose Plaintiffs' experts. *Id.* So, the Paul deposition proceeded with Paul conditionally withdrawn as a Davainis standard-of-care expert pending outcome of the United States' Manning/Phillips motion. Boesch Decl. ¶¶ 3-4, Ex. N. Paul testified regarding the nursing standard of care and fetal heart rate interpretation only, with Plaintiffs' counsel agreeing to re-produce Paul for deposition regarding Davainis if Plaintiffs wished to offer Paul on that issue in light of the Manning/Phillips motion outcome. *Id.* A further deposition of Paul has been scheduled (pending the outcome of this motion) for December 1, 2014, to ensure that the parties can accomplish such a deposition before the discovery cut-off (December 15).[1] *Id.* ¶ 5.

---

[1] The United States respectfully requests a prompt ruling on the parties' four pending expert-exclusion motions (Dkt. 34, 35, 41, 42) to allow the parties to comply with the December 15 discovery cut-off. Following the September 2014 disclosure of rebuttal reports, the parties worked together to schedule depositions of 32 disclosed experts. In late September, Plaintiffs filed motions to exclude five defense experts, scheduling a hearing before Judge Delaney on October 29, 2014. After those motions were filed, the parties made efforts to schedule the experts subject to those motions following that hearing but before the November 5, 2014 discovery cut-off. In early October, as expert scheduling became difficult, the parties agreed to request a modification of the scheduling order to extend expert discovery until December 15, 2014. Dkt. 39. The Court ordered such modification the next day. Dkt. 40. That same day, the United States filed motions seeking to exclude three of Plaintiffs' experts, setting those motions for hearing before Judge Delaney on October 29, the same date as Plaintiffs' motions. Dkt. 41, 42. On the following day, Judge Delaney vacated the October 29 hearing and ordered the parties to re-notice their expert-exclusion motions before Judge Mendez. Dkt. 43. The parties re-noticed their motions for the first available hearing date, November, 19, 2014. Dkt. 44-47.

Since that time, the parties have worked together to schedule depositions for the eight experts subject to pending motions after the November 19 hearing date but by the December 15 discovery cut-off (including Phillips and Manning depositions on December 4 and 12 and defense damages-expert

**A. Plaintiffs fail to distinguish Manning and Phillips' nearly identical opinions.**

Plaintiffs' opposition suggests that Manning's opinions are not cumulative because Manning does not opine regarding whether the nurses met the standard of care. Dkt. 52 at 6; *see also* Dkt 52-1 at 2 ("Dr. Manning only formed opinions on the standard of care relative to Dr. Davainis"); *id.* at 3 (Manning "specifically did not have opinions about the nursing care"). But that is not true. Manning's report states that he was retained to provide opinions regarding "the standards of care as they pertain to the family practitioner and labor and delivery nurses." Dkt. 42-3 at 12 (Manning Report ¶5). His report then opines (1) that the nursing staff failed to recognize signs of fetal distress and communicate them to Dr. Davainis and (2) that violations of the standard of care by the nursing staff were substantial factors in causing I.P.'s injuries. *Id.* at 17-18 (Manning Report ¶¶28A, 28C). These opinions mirror Phillips and Paul.[2] *Id.* at 26-27 (Phillips Report ¶28A, ¶28C), 8-9 (Paul Report ¶26A, ¶26D).

Plaintiffs also claim that Manning — but not Phillips — states "that severe late decelerations evidenced fetal intolerance to labor and the nurses and Dr. Davainis were aware of this fetal intolerance including severe hypoxia." Dkt. 52 at 8 line 17-20. Again, not true. Both reports contain identical language on this point. *Compare* Dkt. 42-3 at 18 (Manning Report at ¶28B lines 1-4) *with id.* at 26-27 (Phillips Report ¶28B lines 27-2).[3]

**B. Plaintiffs do not and cannot justify counsel ghostwriting the Manning and Phillips reports.**

The United States' motion explained that, while an attorney may help draft an expert report, an attorney may not ghostwrite the report. Dkt. 42-1 at 6 (citing *Manning v. Crockett*, 1999 WL 342715, at

---

depositions on November 20, and December 2, 5, and 15). These efforts will allow the parties to complete depositions for any experts that the Court declines to exclude within the time currently allowed for discovery.

[2] Phillips' report does offer one nursing opinion not included in Manning's report, opining that the standard of care required the nurses to access their chain of command. Dkt. 42-3 at 26 (Phillips Report ¶28B). But that opinion is cumulative of Paul. *Id.* at 8-9 (Paul Report ¶26B). The Manning and Phillips reports are thus cumulative of each other and of Paul's report (which offers one unique opinion – Paul's fetal-scalp electrode opinion – in addition to those overlapping with Manning and Phillips). *See* Dkt. 42-1 at 5.

[3] Plaintiffs also vaguely suggest that Phillips is not cumulative because the United States disclosed Dr. Rai, a family practitioner who analyzed the care by family practitioner Dr. Davainis. Dkt. 52-1 at 4. This makes no sense. Phillips is not a family practitioner. Of course, if Plaintiffs wished to designate a family practitioner to rebut Rai's testimony, they could have done so.

*3 (N.D. Ill. 1999); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 2014 WL 1744848, at *6 (E.D. Ky. April 30, 2014)). And the "undeniable substantial similarities" between the Manning and Phillips reports demonstrate that Plaintiffs' counsel ghostwrote those reports. *Compare* 42-3 at 12-18 (Manning Report with duplicate language highlighted) *with id.* at 21-27 (Phillips Report with duplicate language highlighted). So here, "counsel's participation so exceeded the bounds of legitimate 'assistance' as to negate the possibility that [Manning and Phillips] actually prepared [their] own report[s] within the meaning of Rule 26(a)(2)." *In re Jackson Nat. Life Ins. Co. Premium Litig.*, 2000 WL 33654070, at *1 (W.D. Mich. Feb. 8, 2000); *see also id.* ("Plaintiffs' failure to furnish defendant with a report prepared by [the expert] constitutes a violation of Rule 26(a)(2)."). The Court should therefore strike the Manning and Phillips reports as violating Rule 26(a)(2)(B).

In response, Plaintiffs do not deny that counsel wrote the Manning and Phillips reports. Dkt. 52 at 7-8. They make no attempt to distinguish the United States' authority regarding ghostwritten expert reports. *Id.* And they offer nothing to meet their burden of proving that their deficient reports were substantially justified or harmless. *Id.*; *see also* Dkt. 42-1 at 6-7 (United States' motion explaining that Plaintiffs' violation of Rule 26(a)(2)(B) triggers Rule 37(c)(1)'s exclusion sanction unless Plaintiffs demonstrate that the violation was substantially justified or harmless). This silence concedes both violation of Rule 26 and the propriety of exclusion to address that violation.

**C. <u>Plaintiffs' silence also concedes that Manning and Phillips' failure to prepare their own reports shows that they did not do their own analysis.</u>**

The United States' motion explained that the nearly identical Manning and Phillips reports demonstrate both experts' lack of independence, rendering their testimony unreliable under Federal Rule of Evidence 702 and *Daubert*. These witnesses' failure to prepare their own reports shows that they did not do their own analysis. And an expert lacking the independence to prepare his own report and form his own opinions lacks the credibility to be of any assistance to the trier of fact. *Scatuorchio Racing Stable*, 2014 WL 1744848, at *7-8.

In response, Plaintiffs say nothing. Dkt. 52. Their opposition proffers no evidence — or even argument — that Manning and Phillips demonstrate independence sufficient to render their testimony reliable under FRE 702 and *Daubert*. This complete failure to buttress their experts' parroted testimony

requires exclusion of that testimony.

## III. CONCLUSION

For the foregoing reasons, the Court should strike the Manning and Phillips reports and exclude any testimony by those experts.

Respectfully submitted,

Dated: November 12, 2014

BENJAMIN B. WAGNER
United States Attorney

*/s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

Attorneys for Defendant United States