BRUCE G. FAGEL, State Bar No. 103674
EDUARDO J. ASCENCIO, State Bar No. 182061
Law Offices of Bruce G. Fagel
and Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Telephone No. (310) 281-8700
Facsimile No. (310) 281-5656

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., a MINOR, by and through her guardian ad litem, FACUNDO PALACIO DIAZ, MICAELA PALACIO,<br><br>  Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant.<br><hr>ISABELLA PALACIO, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FAGUNDO PALACIO, MICAELA PALACIO, FACUNDO PALACIO DIAZ,<br><br>  Plaintiffs,<br><br>vs.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, DOING BUSINESS AS BANNER LASSEN MEDICAL CENTER, DOES 1-250, INCLUSIVE,<br><br>  Defendants. | Case No. 2:13-CV-02012 JAM-CKD<br><br>PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE EXPERTS' COST COMPARISON AND LIFE CARE PLANS, AND ECONOMIC REPORTS OF DEFENDANTS BANNER HEALTH dba BANNER LASSEN MEDICAL CENTER AND UNITED STATES<br><br>Date: November 19, 2014<br>Time: 9:30 a.m<br>Judge: Hon. John A. Mendez<br>Ctrm.: 6, 14th Floor |

1

### A. The Hospitals' Life Care Plan Is Not a Rebuttal Document

Plaintiffs I.P., a minor, through her guardian ad litem, FACUNDO PALACIO DIAZ and MICAELA PALACIO ("Plaintiffs") moved the Court, pursuant to the *Federal Rules of Civil Procedure* § 26(a)(2) and § 37(c)(1), for an order as to Defendant Banner Health ("Hospital"), excluding the Life Care Plan report (39 pages), and (2) the Cost Comparison report (21 pages), authored by the Defendant Hospital's Retained Expert Nurse LINDA OLZACK, and any expert testimony concerning those reports, which relate to the child's future medical needs.

The ground for the motion was untimeliness, as these reports should have been provided to the Plaintiffs in the initial disclosure of expert witnesses on July 9, 2014, rather than as a supplemental or rebuttal disclosure on September 4, 2014.

Defendant Hospital argues that these life care reports are merely "rebuttal" reports and are consistent with Rule 26 and that Plaintiffs have the "burden of proof" on that issue, so a rebuttal report is appropriate.

That argument and logic is fine, as far as it goes, but ignores the facts of this case. As evidenced by the attached letter from Nurse Olzack, and the attached two reports of Nurse Olzack reveals she prepared <u>two</u> reports. The first is her <u>own</u> life care plan that is not a rebuttal in any sense. The second report, entitled "Cost Comparison" is a rebuttal report envisaged by Rule 26, to that presented by the Plaintiffs.

If the expert evidence is intended <u>solely</u> to rebut evidence of another's expert, the disclosures are due within 30 days after the other party's disclosures. <u>FRCP</u> Rule 26(a)(2)(D)(ii); Cf. <u>Blake v.</u>

1 | <u>Securitas Secur. Services, Inc.</u> (D DC 2013) 292 F.R.D. 15, holding that
2 | purported rebuttal expert testimony offering <u>new</u> arguments beyond mere
3 | rebuttal deemed as untimely disclosed.(Emphasis added).
4 |     The letter from Nurse Olzack (Exhibit "A"), dated September 3,
5 | 2014, to the Hospital's Attorney, enclosing both life care reports
6 | states that she enclosed one report based on the medical
7 | recommendations of Dr. Kimberly Bedell (the Hospital's expert
8 | physiatrist or rehabilitation medicine). This is a life care plan of
9 | the defendant hospital, that has <u>nothing</u> whatsoever to do with
10 | "rebuttal of plaintiffs' life care plan ." (Exhibit "B" - 39 pages)
11 |     Nurse Olzack then continues in her letter, [T]he first report is a
12 | <u>Cost Comparison</u> based on the Life Care Plan prepared by Ms. Karen
13 | Preston, R.N. (Plaintiffs' expert Life Care Planner).(Exhibit "C" - 21
14 | pages). This is a rebuttal report, unlike Exhibit "B".
15 |     There can be little argument that Exhibit B, the Hospital's 39
16 | page life care plan report rebuts nothing presented by the Plaintiffs'
17 | expert, Nurse Preston. It is an independent work by Nurse Olzack based
18 | on the recommendations of Dr. Bedell. It offers "new" evidence
19 | concerning damages.
20 |     Plaintiff agrees that Exhibit "C" the "Cost Comparison Report, is
21 | rebuttal by Nurse Olzack to Nurse Preston's report.
22 |     With respect to the sophistic argument that Plaintiffs have the
23 | burden of proof on the issue of damages --that argument is correct, in a
24 | general legal sense, but proves little. Plaintiffs also have the burden
25 | of proof on the issues of negligence and causation, yet both defendants
26 | provided expert physician reports on negligence and causation.
27 |     *Beller ex rel. Beller v. United States* (D NM 2003) 221 F.R.D. 696,
28 | at pp. 701-702 states that Rule 26(e) does not give license to 'sandbag'

one's opponent with claims and issues that should have been included in the expert witness' original report. This is evidenced by the Hospital's 39 page life care plan report, not a rebuttal, that should have been included in the original disclosure, and should now be excluded as untimely.

Dr. Bedell had sufficient time and opportunity to consult in the preparation of this report prior to the initial disclosure date:

> Q. Okay. Did you have the ability to pick up the
> 22    phone at any time between May 7th and July 9th and offer
> 23    Linda Olzack specific recommendations for this child's
> 24    life care plan in addition to the conversation that you
> 25    had with her on May 16th that you've already testified
> 1     about?
> 2        A. Can you repeat that question?
> 3        Q. Let's have it read back.
> 4        A. Okay.
> 5        (The question is read by the reporter.)
> 6        THE WITNESS: Could I pick up the phone? Yes, I
> 7    was physically able to pick up the phone.
> 8        MR. ASCENCIO: Okay.
> 9        THE WITNESS: Did I pick up the phone and discuss
> 10   with her? I did not.
>
> (Deposition of Kimberly K. Bedell, M.D., page 9, condensed version)

### B: Defendant United States' Life Care Plan Is Only In Small Part, a Rebuttal Document

The 28 page Life Care Plan of the United States Retained Expert Tim Sells is primarily not a rebuttal document to the Plaintiffs' life care

4

plan (Exhibit "D"). Mr. Sells states on page 1 that in preparation of this Life Care Plan, he participated in the parents' interview, reviewed medical records and consulted with the United States' expert Physiatrist, Dr. Capell. This document was not served on the plaintiffs during the initial disclosure of experts. It is dated September 4, 2014.

Defendant United States makes a similar argument to the Hospital's argument above, that this is only a "rebuttal" life care plan concerning damages and that such rebuttal is appropriate, because Plaintiffs have the burden of proof on damages.

A review of the actual life care plan shows there is little "comparison" between the Plaintiffs' Life Care Plan. The majority of Mr. Sells' document is new matter. It mixes new matter with rebuttal comments. It is not <u>solely</u> rebuttal document per <u>Blake v. Securitas Secur. Services, Inc.</u>, supra. On page 3 of the document, for example, under the heading Podiatrists, Mr. Sells makes the comment "Per Dr. Capell, this service is not needed." That certainly is a rebuttal comment. It is not again until page 6, that Mr. Sells states "per Dr. Capell, this surgery is not necessary." On page 10, there is the comment "already purchased, no replacement needed" with respect to a feeding pump pole. On Page 11, there are 3 "not needed" comments. On Page 19, there is the comment "not needed" with respect to replacing carpeting with a hard surface, because the plaintiff "will not be wheeling herself."

Thus, in the fist 19 pages of Mr. Sells' report, there exists 6 items of rebuttal, contrasted with over 100 items that are not solely rebuttal, but new matter. The concluding 9 pages, from page 20 to 28of the report are only new material and not rebuttal.

Dr. Capell in his deposition (page 34 of condensed version) states that on the date of the examination of the minor plaintiff he had the opportunity, and chose not to utilize that opportunity, to prepare a report prior to July 8, 2014, the date of the initial expert disclosure. He could have prepared such a report:

```
Q.  Okay. And did you have an opportunity to put
15 your thoughts together and prepare your report prior to
16 July 8th of 2014, such that you could offer Mr. Sells
17 specific recommendations regarding the items, the
18 frequency, the duration, and the age of interventions?
19   A.  Again, does "opportunity" mean were it
20 possible?
21   Q.  Was it possible?
22   A.  I'm sure it was possible. It just wasn't done.
```

Deposition of Dr. Capell, page 34/14-25.

***

Thus, this Life Care Plan of Mr. Sells, is not a rebuttal document, is untimely and should be excluded.

### C. The Hospital's Economic Report by Constantine Boukidis is Not A Rebuttal Document As It is Based on The New Matter Contained in the "Cost Comparison Report" of Linda Olzack, and Comments on Future Care by Nurse Olzack:

Defendant Hospital submitted its economic report of Mr. Boukidis on September 5, 2014. It was not produced during the initial expert disclosure. A copy of the transmittal letter from Mr. Boukidis to the Hospital Attorney is attached as Exhibit "E." Mr. Boukidis states, that his report is based, in part, on the "Cost Comparison Report" of Nurse Olzack. As shown in Part A, above, this Cost Comparison Report, is not

1  rebuttal, but entirely new matter. Thus, this economic report is
2  likewise new matter, not rebuttal, and untimely.

### D. The United States' Economic Report by Cohen /Volk is Not Rebuttal, as it is based on the Life Care Plan of Tim Sells

The United States submitted its economic report by Cohen and Volk, not in the initial disclosure of experts, but as a rebuttal document. However, it is not a rebuttal document, as it is based on the Tim Sells' Life Care Plan, which as shown in Part B above, not a rebuttal document, but based on new matter. Thus, it shares the same infirmities of the Hospital's economic report, as based on matter that was not solely rebuttal items. A copy of the transmittal letter from Cohen and Volk, dated September 5, 2014, evidencing that it relied on improper material is attached as Exhibit "F".

### E: Prejudice to Plaintiffs

Plaintiffs suffered prejudice because they did not have the opportunity to review the Defendants' Life Care Plans and Economic Reports due at the initial disclosure; thus, depriving the Plaintiffs' experts from reviewing and offering their own carefully prepared rebuttal reports prior to their depositions and in preparation for trial.

Wherefore, Plaintiffs respectfully move the court to exclude the economic and life care plan reports, and any testimony concerning these reports from both defendants.

//

Dated: November 12, 2014

                                         Respectfully submitted,

                                         <u>/s/ Eduardo J. Ascencio</u>
                                         EDUARDO J. ASCENCIO
                                         LAW OFFICES OF BRUCE G. FAGEL
                                         & ASSOCIATES
                                         Attorneys for Plaintiffs