FILED

MAR 23 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,, ) ) ) | Case No. 2:13-CV-01012 JAM-CKD |
| Plaintiffs, ) | **AMENDED PRETRIAL CONFERENCE ORDER** |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) ) | |
| _____ ) | |
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO, ) ) ) | |
| Plaintiffs, ) | |
| v. ) ) | |
| BANNER HEALTH, AN ARIZONA CORP., ) doing business as BANNER LASSEN ) MEDICAL CENTER; DOES 100- 200, ) ) | |
| Defendants. ) _____ ) | |

Pursuant to court order, a Pretrial Conference was held on

March 12, 2015 before Judge John Mendez.  Bruce Gary Fagel appeared

as counsel for plaintiffs; Victoria Boesch and Chi Soo Kim appeared

as counsel for defendant; and Thomas Joseph Doyle appeared as

1  counsel for defendant Banner Health.  After hearing and submission
2  of additional papers by the parties, the court makes the following
3  amended findings and orders:

I. <u>JURISDICTION/VENUE</u>

5      Jurisdiction is predicated upon 28 U.S.C. §§ 2674, 1346(b),
6  and has previously been found to be proper by order of this court,
7  as has venue.  Those orders are confirmed.

II. <u>JURY/NON-JURY</u>

9      This will be a court trial.

III. <u>UNDISPUTED FACTS</u>

11     1.  Micaela Palacio presented to BLMC late in the evening on
12 April 29, 2012, in active labor.  She was at 39 weeks of gestation
13 and had delivered two prior children vaginally without
14 complications.

15     2.  Banner Health is a nonprofit corporation that owns BLMC,
16 a 25-bed hospital that provides medical care in Lassen County.

17     3.  In April 2012, Dr. Paul Davainis and Dr. Paul Holmes were
18 Northeastern Rural Health Clinic employees.

19     4.  Northeastern Rural Health Clinic is located in
20 Susanville, California and is a Federally Qualified Health Center.

21     5.  Dr. Davainis and Dr. Holmes are doctors with a specialty
22 in Family Medicine who were in April 2012 deemed federal employees
23 pursuant to the Federally Supported Health Centers Assistance Act.

24     6.  In April 2012, Kelley DelCarlo was a registered nurse and
25 a Banner employee.

26     7.  Ms. DelCarlo and Ms. Ginger Leeth were working at BLMC
27 the evening of April 29, 2012 and provided nursing care to Micaela
28 Palacio.

8.   Dr. Davainis was on call for Obstetrics during the evening of April 29, 2012.  Dr. Davainis was at his home when he was called by the nursing staff and arrived at the hospital in the early morning of April 30, 2012.

9.   Dr. Holmes was at his home when he was called at 5:00 a.m. on April 30, 2012, to assist with the delivery of I.P.

10.   Dr. Davainis performed a c-section on Micaela Palacio and was assisted by Dr. Holmes in performing the c-section.

11.   Dr. Davainis delivered I.P. via c-section on April 30, 2012, at BLMC.  I.P. had APGAR scores of 0, 2 and 3, at 1, 5 and 10 minutes, respectively.

12.   After I.P. was delivered, Dr. Holmes resuscitated I.P. and was assisted by hospital staff in the resuscitation.

13.   I.P. was later transferred to U.C. Davis Medical Center NICU.

14.   I.P. was cared for at U.C. Davis Medical Center from April 30, 2012 to June 5, 2012.

15.   I.P. was diagnosed with a hypoxic brain injury and has been diagnosed with spastic quadriplegic cerebral palsy, cortical visual impairment, and severe global developmental delay.

16.   I.P.'s medical condition will prevent her from being able to work.

17.   I.P. will be three years old on April 30, 2015.

18.   Micaela Palacio is 37 years old.

19.   Facundo Palacio Diaz is 37 years old.

20.   Facundo Palacio Diaz is I.P.'s father and Micaela Palacio's husband.

///

3

21.  On or around November 20, 2012, I.P. and Micaela Palacio presented administrative tort claims to the Department of Health and Human Services.

22.  Micaela Palacio's administrative claim sought five hundred thousand dollars ($500,000) for severe emotional distress.

23.  I.P.'s administrative claim sought twenty-five million dollars ($25,000,000) for personal injury.

24.  Facundo Palacio Diaz did not present an administrative tort claim to the Department of Health and Human Services.

25.  Facundo Palacio Diaz brought a loss of consortium claim in the Superior Court action against Banner Health.

26.  Medi-Cal has issued a lien for payments made by the Medi-Cal program for medical services related to I.P.'s injury of $82,062.14, as of February 3, 2015.  This is not a final lien amount.

## IV. DISPUTED FACTUAL ISSUES

1.  Whether Dr. Davainis met the standard of care during his management of Micaela Palacio's labor and delivery of IP.

2.  Whether Dr. Davainis met the standard of care in not calling for a cesarean-section delivery for I.P.'s birth before 5:00 a.m. on April 30, 2012.

3.  Whether nurses Kelly DelCarlo and Ginger Leeth met the standard of care applicable to labor and delivery nurses in caring for Micaela Palacio during her labor and delivery at BLMC on April 29, 2012, to April 30, 2012.

4.  Whether Dr. Holmes met the standard of care in resuscitating I.P. after her birth on April 30, 2012.

///

4

5.   Whether the BLMC Staff who assisted Dr. Holmes met the standard of care in resuscitating I.P. after her birth on April 30, 2012.

6.   Whether Banner Health is vicariously liable for the alleged negligence of Ginger Leeth.

7.   What are the nature and extent of Plaintiffs' claimed injuries?

8.   What is I.P.'s life expectancy?

9.   What medical care and supplies will I.P. reasonably require in the future and what is a reasonable projection of the likely cost of such future medical care?

10.   What assumptions should be used in calculating a reasonable present value for the projected likely cost of I.P.'s future medical care?

11.   What assumptions should be used in calculating reasonable projected lost earnings for I.P.?

<u>Plaintiffs</u>:   Plaintiffs offer the following additional disputed factual issue.

1.   What assumption should be used in calculating the inflation factor concerning general damage cap of $250,000 per Civil Code Section 3333.2 since its enactment in 1975?   The California Supreme Court in *Salgado v. County of Los Angeles* (1998) 19 Cal.4[th] 629  stated Civil Code Section 3333.2 "should be interpreted to provide a uniform limit of $250,000 in *current* dollars at the time of judgment, regardless of when the damages are actually to be paid." Any lower limit simply provides the defendant with a windfall . . . " *Id.*  642.

///

5

1   Inflation is a matter of judicial notice. *Kirchner v.*
2   *Atchison, T. & F.F. Ry. Co.* (1948) 32 Cal.2d. 178, 187.

3   <u>United States</u>:  The United States submits that the proper
4   application of Civil Code Section 3333.2's general damages cap is a
5   legal issue appropriately dealt with in the parties' trial briefs.
6   The United States disagrees with Plaintiffs' analysis of this issue
7   and intends to address that disagreement in its trial brief.

8   <u>Banner Health</u>:  Banner Health submits that the proper
9   application of Civil Code Section 3333.2's general damages cap is a
10  legal issue appropriately dealt with in the parties' trial briefs.
11  Banner disagrees with Plaintiffs' analysis of this issue and
12  intends to address that disagreement in its trial brief.

13                    V. <u>DISPUTED EVIDENTIARY ISSUES</u>

14       <u>Stipulated Briefing Schedule for Motions In Limine</u>

15       To conserve resources and time for the Court and the parties,
16  the parties have stipulated to a briefing schedule for their
17  motions in limine.  The parties to this complex medical malpractice
18  action have designated 30 experts for trial, most of whom reside
19  outside this district.  Motions in limine may reduce the number of
20  experts and narrow the issues and evidence for trial.  While the
21  parties have requested that these motions in limine be decided by
22  April 15, the Court has informed the parties that it is unable to
23  agree to this request given the Court's current trial schedule and
24  caseload.  The Court will attempt to issue its decision on these
25  motions before the first day of trial.

26       The parties stipulate to the following motion-in-limine
27  schedule, designed to correspond to the Court's briefing schedules
28  for motions in limine in other civil cases:

6

1      ■ Motions in Limine Due:       March 27, 2015

2      ■ Oppositions to Motions in Limine Due:  April 2, 2015

3      ■ No Replies

4                VI. <u>RELIEF SOUGHT</u>

5 <u>Plaintiffs</u>:

6 **(A) Economic damages:**

7     1.   Peter Formuzis, PhD, Plaintiff's retained economist,

8 analyzed and calculated the present cash value and total future

9 dollars for the economic damages in this case utilizing life

10 expectancies of 20 and 26 years offered by Dr. Olson and Dr. Lott,

11 respectively.

12     2.   Based on a life expectancy of 26 years, the present cash

13 value of Isabella's future medical care amounts to $12,949,673.

14 Based on a life expectancy of 20 years, the present cash value of

15 Isabella's future medical care will be $10,552,845.

16     3.   Nurse Preston's life care plan was submitted to the

17 annuity market and, further, evaluated by Plaintiffs' economist,

18 Dr. Formuzis. The annuity cost of Nurse Preston's life care plan is

19 $27,391,668 (at a 3% inflation factor) or $36,384,039 (with a 4%

20 inflation increase) with an additional $842,990 in one-time costs.

21     4.   Dr. Formuzis also calculated Isabella's loss of future

22 earning capacity and testified that  I. P. lost 100% of her earning

23 capacity. Dr. Formuzis calculated the present value of future loss

24 of earnings for a female with a high school diploma and with some

25 college. Future loss of earning capacity for Isabella ranges from

26 $881,426 to $967,796.

27     5.   The Department of Health Services of the State of

28 California (Medi Cal) has a lien of $82,062.14, as of Feb 3 2015.

1 | This is not a final lien.

2 |     **(B) General damages**

3 |     6.   Plaintiff I.P. has a separate general damage claim for

4 | $250,000.

5 |     7.   Plaintiff Micaela Palacio has 2 separate claims for

6 | negligence and a *Burgess* claim for negligent infliction of

7 | emotional distress.  Each claim has a separate maximum potential

8 | recovery under California substantive law of $250,000, for a total

9 | maximum recovery of $500,000.

10 |     8.   Plaintiff Facundo Palacio Diaz has a separate loss of

11 | consortium claim with a maximum potential recovery under California

12 | substantive law of $250,000.

13 |     **(C) Inflation and Non-Economic Damages**

14 |     9.   Plaintiffs contend that the general damages damage cap of

15 | $250,000 per Civil Code Section 3333.2 since its enactment in 1975

16 | has eroded because of inflation. The California Supreme Court in

17 | *Salgado v. County of Los Angeles* (1998) 19 Cal.4th 629  stated Civil

18 | Code Section 3333.2 "should be interpreted to provide a uniform

19 | limit of $250,000 in *current* dollars at the time of judgment,

20 | regardless of when then the damages are actually to be paid." Any

21 | lower limit simply provides the defendant with a windfall . . . "

22 | *Id*. 642. Indexed for inflation the current dollar value of

23 | $250,000 awarded in 1975 is at least $1,087,000. The value of the

24 | 1975 $250,000 is less than $58,000.

25 |     <u>United States</u>:

26 |     1.   The United States seeks a judgment finding no liability

27 | because Dr. Davainis and Dr. Holmes met the standard of care.  In

28 | accordance with 28 U.S.C. § 2675(b), the Plaintiffs' damages, if

1    any, are limited to the amount of the sum certain demanded in the
2    administrative claim.

3        Banner Health:

4        1.    Banner Health seeks a judgment finding no liability
5    because Ms. DelCarlo, Ms. Leeth, and hospital staff met the
6    standard of care.

### VII. POINTS OF LAW

8        Trial briefs shall be E-filed with the court no later than
9    seven (7) days prior to the date of trial, i.e., May 19, 2015.   Any
10   points of law not previously argued to the Court should be briefed
11   in the trial briefs.

### VIII. ABANDONED ISSUES

13       The parties are not aware of any abandoned issues in this
14   case.

### IX. WITNESSES

16       Plaintiffs' Witness List is attached to this Pretrial
17   Conference Order as Exhibit A.

18       Defendant's Witness List is attached to this Pretrial
19   Conference Order as Exhibit B.

20       Defendant Banner Health's Witness List is attached to this
21   Pretrial Conference Order as Exhibit C.

22       Each party may call a witness designated by the other.

23       A.    No other witnesses will be permitted to testify unless:

24           (1)   The party offering the witness demonstrates that the
25   witness is for the purpose of rebutting evidence which could not be
26   reasonably anticipated at the Pretrial Conference, or

27           (2)   The witness was discovered after the Pretrial
28   Conference and the proffering party makes the showing required in

1  "B" below.

2      B.   Upon the post-Pretrial discovery of witnesses, the

3  attorney shall promptly inform the court and opposing parties of

4  the existence of the unlisted witnesses so that the court may

5  consider at trial whether the witnesses shall be permitted to

6  testify.  The evidence will not be permitted unless:

7          (1)  The witnesses could not reasonably have been

8  discovered prior to Pretrial;

9          (2)  The court and opposing counsel were promptly

10 notified upon discovery of the witnesses;

11         (3)  If time permitted, counsel proffered the witnesses

12 for deposition;

13         (4)  If time did not permit, a reasonable summary of the

14 witnesses' testimony was provided opposing counsel.

15            X. EXHIBITS, SCHEDULES AND SUMMARIES

16     Plaintiffs' Exhibit List is attached to this Pretrial

17 Conference Order as Exhibit D.

18     Defendant's Exhibit List is attached to this Pretrial

19 Conference Order as Exhibit E.

20     Defendant Banner Health's Exhibit List is attached to this

21 Pretrial Conference Order as Exhibit F.

22     Each party may use an exhibit designated by the other.

23     A.   No other exhibits will be permitted to be introduced

24 unless:

25         (1)  The party proffering the exhibit demonstrates that

26 the exhibit is for the purpose of rebutting evidence which could

27 not be reasonably anticipated at the Pretrial Conference, or

28         (2)  The exhibit was discovered after the Pretrial

10

1  Conference and the proffering party makes the showing required in

2  paragraph "B," below.

3      B.    Upon the post-Pretrial discovery of exhibits, the

4  attorneys shall promptly inform the court and opposing counsel of

5  the existence of such exhibits so that the court may consider at

6  trial their admissibility.  The exhibits will not be received

7  unless the proffering party demonstrates:

8          (1)  The exhibits could not reasonably have been

9  discovered prior to Pretrial;

10          (2)  The court and counsel were promptly informed of

11  their existence;

12          (3)  Counsel forwarded a copy of the exhibit(s) (if

13  physically possible) to opposing counsel.  If the exhibit(s) may

14  not be copied, the proffering counsel must show that he has made

15  the exhibit(s) reasonably available for inspection by opposing

16  counsel.

17      As to each exhibit, each party is ordered to exchange copies

18  of the exhibit not later than fourteen (14) days before trial.

19  Each party is then granted five (5) days to file and serve

20  objections to any of the exhibits.  In making the objection, the

21  party is to set forth the grounds for the objection.  The parties

22  shall pre-mark their respective exhibits in accord with the Court's

23  Pretrial Order.  Plaintiffs shall number their exhibits 1-100.  The

24  United States shall number their exhibits 200-300.  Banner Health

25  shall number their exhibits 400-500.  Exhibit stickers may be

26  obtained through the Clerk's Office.  An original and one (1) copy

27  of the exhibits shall be presented to Harry Vine, Deputy Courtroom

28  Clerk, at 8:30 a.m. on the date set for trial or at such earlier

time as may be agreed upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail at: hvine@caed.uscourts.gov.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

### XI. DISCOVERY DOCUMENTS

See Section XV regarding the identification and use of discovery documents at trial.

### XII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

### XIII. STIPULATIONS

The parties have made no stipulations regarding trial.

### XIV. AMENDMENTS/DISMISSALS

No amendments of pleadings or dismissals, additions, or substitution of parties are permitted, absent a stipulation or showing of good cause.

### XV. FURTHER TRIAL PREPARATION

A.    Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs should be E-filed seven (7) days prior to trial, i.e., May 19, 2015.

B.    It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the

Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

C.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

D.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

XVI. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this case at this time.

XVII. AGREED STATEMENTS

See paragraph III, *supra*.

XVIII. SEPARATE TRIAL OF ISSUES

Trial will not be bifurcated nor will there be a separate trial of issues.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The Court will not appoint any impartial experts but may limit any cumulative testimony by experts.

## XX. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

## XXI. MISCELLANEOUS

None.

## XXII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate eighteen (18) to twenty (20) court days for trial.  Trial will commence on May 26, 2015, at 1:00 p.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: March 23, 2015.

JOHN A. MENDEZ
United States District Court Judge

**<u>EXHIBIT A</u>**

### Exhibit A   - Plaintiffs' Witnesses

Plaintiffs' Non-expert Witnesses
1.     I.P.
2.     Micaela Palacio
3.     Facundo Diaz Palacio
4.     Paul Davainis, MD
5.     Paul Holmes, MD
6.     Kelley DelCarlo RN
7.     Ginger Leeth, RN
8.     Stephen Braatz, MD
9.     Dawn Ammick, RN
10.    Lin Ross, RN
11.    Drondee Perez, RT
12.    Arlene Acosta, RN
13.    Joel Paoner, CRNA
14.    Catherine Jamieson, RN

Plaintiffs' Expert Witnesses

1.     Laura Mahlmeister, PhD
2.     Richard H. Paul, MD
3.     William Rhine, MD
4.     Michael Sherman, MD
5.     Frank Manning, MD
6.     Jerome Barakos, MD
7.     Patrick Barnes, MD
8.     Peter Formuzis, PhD
9.     Ira Lott, MD
10.    Donald Olson, MD
11.    Luis Montes, MD
12.    Karen Preston, RN

**EXHIBIT B**

**Exhibit B**

1  BENJAMIN B. WAGNER
   United States Attorney
2  VICTORIA L. BOESCH
   CHI SOO KIM
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA  95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6  Attorneys for the United States

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10
   I.P., A MINOR, BY AND THROUGH HER        CASE NO.   2:13-CV-01012 JAM-CKD
11 GUARDIAN AD LITEM, FACUNDO
   PALACIO DIAZ; MICAELA PALACIO,           **UNITED STATES' WITNESS LIST**
12
13                      Plaintiffs,          Pretrial Conference:  March 12, 2015
                                             Time:  10:00 a.m.
14                    v.                      Courtroom:  6, 14th floor
                                             Judge:  Hon. John A. Mendez
15 UNITED STATES OF AMERICA,
16                      Defendant.            **TRIAL:  May 11, 2015**

17
   I.P., A MINOR, BY AND THROUGH HER
18 GUARDIAN AD LITEM, FACUNDO
   PALACIO DIAZ; MICAELA PALACIO,
19
20                      Plaintiffs,
                      v.
21
   BANNER HEALTH, AN ARIZONA CORP.,
22 doing business as BANNER LASSEN
   MEDICAL CENTER; DOES 100- 200,
23
24                      Defendants.

25

26        Pursuant to the Court's Status (Pre-trial Scheduling) Order of October 3, 2013 [Document 14]

27 and Local Rule 281, Defendant United States of America presents its witness list.

28

   **UNITED STATES' WITNESS LIST**                    1

## Exhibit B

Fact Witnesses

1)  Paul Cameron Davainis, M.D.
    Shasta Community Health Center
    2801 Silver St.
    Anderson, CA 96007

2)  Kelley DelCarlo, R.N.
    c/o Thomas J. Doyle, Esq.
    Schuering Zimmerman & Doyle
    400 University Ave.
    Sacramento, CA 95825

3)  Paul W. Holmes, M.D.
    Banner Lassen Medical Center Emergency Room
    1800 Spring Ridge Dr.
    Susanville, CA  96130

4)  Joel D. Paoner, CRNA
    c/o Thomas J. Doyle, Esq.
    Schuering Zimmerman & Doyle
    400 University Ave.
    Sacramento, CA 95825

5)  Drondee Perez, R.T.
    c/o Thomas J. Doyle, Esq.
    Schuering Zimmerman & Doyle
    400 University Ave.
    Sacramento, CA 95825


Expert Witnesses

6)  Paul Adams
    Moss Adams LLP
    2030 Main Street, Suite 1400
    Irvine, CA 92614

7)  Joseph T. Capell, M.D.
    A Professional Corporation
    5550 N. Palm Avenue, Suite 101
    Fresno, CA 93704

8)  Steven M. Day, PhD
    Mortality Research & Consulting, Inc.
    17700 Castleton Street, Suite 586
    City of Industry, CA 91748

**Exhibit B**

9)     Maurice Leslie Druzin, M.D.
       Stanford University Medical Center
       300 Pasteur Drive, Room HH333
       Stanford, CA 94305-5317

10)    Philippe Friedlich, M.D. MS Epi. MBA
       Children's Hospital Los Angeles
       USC Division of Neonatal Medicine
       4650 Sunset Blvd, MS 31
       Los Angeles, CA 90027

11)    Michael Patrick Nageotte, M.D.
       Long Beach Memorial Medical Center
       2801 Atlantic Avenue
       Long Beach, CA 90801

12)    Daljeet S. Rai, M.D.
       455 O'Connor Drive, Suite #210
       San Jose, CA 95128

13)    Timothy R. Sells, MA, CRC, CLP
       Sells and Associates, Inc.
       791 University Avenue
       Sacramento, CA 95825

14)    Gordon Sze, M.D.
       Yale University School of Medicine
       Section of Neuroradiology
       333 Cedar Street
       New Haven, CT  06510

15)    Karl Erik Volk
       Cohen-Volk Economic Consulting Group
       1155 Alpine Road
       Walnut Creek, CA 94596

16)    Yvonne W. Wu, M.D.
       University of California, San Francisco
       350 Parnassus Ave, Suite 609
       San Francisco, CA 94143-0137

                                    Respectfully Submitted,

DATED:  March 6, 2015               BENJAMIN B. WAGNER
                                    United States Attorney

                                     /s/ Victoria L. Boesch
                                    VICTORIA L. BOESCH
                                    CHI SOO KIM
                                    Assistant United States Attorneys

UNITED STATES' WITNESS LIST                    3

**EXHIBIT C**

## Exhibit C

### BANNER HEALTH'S WITNESS LIST
### FOR JOINT PRE-TRIAL STATEMENT

1. **Kelly Del-Carlo**
   **c/o Thomas J. Doyle, 400 University Ave, Sacramento CA 95825**

2. **Drondee Perez**
   **c/o Thomas J. Doyle,   400 University Ave, Sacramento CA 95825**

3. **Joel Paoner, c/o Thomas J. Doyle, 400 University Ave, Sacramento CA 95825**

4. **Linda Ross, c/o Thomas J. Doyle, 400 University Ave, Sacramento CA 95825**

5. **Catherine Jamieson, c/o Thomas J. Doyle, 400 University Ave, Sacramento CA 95825**

6. **Dr. Paul Davainis, c/o Assistant US Attorney, 501 I Street, Ste. 10-100, Sacramento, CA 95814**

7. **Dr. Paul Holmes, c/o Assistant US Attorney, 501 I Street, Ste. 10-100, Sacramento, CA 95814**

8. **Tracy Weeber, RN**
   **3 Marlin Court**
   **Chico, CA 959734**

9. **Michael Ross, M.D.**
   **Harbor-UCLA Medical Center**
   **1000 W. Carson Street, Box 3**
   **Torrance, CA   90509-2910**

10. **Jay Goldsmith, M.D.**
    **1625 Joseph Street**
    **New Orleans, LA 70115**

11. **Kimberly BeDell, M.D.**
    **2801 Atlantic Avenue**
    **Long Beach, CA 90801-1428**

12. **Scott Kush, M.D., JD, MPH**
    **Life Expectancy Group**
    **1370 Willow Road, 2nd Floor**
    **Menlo Park, CA   94025**

13. Constantine Boukidis
    Vavoulis Weiner & McNulty
    455 South Figueroa St., Ste. 3700
    Los Angeles, CA 90071-1641

14. Linda Olzack, R.N.
    Olzack Healthcare Consulting
    2092 Peace Court
    Atwater, CA 95301

15. Dr. Murice Druzin
    Stanford University Medical Center
    300 Pasteur Drive-Room HH333
    Stanford, CA 94305

16. Dr. Philippe Friedlich
    Children's Hospital Los Angeles
    Division of Neonatology
    4650 Sunset Blvd., MS 31
    Los Angeles, CA 90027

17. Dr. Gordon Sze
    Yale University School of Medicine
    333 Cedar Street
    New Haven, CT 06510

18. Dr. Yvonne Wu
    University of California – San Francisco
    350 Parnassus Avenue, Ste. 609
    San Francisco, CA 9143

19. Dr. Joseph Capell
    5550 N. Palm Ave., Ste. 101
    Fresno, CA 93704

20. Dr. Stephen Day
    Mortality Research & Consulting, Inc.
    17700 Castleton St., Ste. 586
    City of Industry, CA 91748

21. Erik Volk
    Cohen/Volk Economic Consulting Group
    1155 Alpine Road
    Walnut Creek, CA 94596

22. **Timothy Sells**
    **Sells & Associates, Inc.**
    **765 University Ave., Ste. 100**
    **Sacramento, CA 95825**

**EXHIBIT D**

**Exhibit D - Plaintiffs' Exhibits (##1-100)**

1.   Medical Records of Micaela Palacio from Northeastern Rural Health Clinics, including, but not limited to, billing records, all OB ultrasounds, Fetal Heart Tracings for all Prenatal Clinic Appointments, and Laboratory Values for all Prenatal Appointments

2.   Medical Records of Micaela Palacio from Banner Lassen Medical Center, including, but not limited to, billing records, Multidisciplinary Admission records, Labor & Delivery nursing progress notes, L & D triage record, Fetal Monitor Tracing, Operative Record by Paul Davainis, MD, Delivery Report, Admission Orders, anesthesia records, and Dr. Davainis's progress notes

3.   Medical Records of I.P. from Banner Lassen Medical Center, including, but not limited to, notes by Paul Holmes, MD, laboratory values, x ray reports, and medication administration records, billing records, and blood gas reports

4.   Medical Records of I.P.from UC Davis, including billing records, brain MRI reports and imaging from May 7, 2012, all brain imaging studies, admission summary, discharge summary, operative reports including gastrostomy tube placement, medication orders, medication administration records, physician progress notes, all therapeutic intervention notes and reports, and physician consultations

5.   Medical Records of I.P. from Children's Hospital Central CA, including billing records, admission summary, discharge summary, genetic testing reports, brain MRI reports and images, all brain imaging studies and reports, blood gas reports, all physical, occupational and speech therapy reports and progress reports,

physician consultations and operative reports, and all Charlie Mitchell Clinics

physician reports

6.    Medical Records of I.P. from Eye & Vision Central CA

7.    Medical Records of I.P. from United Cerebral Palsy

8.    Medical Records of I.P. from Central Valley Regional Center

9.    Medical Records of I.P. from Children's Retina Institute

10.   Medical Records of I.P. from Blind Babies Foundation

11.   Medical Records of I.P. from Children's Home Care

12.   Medical Records of I.P. from REACH Air Medical Services

13.   Medical Records of I.P. from King's County Children's Services

14.   Photographs and videotape of IP

15.   Expert report of Jerome Barakos, MD

16.   Supplemental Expert report of Jerome Barakos, MD

17.   Expert report of Frank Manning, MD

18.   Supplemental Expert report of Frank Manning, MD

19.   Expert report of Peter Formuzis, PhD (20 year Life Expectancy)

20.   Expert report of Peter Formuzis, PhD (26 year Life Expectancy)

21.   Supplemental Expert report of Peter Formuzis, PhD dated Feb. 25, 2015

22.   EPS Settlements Report on Cost of Funding Life Care Plan

23.   EPS Life Care Plan Worksheet for Funding Life Care Plan dated Feb. 18, 2015

24.   US Department of Treasury Daily Treasury Yield Curve Rates

25.   Analysis by Dr. Formuzis on Loss of Earnings Calculations by Eric Volk

26.   Net Discount Rate Analysis by Dr. Formuzis on Nursing Home Services based on

CPI

27. CPI - All Urban Consumers produced by Dr. Formuzis in his Deposition Major Sector Producers and Costs

28. Excerpt from "Assumptions and Methods" produced by Dr. Formuzis

29. Annuity Life Company Tables for Costs per Thousand for I.P.

30. Expert report of Ira Lott, MD

31. Supplemental Expert report of Ira Lott, MD

32. Expert report of Luis Montes, MD

33. Supplemental Expert report of Luis Montes, MD

34. Expert report of Patrick Barnes, MD

35. Supplemental Expert report of Patrick Barnes, MD

36. Expert report of Laura Mahlmeister, PhD

37. Supplemental Expert report of Laura Mahlmeister, PhD

38. Expert report of Michael P. Sherman, MD

39. Supplemental Expert report of Michael P. Sherman, MD

40. Expert report of William Rhine, MD

41. Supplemental Expert report of William Rhine, MD

42. Expert report of Karen Preston, RN

43. Supplemental Expert report of Karen Preston, RN

44. Expert report of Richard Paul, MD

45. Supplemental Expert report of Richard Paul, MD

46. Expert report of Donald Olson, MD

47. Supplemental Expert report of Donald Olson, MD

**EXHIBIT E**

<u>Exhibit E (##200-300)</u>

1
2  BENJAMIN B. WAGNER
   United States Attorney
3  VICTORIA L. BOESCH
   CHI SOO KIM
   Assistant United States Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA  95814
5  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
6
   Attorneys for the United States
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11 | I.P., A MINOR, BY AND THROUGH HER        CASE NO.   2:13-CV-01012 JAM-CKD
   | GUARDIAN AD LITEM, FACUNDO
12 | PALACIO DIAZ; MICAELA PALACIO,           **UNITED STATES' AMENDED EXHIBIT
                                              LIST**
13 |                  Plaintiffs,
14 |                                          Pretrial Conference:  March 12, 2015
   |         v.                               Time:  10:00 a.m.
15 |                                          Courtroom:  6, 14th floor
   | UNITED STATES OF AMERICA,                Judge:  Hon. John A. Mendez
16 |
17 |                  Defendant.              **TRIAL:  May 11, 2015**

18 | I.P., A MINOR, BY AND THROUGH HER
   | GUARDIAN AD LITEM, FACUNDO
19 | PALACIO DIAZ; MICAELA PALACIO,
20 |                  Plaintiffs,
21 |         v.
22 | BANNER HEALTH, AN ARIZONA CORP.,
   | doing business as BANNER LASSEN
23 | MEDICAL CENTER; DOES 100- 200,
24 |                  Defendants.
25

26
          Pursuant to the Court's Status (Pre-trial Scheduling) Order of October 3, 2013 [Document 14]
27
   and Local Rule 281, Defendant United States of America presents its exhibit list.
28

   **UNITED STATES' EXHIBIT LIST**              1

200. Medical Records of Micaela Palacio from Northeastern Rural Health Clinics.

201. Medical Records of Micaela Palacio from Banner Lassen Medical Center including without limitation Provider H & P Report, Admission Summary, Labor and Delivery progress notes, Fetal Monitoring strip, Physician Progress Notes, Delivery Report, OR Nursing Report, Discharge Summary Report, medical imaging report, Anesthesia Record

202. Medical Records of I.P. from Banner Lassen Medical Center including without limitation History and Physical, Orders, chest x-ray films, chest x-ray reports, Neonatal Flowsheets, Physician Progress Record, Operative Note, blood gas records, temperature records

203. Medical Records of I.P. from U.C. Davis Medical Center including without limitation medical imaging

204. Banner Lassen Medical Center policies

205. Summary of I.P. insurance records

206. Blue Shield Benefits Summary

207. Blue Shield Records

208. Anthem Blue Cross Records

209. Medi-Cal Records

210. Medicare Pricing, Data Analysis and Coding

211. Centers for Medicare and Medicaid Services, Fee Schedules

212. Affordable Care Act Pricing, California Exchange

213. Certifications for Dr. Paul Davainis and Dr. Paul Holmes

214. Certification for Drondee Perez

215. Expert Report of Maurice L. Druzin, MD

216. Supplemental Expert Report of Maurice L. Druzin, MD

217. Expert Report of Daljeet S. Rai, MD

218. Rebuttal Expert Report of Michael P. Nageotte, MD

219. Expert Report of Philippe S. Friedlich, MD

220. Supplemental Expert Report of Philippe S. Friedlich, MD

221. Second Supplemental Expert Report of Philippe S. Friedlich, MD

222. Expert Report of Erik Volk, Cohen Volk Economic Consulting Group

223. Supplemental Expert Report of Erik Volk, Cohen Volk Economic Consulting Group

224. Second Supplemental Expert Report of Erik Volk, Cohen Volk Economic Consulting Group

225. Erik Volk Deposition File

226. Expert Report of Yvonne Wu, MD

227. Articles cited in Expert Report of Yvonne Wu, MD

228. Expert Report of Gordon Sze, MD

229. ACOG publications

230. Notes by Philippe S. Friedlich, MD

231. Excerpts from 2012 Neonatal Resuscitation Handbook

232. Excerpts from *Pediatric Neuroimaging* by A. James Barkovich textbook

233. Excerpts of Neonatal Encephalopathy and Neurologic Outcome, Second Edition

234. Articles by Richard Paul, MD

235. Fetal Heart Rate Strip exhibits used at depositions

236. Expert Report of Stephen Day, PhD

237. Supplemental Expert Report of Stephen Day, PhD

238. References cited in Expert Report of Stephen Day, PhD

239. Life Tables for U.S. Females (Arias et al, United States life tables, 2009)

240. Life Tables for U.S. Males (Arias et al, United States life tables, 2009)

241. Life Tables for I.P.

242. Percentage Surviving by Hispanic Origin, Race, Age, and Sex: United States, 2009 (Arias et al, United States life tables, 2009)

243. Kaplan–Meier survival curves (Reid SM et al., "Survival of individuals with cerebral palsy born in Victoria, Australia, between 1970 and 2004." Developmental Medicine & Child Neurology, April 2012)

244. Survival in Sweden and California, Gross Motor Function Classification System level IV (Brooks JC et al., "Survival in children with severe cerebral palsy: a further international comparison." Developmental Medicine & Child Neurology, April 2012)

245. David Strauss, Lewis Rosenbloom, Robert Shavelle, and Jordan Brooks, "Improved survival in cerebral palsy in recent decades?" Developmental Medicine & Child Neurology (2012)

246. Expert Report of Timothy R. Sells

247. Life Care Plan Comparison for I.P. by Timothy R. Sells

248. OES Data for Fresno County

249. Expert Report of Joseph T. Capell, MD

250. Review of Records by Joseph T. Capell, MD

251. Supplemental Review of Records by Joseph T. Capell, MD

252. Expert Report of Paul A. Adams

253. Micaela Palacio's Administrative Claim

254. I/P.'s Administrative Claim

255. Photographs of Banner Lassen Medical Center

256. Medical Records of I.P. from Blind Babies Foundation

Exhibit E (##200-300)

257.   Medical Records of I.P. from California Children's Services (King's County Children's Services)

258.   Medical Records of I.P. from Children's Hospital Central California

259.   Medical Records from Children's Home Care

260.   Medical Records of I.P. from Children's Retina Institute

261.   Medical Records of I.P. from Central Valley Regional Center

262.   Medical Records of L.P. from Eye & Vision Central California, Inc.

263.   Medical Records of I.P. from United Cerebral Palsy

264.   Medical Records of I.P. from Dr. Wood (Eye-Q)

Respectfully Submitted,

DATED:  March 20, 2015

BENJAMIN B. WAGNER
United States Attorney
  /s/ Victoria L. Boesch
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys

**EXHIBIT F**

<u>Exhibit F (##400-500)</u>

**BANNER HEALTH'S EXHIBIT LIST
FOR JOINT PRE-TRIAL STATEMENT**

**400.   Micaela Palacio's medical records from Banner Lassen Medical Center**

**401.   I.P.'s medical records from Banner Lassen Medical Center**

**402.   I.P.'s chest x-rays from Banner Lassen Medical Center**

**403.   Paper copy of the fetal monitor strip**

**404.   Electronic copy of the fetal monitor strip**

**405.   Linda Olzack's life care plan**

**406.   Constantine Boukidis' economic report**

**407.   Policies from Banner Lassen Medical Center**
   **a)   WIS: Maternal and Fetal Assessment Guidelines**
   **b)   WIS: Electronic Fetal Monitoring**
   **c)   WIS: Cesarean Section: Surgical Preparation for Scheduled, Unscheduled, Emergent Procedures**
   **d)   Clinical Chain of Command for Patient Care Issues**

**408.   Expert report of Tracy Weeber, RNC**

**409.   Expert report of Michael Ross, M.D.**

**410.   Expert report of Jay Goldsmith, M.D.**

**411.   Expert report of Scott Kush, M.D.**

**412.   Expert report of Kimberly BeDell, M.D.**

**413.   Supplemental expert report of Kimberly BeDell, M.D.**

**414.   Cost Comparison report of Linda Olzack**