Bruce G. Fagel, (103674)
Eduardo J. Ascencio (182061)
Law Offices of Bruce G. Fagel And Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Tel: (310) 281-8700
Fax: (310) 281-5656

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ, MICAELA PALACIO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:13-CV-01012 JAM-CKD<br><br>PLAINTIFFS' MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF AN ANNUITY AS ONE METHOD OF DETERMINING PRESENT CASH VALUE.<br><br>Courtroom 6, 14th floor<br>Judge: Hon. John A. Mendez<br><br>Trial: May 26, 2015 |
| I.P, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FAGUNDO PALACIO DIAZ, MICAELA PALACIO, FACUNDO PALACIO DIAZ,<br><br>Plaintiffs,<br><br>v.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, DOING BUSINESS AS BANNER LASSEN MEDICAL CENTER, DOES 1-250, INCLUSIVE,<br><br>Defendants. | |

Law Offices
*of*
Bruce G. Fagel
&
Associates

Plaintiffs I.P., a minor, by and through her guardian ad litem, Facundo Palacio Diaz, and Micaela Palacio ("Plaintiffs"), move the Court in their Motion in Limine No. 1 to admit evidence regarding the cost of an Annuity as the best evidence of Present

Cash Value (PCV) purchased to fund any future damage payments or award.

Although a motion in limine is usually used to exclude evidence, it may also be used to admit certain evidence. *Piper Aircraft Corp. v. Wag-Aero, Inc.* (7th Cir. 1984) 741 F.2d 925, 930 (Admissibility of survey evidence in trade-mark case). *Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308 (Admissibility of plaintiff's medical expenses).

### A. California Courts Have Approved The Use Of Annuities In Medical Malpractice Cases To Determine Present Cash Value

In *Salgado vs. County of Los Angeles* (1999) 19 Cal.4th 629, a case involving birth injuries and medical malpractice against the County of Los Angeles, the Supreme Court discussed the issue of periodic payments of a judgment (installment payments) and ruled that *Code of Civil Procedure* § 667.7[1] was enacted for the express purpose of avoiding a windfall to the plaintiff's family in the event of his or her premature death and holding that the present value of the periodic payments is best represented by the cost of the annuity purchased to fund the payments. Id at page 643.[2]

The court noted with respect to annuities:

> "Even though the jury, based on the evidence presented at trial, concludes that the plaintiff has a <u>fairly long life expectancy</u>, life insurance companies, after reviewing the medical records and applying actuarial principles, frequently are willing to assume a <u> shorter life expectancy</u> and price an annuity accordingly. Such a savings to defendant <u>has no adverse impact on the plaintiff</u> because the annuity must continue to pay periodic payments even if the plaintiff lives longer than the life insurance company anticipated."

---

[1] *MICRA* and *Code of Civil Procedure* § 667, which provides for periodic payments of any judgment were pleaded as affirmative defense in the answer to the complaint in this proceeding by the United States (Para. 16), as well as by Banner Health in the removed state action.

[2] "The Defendant liable for periodic payments may itself fund the periodic payments ordered by the superior court or the parties may stipulate to satisfaction of the judgment through the purchase of an annuity. " *Salgado*, supra at page 643, quoting from *Schneider vs. Kaiser Foundation Hospitals* (1989) 215 Cal.App. 3d 1311, <u>holding that the present value of the periodic payments is best represented by the cost of the annuity purchased to fund the payments.</u>

Id. at page 643]. (emphasis added).

Also, in *Schneider v. Kaiser Found. Hosps.*, supra, 215 Cal.App.3d at 1319 the court held the present value of periodic payments is normally <u>best</u> represented by the cost of the annuity purchased to fund the payments.

The cost of purchasing an annuity from a life insurance company that pays the given amounts of the loss at various times in the future has been upheld in California since 1946 as a method of determining present value. *Emery vs Southern Cal. Gas Co.* (1946) 72 Cal.App.2d 821, 823-826, holds that annuity tables may be used to determine the present vale of prospective pecuniary loss. In *Emery*, the Court of Appeal held that it was prejudicial error to exclude the testimony of an actuary and the annuity charts on the issue of present cash value. *Emery*, supra at pp.824-826. The dissent in *Emery*, characterized the issue as whether the "verdict was larger than it would have been if the jury had applied the mathematics used by insurance companies in fixing the amounts to be charged by them for annuities." *Id.* p. 829

In *Hrimnak vs. Watkins* (1995) 38 Cal.App. 4th 964, the Court stated "the cost of an annuity provides one measure of the present value of periodic payments". The cost of an annuity approach is simple [citation]; it is also considered the most accurate." *Id.* 969

### B. The Cost of An Annuity Is Also Utilized to Determine Attorneys' Fees

Where the jury has made a specific finding of the present value of future damages, the judge may use that amount to calculate attorneys' fees. Otherwise, the cost of any annuity purchased by defendant to fund the future payments is presumed to be the appropriate present value for calculating attorneys' fees. *Holt v. Regents of Univ. of Calif.* (1999) 73 Cal.App.4th 871, 884.

*Nguyen vs Los Angles County Harbor/UCLA Medical Center* (1995) 40 Cal.App.4th 1433, 1451-1454, explained why the annuity cost, not traditional present value, is the presumptive value of periodic payments for purposes of calculating the fee

of the plaintiff's attorney. The *Nguyen* court stated in its explanation one of the main reason why the cost of an annuity is relevant to prove present value:

> "The market price of the annuity, it is argued, is a <u>more reliable</u> 'witness' to value than the expert economists and doctors called by the parties because insurance companies, unlike the parties' expert witnesses, survive by determining life expectancies and investing customer's premiums. [Citation.] As one of the experts in this case acknowledged, by issuing an annuity policy the insurance company has '"put its money where its mouth is. " (*Id* at p. 1452). (emphasis added.)

C. <u>The Ninth Circuit Court Has Approved the Use of Annuities in Medical Malpractice Cases</u>

*Scott vs. United States of America,* [9th Circuit, 1989] 884 F2d, 1280, involved a Federal Tort Claim (FTCA) action against the United States on behalf of a minor suffering from cerebral palsy and other neurological injuries as a result of medical malpractice occurring prior to, and after, birth suffered at an Air Force military hospital in Alaska

The District Court refused to admit evidence of a single premium annuity, which had been offered by the Government as <u>one means</u> of determining present cash value. The Court of Appeal reversed and found the error to be not harmless, as the government's expert was qualified to testify on the appropriate inflation rate.

The 9th Circuit also found "the evidence [was] relevant to the <u>present value determination</u>." Id at page 1287-1288. In <u>Scott</u> *supra*, a FTCA case, the Court was required to follow substantive Alaska law, which is similar to the present case where the Court is required to follow the substantive law in California.

The Court of Appeal concluded the trial court had abused its discretion in excluding such annuity evidence and remanded the matter to the District Court "to consider the annuity evidence when making a present value determination of Jonathan's economic losses." Id at page 1288.

In (unpublished) [3] *Bennet vs. Hospital Corp. Of America* (9th Cir., August 14, 1990), No. 89-35059) 1990 WL 119096 the Court reaffirmed its *Scott* holding, supra, regarding a jury instruction which "defined present value as the sum of money which, when invested so as to add to it a reasonable rate of return, will pay the future damages at the time and in the amounts in which the jury finds they occurred." (1990 WL 11906 at p 2.). The *Bennet* Court stated:

> "Given this definition, the jury was entitled to consider a variety of investment options, including annuities. This court has itself explicity upheld the use of annuity testimony for the determination of the present value of a damage award. *Scott vs United States*, 884 F.2d 1280, 1288 (9th Cir. 1989)" The district court did not abuse its discretion in admitting evidence of the purchase price of annuities." (*Bennet*, supra, 1990 WL 119096 at p.2.)

***

The foregoing authorities thus evidence that both the Federal and State Courts authorize and approve the use of annuities in medical malpractice and other personal injury cases, with respect to present cash value calculations. They are also authorized, for the funding of any such judgments. Such evidence of an annuity and its premium or cost of the annuity should be admitted into evidence in this proceeding.

Respectfully submitted,

DATED: March 20, 2015   Law Offices of Bruce G. Fagel and Associates

By: _____
Bruce G. Fagel
Attorneys for Plaintiffs

---

[3] California Rules of Court, Rule 977 does not bar the citation of unpublished federal decisions. *Hillman vs. Britton* (1980) 111 Cal.App.3d 810, 816, fn.2.

<u>CERTIFICATE OF SERVICE BY U.S. MAIL</u>

The undersigned hereby certifies that she is an employee of the Law Offices of Bruce G. Fagel and Associates and is a person of such age and discretion to be competent to serve papers;

That on May 27, 2015 she served a copy of:

PLAINTIFFS' MOTION IN LIMINE

No. 1 TO ADMIT EVIDENCE OF AN ANNUITY AS ONE METHOD

OF DETERMINING PRESENT CASH VALUE

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named at the place(s) and address(s) stated below, which is/are the last known address (es), and by depositing said envelope and its contents in the United States Mail at Beverly Hills, California.

Addresses(s):

| Benjamin B. Wagner<br>United States Attorney<br>Victoria Boesch<br>Assistant US Attorney<br>Chi Soo Kim<br>Assistant US Attorney<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, California 95814 | Attorneys for Defendant, United States<br>Telephone No. (916) 554-2743<br>Telephone No. (916) 554-2700<br>Facsimile No. (916) 554-2900<br>email <u>Victoria.Boesch@usdoj.gov</u><br>email <u>chi.soo.kim@usdoj.gov</u> |
|---|---|

_____
Angela Schurer