Bruce G. Fagel, (103674)
Eduardo J. Ascencio (182061)
Law Offices of Bruce G. Fagel And Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Tel: (310) 281-8700
Fax: (310) 281-5656

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ, MICAELA PALACIO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:13-CV-01012 JAM-CKD<br><br>PLAINTIFFS' MOTION IN LIMINE No. 3 REQUESTING A POST TRIAL HEARING SHOULD THERE BE AN AWARD FOR NON-ECONOMIC DAMAGES IN EXCESS OF $250,000; ALTERNATIVELY TO INTRODUCE EVIDENCE OF INFLATION<br><br>Courtroom 6, 14th floor<br>Judge: Hon. John A. Mendez<br><br>Trial: May 26, 2015 |
| I.P, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FAGUNDO PALACIO DIAZ, MICAELA PALACIO, FACUNDO PALACIO DIAZ,<br><br>Plaintiffs,<br><br>v.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, DOING BUSINESS AS BANNER LASSEN MEDICAL CENTER, DOES 1-250, INCLUSIVE,<br><br>Defendants. | |

Plaintiffs I.P., a Minor, by and through her Guardian ad Litem, Facundo Palacio Diaz and Micaela Palacio ("Plaintiffs") move the Court in their Motion in Limine No. 3 for a post-trial hearing with respect to inflation should there be an award for non-

economic damages in excess of $250,000, the cap on general damages delineated in *Civil Code* §3333.2(b). Alternatively, Plaintiffs request they be permitted to introduce evidence during trial of, and concerning, inflation occurring since 1975, when the cap became effective. Although a motion in limine is usually used to exclude evidence, it may also be used to admit certain evidence. *Piper Aircraft Corp. v. Wag-Aero, Inc.* (7th Cir. 1984) 741 F.2d 925, 930 (Admissibility of survey evidence in trade-mark case). *Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308 (Admissibility of plaintiff's medical expenses).

*Civil Code* §3333.2 provides in relevant part:

(a) In any action for injury against a health care provider based on professional negligence, the injured plaintiff shall be entitled to recover noneconomic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement and other non-pecuniary damage.
(b) In no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000).

A. <u>The California Supreme Court Recognizes An Award under Civil Code §3333.2 Must Be in Current Dollars to Account for Inflation</u>

In *Salgado vs. County of Los Angeles* (1998) 19 Cal.4th 629, an individual brought an action for medical malpractice against a county after he sustained permanent injuries during his birth at a county hospital. The term "inflation" appears at least six times in the Court's written opinion.

For his non-economic injuries, the jury awarded plaintiff $10,000 for past and $550,000 for future pain and suffering. The trial court applied the statutory cap of $250,000 to the awarded non-economic damages and, subtracting the $10,000 award, reduced the award for future pain and suffering to $240,000.

Upon the defendant's motion, the trial court, pursuant to Code of Civ. Procedure, § 667.7, ordered that sum to be paid on a periodic basis in equal installments over the

Law Offices
*of*
Bruce G. Fagel
&
Associates

Plaintiffs' Motion in Limine No. 3 Regarding Inflation and Civil Code Section 3333.2

course of plaintiff's life expectancy of 66.8 years, funded by a $61,785 annuity purchased by defendant.

The Supreme Court reversed the judgment of the Court of Appeal which had approved the periodic payment of the non-economic damages, and remanded it in turn to the trial court to enter a new judgment. The court held that the trial court, in requiring periodic payment of future non-economic damages over the course of plaintiff's life expectancy of 66.8 years under Code of Civil Procedure section 667.7 erred in reducing the sum used to fund the stream of future periodic payments from $240,000 to $61,785. Instead, plaintiff was entitled to periodic payment of future non-economic damages totalled over time, the equivalent, in current dollars, of what the immediate lump-sum award of $240,000 would have yielded if it had been invested prudently at the time of judgment. *Id* 640-641, 645.

### B. Any Judgment for Non-Economic Damages Must be in Current Dollars

In *Salgado, supra*, Plaintiff argued that the $550,000 represented the value in current dollars of the pain and suffering plaintiff would suffer in the future. According to plaintiff, the jury understood it was arriving at a figure in current dollars. He argued that when the Superior Court reduced the award to comply with the $250,000 MICRA cap, that reduced amount also represented current dollars whose value must be preserved if the award is to be paid periodically over the course of time. *Id* p. 645. (emphasis added).

The *Salgado* Court stated in response:

"The record as a whole suggests the plaintiff is correct: the jury calculated the value of plaintiff's future non-economic losses in current dollars–i.e., what he was entitled to receive from the County in an immediate lump-sum payment–not in future dollars." *Id* pp. 645-646.

The *Salgado* Court re-stated the Plaintiff's argument in footnote 5:

"As stated by plaintiff:

"When the County elects to pay Jabes' award for future noneconomic damages in one lump sum, the $240,000 jury award (in 1993 dollars) literally translates to $240,000 in cash paid (again, in 1993 dollars). Where the County elects to pay Jabes' award through periodic payments, the $240,000 jury award must still <u>translate to the equivalent</u> of $240,000 in 1993 dollars, though paid in installments." (emphasis added).

In this case, Plaintiff requests the Court obversely, to determine the current equivalent of $250,000, not in 1975 dollars, but in 2015 dollars to account for 40 years of inflation. Specifically, since 1975, inflation has reduced the cap's purchasing power from $250,000 to approximately $58,000. This erosion of purchasing power due to inflation is a matter of Judicial Notice. *Kirchner v. Atchison, T. & S.F. Ry.Co.* (1948) 32 Cal.2d 178, 187.

The *Salgado* Court, *supra*, then added its own comment to footnote 5:

"Instead County was permitted to take the same $240,000 that it would otherwise be required to pay at once at the time of judgment and dole it out over 66.8 years, retaining for itself all of the value of investing the money during those years. By purchasing an annuity, it could reap that value all at once, paying only $61,875 to fund the judgment, instead of the $240,000 for which it was liable. In effect, then, the Superior Court erroneously treated the capped award of $240,000 as a sum in future dollars, and reduced it, for all purposes, to a present value of $61,785." Fn.5.

C: The *Salgado* Court Recognized the Time Value of Money

CACI 3905A, the jury instruction with respect to non-economic damages, states in the last paragraph that, after determining the amount in "current dollars" paid at the time of judgment will compensate the plaintiff for future pain and suffering, the jury "should not further reduce this amount to present dollars, as that calculation should only be performed with respect to economic damages." The <u>Use Note</u> to CACI 3905A states: "The amount that the jury is to award should already encompass the idea of <u>today's dollars for tomorrow's loss</u>. (See Salgado v. County of L.A. (1998) 19 Cal.4th 629,646-647." (emphasis added).

Plaintiffs' Motion in Limine No. 3 Regarding Inflation and Civil Code Section 3333.2

In fact the *Salgado* Court stated with respect to such awards:

" . . . [w]e conclude that when future non-economic damages are sought, the jury should be instructed expressly that they are to assume that an award of future damages is a present value sum, i.e., they are to determine the amount *in current dollars paid at the time of judgment* that will compensate a plaintiff for future pain and suffering." *Id* p.646-647. (Italics in original).

Additionally, the Court stated: " Indeed, because the sum to be awarded for compensation for the pain and suffering to be incurred in future years and because the money received now can be invested, it makes sense to give some recognition to the time value of money in determining the sum the plaintiff should have available now and during the future years thoughout which his disability will continue." *Id.* P. 647. (emphasis added)

### D. Defendants Receive a Windfall When an Award is Reduced to the MICRA Cap of $250,000, Which is not in Current Dollars

A jury is instructed to award the Plaintiff non-economic damages in "current dollars" per CACI 3905A. If that is correct, then when the award is reduced to the MICRA cap of $250,000, that cap should also be in current dollars. It is not. This disparity provides the defendant with a windfall.

The *Salgado* Court stated: Civ. Code, §3333.2, applies to the total of all noneconomic damages, past and future. If the award for future noneconomic damages is to be paid out periodically pursuant to Code Civ. Proc., § 667.7, the plaintiff is entitled to receive, over time, the amount that the capped award of $250,000 would have yielded if it had been invested prudently at the time of judgment.

In this way, neither the plaintiff nor the defendant will achieve an undue windfall simply depending on whether the full award for noneconomic damages is paid at the time of judgment or is paid over time. The $250,000 cap, then, is not a Legislative attempt to estimate the true damages suffered by plaintiffs but, rather, an attempt to control and reduce medical malpractice insurance costs by placing a predictable,

uniform limit on the defendant's liability for noneconomic damages. Since predictability is the goal, <u>Civ. Code, § 3333.2, should be interpreted to provide a uniform limit of $250,000 in current dollars at the time of judgment regardless of when the damages are actually to be paid.</u>" *Id.* p. 638. (emphasis added).

The *Salgado* Court in footnote 7 recognizes the decreasing purchasing power of the dollar because of inflation. The Court stated that Amici Curiae, California Medical Association, California Dental Association and California Healthcare reiterate the position of the MICRA Manual:

> "Unless <u>evidence of the impact of inflation</u> on damages for future economic losses is allowed, trial court should not periodize damages for future noneconomic losses, except, perhaps when the period over which the payments will be made is short, so that the impact of the decreasing purchasing power of the dollar will be minimal." Fn. 7. (empasis added).

### E: Conclusion

An award for non-economic damages, given in current dollars, should not be reduced to the 1975 MICRA cap without evidence of inflation on the cap. Otherwise, the statute is inconsistent with the jury instruction (CACI 3905A) and lacks symmetry.

Plaintiffs respectfully urge the court to receive evidence of inflation with respect to the MICRA cap of $250,000 in *Civil Code* section.3333.2(b).

Respectfully submitted,

DATED: March 20, 2015        Law Offices of Bruce G. Fagel and Associates

By: _____
Bruce G. Fagel
Attorneys for Plaintiffs

Law Offices
of
Bruce G. Fagel
&
Associates

## CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned hereby certifies that she is an employee of the Law Offices of Bruce G. Fagel and Associates and is a person of such age and discretion to be competent to serve papers;

That on May 27, 2015 she served a copy of:

PLAINTIFFS' MOTION IN LIMINE

No. 3 REQUESTING A POST TRIAL HEARING SHOULD THERE BE AN AWARD FOR NON-ECONOMIC DAMAGES IN EXCESS OF $250,000;

ALTERNATIVELY TO INTRODUCE EVIDENCE OF INFLATION

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named at the place(s) and address(es) stated below, which is/are the last known address (es), and by depositing said envelope and its contents in the United States Mail at Beverly Hills, California.

Addresses(s):

| | |
|---|---|
| Benjamin B. Wagner<br>United States Attorney<br>Victoria Boesch<br>Assistant US Attorney<br>Chi Soo Kim<br>Assistant US Attorney<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, California 95814 | Attorneys for Defendant, United States<br>Telephone No. (916) 554-2743<br>Telephone No. (916) 554-2700<br>Facsimile No. (916) 554-2900<br>email Victoria.Boesch@usdoj.gov<br>email chi.soo.kim@usdoj.gov |

_____
Angela Schurer