BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                    Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO.   2:13-CV-01012 JAM-CKD<br><br>**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 REQUESTING A POST TRIAL HEARING RE: MICRA'S NON-ECONOMIC DAMAGES CAP**<br><br>Judge:  Hon. John A. Mendez<br>Crtrm:  6, 14th floor<br><br>**Trial Date:  May 26, 2015** |
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BANNER HEALTH, AN ARIZONA CORPORATION, doing business as BANNER LASSEN MEDICAL CENTER; DOES 100-200,<br><br>                    Defendants. | |

US OPP TO PL MIL NO. 3 REQUESTING A POST TRIAL HEARING RE: MICRA NON-ECONOMIC DAMAGES CAP

## I. INTRODUCTION

In Plaintiffs' motion in limine No. 3, they request a post-trial hearing regarding inflation on a potential award of non-economic damages. Dkt 87. The Court should deny this motion because: (1) their request is not the proper subject for a motion in limine and is premature, and (2) California law is clear that the Medical Injury Compensation Reform Act of 1975 ("MICRA") creates a $250,000 non-economic damages cap in time-of-judgment dollars that cannot be increased to account for inflation.

The Court should also deny Plaintiffs' alternative request to admit at trial evidence of inflation from 1975 to the present because (1) Plaintiffs' request is really a motion to exceed the MICRA cap presented in the guise of a motion in limine and (2) Plaintiffs have violated Rule 26(a) by never disclosing any evidence regarding "inflation occurring since 1975" nor any expert opinion that applies inflation to reach a "2015 dollars" equivalent of the $250,000 MICRA cap.

## II. ARGUMENT

### A. Plaintiffs' Request For A Post-Trial Hearing On A Potential Damages Award Is Improper And Premature

Plaintiffs' motion in limine for a post-trial hearing on inflation on a potential non-economic damages award is improper because it does not address the admission or exclusion of evidence, ignoring the Court's clear admonition at the Final Pretrial Conference that motions in limine must be limited to evidentiary issues. For this reason alone, the Court should deny motion in limine No. 3.

In addition, it is premature to ask the Court to address issues regarding the payment structure of any potential damages award when no liability has been found and no damages have been awarded. As the California Supreme Court has made clear, any consideration of inflation in connection with a non-economic damages award would occur only in the context of the Court structuring periodic payments of that award at the request of one or both parties. *Salgado v. County of Los Angeles*, 19 Cal. 4th 629, 635-636, 638-43 (1998).

### B. The Court Should Reject Plaintiffs' Improper Attempt To Exceed The MICRA Cap.

Plaintiffs ask the Court to exceed California's statutory MICRA cap of $250,000 for non-economic damages by adjusting this cap for inflation. Cal. Civil Code § 3333.2. Not only is this an

improper subject of a motion in limine, but it violates MICRA. *See id*. at (b) ("In no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000).") Nonetheless, Plaintiffs request that the Court "determine the current equivalent of $250,000, not in 1975 dollars, but in 2015 dollars to account for 40 years of inflation." Pls. MIL No. 3 at 4.

Plaintiffs do not and cannot dispute that MICRA applies to this FTCA action. *See Taylor v. United States*, 821 F.2d 1428, 1431-32 (9th Cir. 1987) (MICRA applies to medical malpractice cases brought under the FTCA). "[T]he Legislature enacted MICRA in response to a medical malpractice insurance 'crisis,' which it perceived threatened the quality of the state's health care." *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*, 8 Cal. 4th 100, 111-12 (1994). MICRA was enacted to reduce the cost of malpractice insurance by limiting the amount and timing of recovery in cases of professional negligence.

"MICRA thus reflects <u>a strong public policy</u> to contain the costs of malpractice insurance by controlling or redistributing liability for damages, thereby maximizing the availability of medical services to meet the state's health care needs." *Western Steamship Lines*, 8 Cal. 4th at 112 (emphasis added); *see also Perry v. Shaw*, 88 Cal. App. 4th 658, 667-68 (2001). One of the central components of MICRA is that it caps non-economic damages at $250,000. MICRA provides:

> (a) In any action for injury against a health care provider based on professional negligence, the injured plaintiff shall be entitled to recover noneconomic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement and other nonpecuniary damage.
>
> (b) In no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000).

Cal. Civ. Code § 3333.2.

Since MICRA was enacted in 1975, the California legislature and voters have rejected repeated efforts to increase the MICRA cap. Most recently, in November 2014, voters rejected an initiative to increase the $250,000 cap to account for inflation. Cal. Prop. 46, 2014 Cal. Legis. Serv. Prop. 46 (West) (Prop. 46 included a provision to "[a]djust the $250,000 cap …set by the Legislature in 1975 to account for inflation and to provide annual adjustments in the future…"). Plaintiffs now ask the Court to do what the California legislature and voters have consistently refused to do.

1    Additionally, California courts repeatedly have held that the MICRA statute does not allow
2 adjustments to the non-economic damages cap for inflation. As the California Court of Appeal
3 explained, the MICRA cap:

> draws no distinction at all between Stinnett [the current plaintiff] and a 1975 plaintiff, as both are limited in their recovery of noneconomic damages to the same amount. **The statute does not address purchasing power; instead, it addresses the maximum dollar amount of noneconomic damages a plaintiff may recover in an action against a health care provider based on professional negligence, which is the same amount for every such plaintiff.** The fact that Stinnett might prefer a different statute, indexed for inflation, does not render unconstitutional the statute the Legislature enacted.

*Stinnett v. Tam*, 198 Cal. App. 4th 1412, 1432 (2011) (emphasis added); *see also id.* at 1419-26 (describing the California courts' long history of rejecting MICRA challenges); *Fein v. Permanente Medical Group*, 38 Cal.3d 137, 157, 162 (1985) (MICRA § 3333.2 is constitutional); *Hoffman v. United States*, 767 F.2d 1431, 1437 (9th Cir. 1985) (same); *Hooper v. Capobianco*, 2004 WL 1167395, *17 (Cal. App. 2004) ("As we have already discussed, MICRA's purpose was to solve an insurance crisis by reducing the system's costs. As plaintiff vigorously argues, freezing the amount of recovery effectively reduces the value of the award over time. There can be no serious debate this effect, in turn, would reduce the value of insurance payouts over time as well, thereby fulfilling the statute's purpose of stabilizing the cost of malpractice insurance. Plaintiff's arguments on this point must be directed to the Legislature.") (not published); *Van Buren v. Evans*, 2009 WL 1396235, *5-6 (Cal. App. 2009) (same) (not published).

   Plaintiffs' reliance on *Salgado v. County of Los Angeles*, 19 Cal. 4th 629 (1998) is misplaced. Rather than supporting Plaintiffs' position that the MICRA cap should be increased to account for 40 years of inflation since MICRA was enacted in 1975, *Salgado* shows that this position is <u>incorrect</u>: "Because predictability was the goal, as *Fein* suggests, **Civil Code section 3333.2 should be interpreted to provide a uniform limit of <u>$250,000 in current dollars at the time of judgment</u>** regardless of when the damages are actually to be paid." 19 Cal.4th at 642 (emphasis added). This directly contradicts Plaintiffs' position, which seeks to undermine this "uniform limit of $250,000 in current dollars at the time of judgment," by far exceeding $250,000 in current, 2015 dollars. *See id.*

C. **The Court Should Exclude Evidence Regarding "Inflation Occurring Since 1975" Because It Was Never Disclosed**

Plaintiffs have never disclosed any evidence or expert testimony regarding "inflation occurring since 1975" or that "the current equivalent of $250,000, not in 1975 dollars, but in 2015 dollars to account for 40 years of inflation." Pls. MIL No. 3 at 4. Plaintiffs did not disclose such evidence with their Initial Disclosures, Supplemental Initial Disclosures, Initial Expert Disclosures, Supplemental Expert Disclosures, or in the deposition of Plaintiffs' economist, Peter Formuzis. S*ee* Dkt. 54-3 at 170-206; Dkt. 84-1 at 22-34, 36-62, 65-71, 73-84, 86-88, 90-92, 95-97; Boesch Decl. ¶4, Exh. X.

As such, the United States has no idea what inflation evidence Plaintiffs seek to use at trial. Nor have Plaintiffs disclosed what inflation percentages are used, how their "2015 dollars" are calculated, or who has done the calculation. It appears that Plaintiffs now attempt to exceed the $250,000 MICRA cap <u>by multiples</u>. *See* Pls. MIL No. 3 at 4 (asserting without support that $250,000 in 1975 dollars now have the purchasing power of $58,000).

Plaintiffs' only witness who could possibly testify regarding "inflation since 1975" and "2015 dollars" is their retained economist Formuzis. But Formuzis never disclosed any opinions on these subjects. *See* Dkt 54-3 at 170-206; Dkt. 84-1 at 22-34, 36-62, 65-71, 73-84, 86-88, 90-92, 95-97; Boesch Decl. ¶4, Exh. X.; *see also* Dkt. 80 (U.S. MIL No. 1, motion to exclude Formuzis' new opinions untimely disclosed in February 2015, which provides additional background regarding Formuzis' opinions). Instead, in his expert reports and his deposition, Formuzis calculated present cash values for I.P.'s projected *future* earnings and medical care costs using inflation. *Id.* The evidence Plaintiffs now seek to admit is completely different from this—evidence regarding inflation since 1975 that will be used to calculate what $250,000 in 1975 (when MICRA was enacted) translates to in 2015 dollars. Pls. MIL No. 3 at 4. Therefore, such inflation evidence should be excluded because it was never disclosed as required under Rule 26(a)(2)(B).

Under Rule 37(c)(1), a party who fails to provide information or to identify a witness as required by Rule 26(a) or 26(e) is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, *or at a trial*, unless the failure was substantially justified or is harmless." (emphasis added). Rule 37(c)(1) is "a self-executing, automatic sanction to provide a strong inducement for

disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see Hoffman v. Constr. Protective Svcs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

The Court should exclude Plaintiffs' proffered inflation evidence because Plaintiffs have not met their burden to prove that their failure was substantially justified or was harmless. *See Goodman*, 644 F.3d at 827; *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). There is no justification for Plaintiffs' non-disclosure. And their failure to disclose evidence they intend to use to seek further damages prejudices the United States because the United States has been deprived of the opportunity to adequately respond to such evidence.

The Court's Pretrial Scheduling Order required Rule 26(a)(2) expert disclosures by July 9, 2014, and supplemental and rebuttal expert disclosures by September 5, 2014. Dkt. 14 at 3. This Order makes clear that the "[f]ailure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party. *See* Fed. R. Civ. P. 37(c)." *Id.* Having failed to make the requisite disclosures, Plaintiffs are precluded under the Pretrial Scheduling Order from offering such expert testimony at trial. *See Wong*, 410 F.3d at 1060 (affirming exclusion of late disclosed experts that violate the district court's pretrial scheduling order); Fed. R. Civ. P. 16(f) (providing for sanctions for the failure to obey a scheduling or other pretrial order upon motion or *sua sponte*).

In addition, Rule 26(a)(1) requires parties to disclose "<u>a computation of each category of damages</u> claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

A party is required to supplement or correct its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

At no time did Plaintiffs disclose, supplement, or correct their initial disclosures under Rule 26(a)(1)(A), or their expert disclosures under Rule 26(a)(2) to disclose the inflation evidence they now seek to introduce at trial.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion in limine No. 3.

Respectfully submitted,

Dated:  April 2, 2015

BENJAMIN B. WAGNER
United States Attorney

*/s/ Chi Soo Kim*
CHI SOO KIM
Assistant United States Attorney

Attorneys for Defendant United States