1  BRUCE G. FAGEL (103674)
   EDUARDO J. ASCENCIO (182061)
2  Law Offices of Bruce G. Fagel & Assoc.
   100 North Crescent Drive, Suite 360
3  Beverly Hills, California 90210
   Telephone  (310) 281-8700
4  Facsimile   (310) 281-5656

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 I.P, a minor, by and through her guardian ad      Case No 2:13-CV-01012-JAM-CKD
   litem, FACUNDO PALACIO DIAZ;
12 MICAELA PALACIO                                    ~~PROPOSED~~ ORDER CONFIRMING
                                                      SETTLEMENT AS TO DEFENDANT,
13        Plaintiffs,                                 BANNER HEALTH, AN ARIZONA
                                                      CORPORATION dba BANNER LASSEN
14 vs.                                                MEDICAL CENTER

15 UNITED STATES OF AMERICA,                          HON. JOHN A. MENDEZ

16        Defendants.

17 I. P., a minor, by and through her guardian ad
   litem, FAGUNDO PALACIO, MICAELA
18 PALACIO, FACUNDO PALACIO DIAZ,

19        Plaintiffs,

20 vs.

21 BANNER HEALTH, AN ARIZONA
   CORPORATION, DOING BUSINESS AS
22 BANNER LASSEN MEDICAL CENTER,
   DOES 1-250, INCLUSIVE,

23        Defendants.

24 AND RELATED CROSS COMPLAINT by
   BANNER HEALTH v UNITED STATES OF
25 AMERICA.

26

27        Pursuant to local rule 202(b)(1),  the Lassen County Superior Court approved the Petition

28

                                    1

1   to Approve Compromise of Pending Action, which hearing was held on June 16, 2015 before

2   Judge Michele Verderosa in Department 1. A copy the Order Approving the Compromise of

3   Disputed Claim is attached as Exhibit "A" and the Petition to Approve Compromise of Pending

4   Action as Exhibit "B". Also attached as Exhibit "C" is the Declaration of Bruce G. Fagel in

5   Support of Petition to Approve Compromise Claim of Isabella Palacio.

6         IT IS ORDERED THAT THE SETTLEMENT IN THE STATE COURT ACTION BE

7   APPROVED BY THIS COURT.

8

9   DATED: July 9, 2015

10

11   JOHN A. MENDEZ
       United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROPOSED ORDER OF SETTLEMENT AS TO BANNER HEALTHCARE

# EXHIBIT "A"

MC–351

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Eduardo J. Ascencio, SBN 182061
Law Offices of Bruce G. Fagel and Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210

TELEPHONE NO.: (310) 281-8700   FAX NO. *(Optional):* (310) 281-5656
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Isabella Palacio, a minor

FOR COURT USE ONLY

**FILED**

JUN 1ⱨ 2015

A. BARONE, COURT EXEC. OFFICER
LASSEN SUPERIOR COURT
By_____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Lassen
STREET ADDRESS: 220 S. Lassen Street #2
MAILING ADDRESS: Susanville, California 96130-4390
CITY AND ZIP CODE:
BRANCH NAME: Lassen County Courthouse

CASE NAME: ISABELLA PALACIO, a minor by and through her
guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH

ORDER APPROVING:        AMENDED
[X] COMPROMISE OF DISPUTED CLAIM
[ ] COMPROMISE OF PENDING ACTION
[ ] DISPOSITION OF PROCEEDS OF JUDGMENT
   [ ] Minor   [ ] Person With a Disability

| CASE NUMBER: P 8141 |
|---|
| HEARING DATE, IF ANY:   DEPT.: June 16, 2015   1 |

1. **Petitioner** *(name):* Facundo Palacio Diaz                          has petitioned for court approval of a
   proposed compromise of a disputed claim of a minor or a pending action involving a minor or a person with a disability or a
   proposed disposition of the proceeds of a judgment for a minor or a person with a disability.

2. **Hearing**
   a. [ ]  No hearing was held. The petition is an expedited petition under rule 7.950.5 of the California Rules of Court.
   b. [X]  Date: June 16, 2015 Time: 10:00A Dept.: 1
   c. Judicial officer: Judge Michele Verderoza

3. **Relationship to claimant**
   Petitioner has the following relationship or relationships to claimant *(check all applicable boxes):*
   a. [X]  Parent
   b. [X]  Guardian ad litem
   c. [ ]  Guardian
   d. [ ]  Conservator
   e. [ ]  Claimant, an adult person with a disability, is the petitioner.
   f. [ ]  Other *(specify):*

4. **Claimant** *(name):* Isabella Palacio
   a. [X]  Is a minor.
   b. [ ]  Is a "person with a disability" within the meaning of Probate Code section 3603 who is:
      (1) [ ]  An adult. Claimant's date of birth is *(specify):*
         (a) [ ]  Without a conservator. Claimant has capacity to consent to this order, within the meaning of
                  Probate Code section 812, and has consented to this order.
         (b) [ ]  A conservatee; a person for whom a conservator may be appointed; or without capacity to
                  consent to this order, within the meaning of Probate Code section 812.
      (2) [ ]  A minor described in Probate Code section 3603(b)(3).

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or
   defendants (the "payer")):* BANNER HEALTH, an Arizona Corporation, doing business as
   BANNER LASSEN MEDICAL CENTER;

Form Adopted for Mandatory Use
Judicial Council of California
MC-351 [Rev. January 1, 2010]

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR
MINOR OR PERSON WITH A DISABILITY
(Miscellaneous)**

Code of Civil Procedure, § 372;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 3.1384, 7.953

Legal
Solutions
Plus

MC–351

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER | CASE NUMBER: P 8141 |
|---|---|

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**

a   The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ | 500,000.00 |

b   _____ Until further order of the court, jurisdiction is reserved to determine a claim for a reduction of a Medi-Cal lien under Welfare and Institutions Code section 14124.76. The amount shown payable to the Department of Health Care Services in item 7c(1)(d) of this order is the full amount of the lien claimed by the department but is subject to reduction on further order of the court upon determination of the claim for reduction.

c   The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

(1)   **Payment of fees and expenses**

Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

(a)   _____ Attorney's fees in the total amount of: $ | 0.00 |   payable to *(specify)*:

(b)   X   Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of:   $ | 250,000.00 |

(c)   Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of:   $ | 0.00 |

(i)   Payee *(name)*:

(A)   Address:

(B)   Amount: $ 0.00

(ii)   Payee *(name)*:

(A)   Address:

(B)   Amount: $ 0.00

_____ ] Continued on Attachment 7c(1)(c). *(Provide information about additional payees in the above format.)*

(d)   X   Other authorized disbursements payable directly to third parties in the total amount of: $ 250,000.00 *(Describe and state the amount of each item and provide the name and address of each payee):*

PAYABLE TO FACUNDO PALACIO DIAZ FOR LOSS OF CONSORTIUM CLAIM.

_____ ] Continued on Attachment 7c(1)(d).

(e)   X   Total allowance for fees and expenses from the settlement or judgment:   $ | 250,000.00 |

---

MC-351 [Rev. January 1, 2010]   **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY (Miscellaneous)**   Page 2 of 4

MC–351

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEA | CASE NUMBER: P 8141 |
|---|---|

7. **THE COURT ORDERS** (cont.)

  c. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

  (2) **Balance**

   The balance of the settlement or judgment available for claimant after payment of all allowed
   fees and expenses is:        $ 250,000.00

   The balance shall be disbursed as follows:

   (a)      By one or more checks or drafts in the total amount of *(specify):* $                0.00
    drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an
    endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured
    accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the
    accounts except as provided in the *Order to Deposit Money Into Blocked Account* (form MC-355), which is
    signed contemporaneously with this order ("blocked account").

   (b)   X   By the following method(s) *(describe each method, including the amount to be disbursed ):*
    The sum of $250,000.00 to be held pending the resolution of the
    Federal Tort Claim Action.

       ⅃ Continued on Attachment 7c(2)(b).

   (c)     If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor
    of the state Department of Health Care Services, the state Department of Mental Health, the state
    Department of Developmental Services, and any city and county in California must first be satisfied by the
    following method *(specify):*

       ___ ⅃ Continued on Attachment 7c(2)(c).

8.  ___ **Further orders of the court concerning blocked accounts**
   The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked
   account under item 7c(2)(a):

  a.  Within 48 hours of receipt of a check or draft described in item 7c(2)(a), the petitioner and the petitioner's attorney, if
   any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts
   at *(specify name, branch, and address of each depository, and the amount of each account):*

       ___ ⅃ Continued on Attachment 8a.

MC–351

| CASE NAME: ISABELLA PALACIO, a minor by and through her | CASE NUMBER: |
| guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH | P 8141 |

8.    **Further orders of the court concerning blocked accounts**
      The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7c(2)(a):

   b.   The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account* (form MC-355), which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order for the Deposit of Money Into Blocked Account* (form MC-356). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c.   The balance of the proceeds of the settlement or judgment deposited in a blocked account or accounts under item 7c(2)(a) may be withdrawn only as follows *(check  (1) or (2))*:

      (1)  ___  No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

      (2)  ___  The blocked account or accounts belong to a minor. The minor was born on *(date)*:
             No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9.  ☒  **Authorization to execute settlement documents**
      The petitioner is authorized to execute settlement documents as follows *(check only one)*:

   a.  ☒  Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

   b.  ☒  The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

   c.  ___  The petitioner is authorized and directed *(specify)*:

          ☐  Continued on Attachment 9c.

10. Bond is  ___  ordered and fixed in the amount of: $           0.00   ☐ not required.

11. A copy of this order shall be served on the payer forthwith.

12. ___  **Additional orders**
      The court makes the following additional orders *(specify)*:

      Settlement monies to be paid within twenty (20) days of the signing of this within order.

      ___  Continued on Attachment 12.

Date:  6/16/15                                 *Michele Vine*
                                               JUDICIAL OFFICER

                                ☐  SIGNATURE FOLLOWS LAST ATTACHMENT

# EXHIBIT "B"

**MC-350**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eduardo J. Ascencio, SBN 182061<br>Law Offices of Bruce G. Fagel and Associates<br>100 North Crescent Drive, Suite 360<br>Beverly Hills, California 90210<br><br>TELEPHONE NO.: (310) 281-8700   FAX NO. *(Optional):* (310) 281-5656<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Isabella Palacio, a minor | **ENDORSED FILED**<br>APR 27 2015<br>A. BARONE, COURT EXEC. OFFICER<br>LASSEN SUPERIOR COURT<br>By *J. Barela*, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Lassen
STREET ADDRESS: 220 S. Lassen Street
MAILING ADDRESS: Susanville, California 96130-4390
CITY AND ZIP CODE:
BRANCH NAME: Lassen County Courthouse

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER:<br>P 814) |
|---|---|

| PETITION TO APPROVE: ☐ COMPROMISE OF DISPUTED CLAIM<br>☒ COMPROMISE OF PENDING ACTION<br>☐ DISPOSITION OF PROCEEDS OF JUDGMENT<br>   ☒ Minor   ☐ Person With a Disability | HEARING DATE:<br>6-16-15<br>DEPT.: 1   TIME: 10:00 |
|---|---|

**NOTICE TO PETITIONERS:**

Except as noted below, you must use this form to request court approval of (1) the compromise of a disputed claim of a minor, (2) the compromise of a pending action or proceeding in which a minor or a person with a disability (including a conservatee) is a party, or (3) the disposition of the proceeds of a judgment for a minor or person with a disability. (See Code Civ. Proc., § 372; Prob. Code, § 3600 et seq.) You and the minor or disabled person must attend the hearing on this petition unless the court for good cause dispenses with a personal appearance. The court may require the presence and testimony of witnesses, including the attending or examining physician, and other evidence relating to the merits of the claim and the nature and extent of the injury, care, treatment, and hospitalization. The court may consider on an expedited basis without a hearing requests for approval of the compromises of certain claims and actions or the disposition of the proceeds of certain judgments. If your claim, action, or judgment qualifies for expedited consideration and you want to request it, you must use form MC-350EX for your request. See Cal. Rules of Court, rule 7.950.5.

1. **Petitioner** *(name):* FACUNDO PALACIO DIAZ

2. **Claimant** *(name):* ISABELLA PALACIO
   a. Address: 309 Thurston Avenue Avenal, California 93204

   b. Date of birth: April 30, 2012  c. Age: 2   d. Sex: FEMALE  e. ☒ Minor   ☐ Person with a disability
3. **Relationship**   Petitioner's relationship to the claimant *(check all applicable boxes):*
   a. ☒ Parent   g. ☐ Other relationship *(specify:)*
   b. ☒ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☐ Disabled adult claimant is a petitioner. *(See instructions for items 3e and 3f below.)*
   f. ☐ Disabled adult claimant's express consent to the relief requested in this petition is provided on Attachment 3f.
   *(If you checked item 3e or 3f, state facts on Attachment 3e or 3f showing that the claimant has capacity under Probate Code section 812 to petition or consent to a petition. Only an adult claimant who has sufficient capacity and who does not have a conservator of the estate may petition or consent to a petition. See Probate Code section 3613.)*
4. **Nature of claim**   The claim of the minor or adult person with a disability:
   a. ☐ Has not been filed in an action or proceeding. *(Complete Items 5–23.)*
   b. ☒ Is the subject of a pending action or proceeding that will be compromised without a trial on the merits of the claim.
   Name of court: LASSEN COUNTY SUPERIOR COURT

   Case no.: 56180   Trial date: NONE   *(Complete Items 5–23.)*

| Form Adopted for Alternative Mandatory Use<br>Judicial Council of California<br>MC-350 [Rev. January 1, 2011] | **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**<br>(Miscellaneous) | Code of Civil Procedure, § 372 et seq.;<br>Probate Code, § 3600 et seq.;<br>Cal. Rules of Court, rules 3.1384,<br>7.101, 7.950, 7.951 |
|---|---|---|

**MC-350**

| | |
|---|---|
| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |

**4. Nature of claim**   The claim of the minor or adult person with a disability:

c. ☐   Is the subject of a pending action or proceeding that has been or will be reduced to a judgment for the claimant against the defendants named below in the total amount (exclusive of interest and costs) of *(specify below):*

$ | 0.00

*Defendants (names)*

☐ Additional defendants listed on Attachment 4.   ☐ The judgment was filed on *(date):*
*(Attach a copy of the (proposed) judgment as Attachment 4c and complete items 13–23.)*

**5. ☒ Incident or accident**   The incident or accident occurred as follows:

a. Date and time: April 30, 2012

b. Place: BANNER LASSEN MEDICAL CENTER

c. Persons involved *(names):* Doctors, nurses, personnel of BANNER LASSEN MEDICAL CENTER

☐ Continued on Attachment 5.

**6. ☒ Nature of incident or accident**
The facts, events, and circumstances of the incident or accident are *(describe):* This is a medical malpractice/birth injury case involing a now almost 3 year old who suffered brain injuries from trauma at birth on April 30, 2012, at Banner Lassen Medical Center. Isabella Palacio has been diagnosed with global developmental delay, severe, spastic quadriparetic cerebral palsy with some athetotic component, Cortical visual impairment and possible optic nerve atrophy.  Isabella Palacio has static encephalopathy, severe in degree. She has sustained an hypoxic ischemic insult in the perinatal period.
☐ Continued on Attachment 6.

**7. ☒ Injuries**
The following injuries were sustained by the claimant as a result of the incident or accident *(describe):* Hypoxic/ischemic Encephalopathy, Spastic dquadriplegia, Cortical Blindness, Joint contractures and inability to feed by mouth.

☐ Continued on Attachment 7.

**8. ☒ Treatment**
The claimant received the following care and treatment for the injuries described in item 7 *(describe):*
See medical reports of Ira Lott, M.D., Donald Olson, M.D. and the Life Care Plan of Karen Preston, R.N. of RNS Healthcare Consultations, Inc. attached.

☐ Continued on Attachment 8.

MC-350 [Rev. January 1, 2011]

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

Page 2 of 10

MC-350

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |
|---|---|

9. ☒ **Extent of injuries and recovery** *(An original or a photocopy of all doctors' reports containing a diagnosis of and prognosis for the claimant's injuries, and a report of the claimant's present condition, must be attached to this petition as Attachment 9. A new report is not necessary so long as a previous report accurately describes the claimant's current condition.)*

a. ☐ The claimant has recovered completely from the effects of the injuries described in item 7, and there are no permanent injuries.

b. ☐ The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are temporary *(describe the remaining injuries):*

☐ Continued on Attachment 9b.

c. ☒ The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are permanent *(describe the permanent injuries):* Isabella Palacio has a static encephalopathy, severe in degree. She sustained an hypoxic ischemic injury. Her impairments are permanent and likely to remain severe in degree. She will remain dependent on others for all or most of her activities of daily life. It is unlikely she will have the ability to feed herself.

☐ Continued on Attachment 9c.

10. ☒ **Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries.** Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants named below even though the claimant's injuries may in the future appear to be more serious than they are now thought to be.

11. ☒ **Amount and terms of settlement**

By way of settlement, the defendants named below have offered to pay the following sums to the claimant:

a. The total amount offered by all defendants named below is *(specify):*   $ 500,000.00

b. The defendants and amounts offered by each are as follows *(specify):*

| Defendants *(names)* | | Amounts |
|---|---|---|
| Banner Lassen Medical Center | $ | 500,000.00 |
| | $ | 0.00 |
| | $ | 0.00 |
| | $ | 0.00 |
| | $ | 0.00 |

☒ Defendants and amounts offered continued on Attachment 11.

c. The terms of settlement are as follows *(If the settlement is to be paid in installments, both the total amount and the present value of the settlement must be included):* The gross total settlement is $500,000 on behalf of Banner Lassen Medical Center. It is requested that the Court allow an allocation of $250,000 to Facundo Palacio Diaz (father) for loss of consortium. With a balance of $250,000 allocated to Isabella Palacio to be held pending the resolution of the Federal Tort Claim Action which will be held in costs by the Law Offices of Bruce G. Fagel and Associates.

☒ Continued on Attachment 11.

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

**MC-350**

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |
|---|---|

12. [X] **Settlement payments to others**

    a. [X] No defendant named in item 11b has offered to pay money to any person or persons other than the claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.

    b. [X] By way of settlement, one or more defendants named in item 11b have also offered to pay money to a person or persons other than claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.

        (1) The total amount offered by all defendants to others *(specify)*:      $      250,000.00

        (2) Petitioner [ ] is not [ ] is    a claimant against the recovery of the claimant (other than for reimbursement for expenses paid by petitioner and listed under item 15).
        *(If you answered "is," explain in Attachment 12 the circumstances and the effect your claim has on the proposed compromise of the claim described in this petition.)*

        (3) Petitioner [ ] is not [X] is    a plaintiff in the same action with the claimant.
        *(If you answered "is," explain in Attachment 12 the circumstances and the effect your claim and its disposition has on the proposed compromise of the claim or action described in this petition.)*

        (4) [X] Petitioner would receive money under the proposed settlement.

        (5) The settlement payments are to be apportioned and distributed as follows:

| Other plaintiffs or claimants *(names)* | | Amounts |
|---|---|---|
| Facundo Palacio Diaz | $ | 250,000.00 |
| | $ | 0.00 |
| | $ | 0.00 |
| | $ | 0.00 |

        [ ] Additional plaintiffs or claimants and amounts are listed on Attachment 12.

        (6) **Reasons for the apportionment of the settlement payments between the claimant and each other plaintiff or claimant named above are specified on Attachment 12.**

13. **The claimant's medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from proceeds of settlement or judgment**

    a. **Totals**

        (1) Total medical expenses:    $      0.00

        (2) Total outstanding medical expenses to be paid from the proceeds:    $   0.00

        (3) Total out-of-pocket, co-payments, or deductible payments to be reimbursed from proceeds:    $   0.00

    b. Medical expenses were paid and are to be reimbursed from proceeds as follows:

        (1) [ ] Paid by petitioner in the amount of:    $   0.00

        (2) [ ] Paid by private health insurance or a self-funded plan under:

            (a) [ ] An Employee Retirement Income Security Act (ERISA) insured plan.

            (b) [ ] An ERISA self-funded plan.

            (c) [ ] A Non-ERISA insured plan.

            (d) [ ] A Non-ERISA self-funded plan.

            (e) Amount paid by plan:    $   0.00

            (f) Amount of reimbursement to the plan from proceeds of settlement or judgment:

                (i) [ ] No reimbursement is requested by the plan.

                (ii) [ ] Reimbursement is to be made to the plan and:

                    (A) [ ] There is a contractual reduction of $ ( 0.00 )

                    (B) [ ] There is a negotiated reduction of $ ( 0.00 )

                    (C) [ ] No reduction has been agreed to,

                for a total reimbursement to the plan in the amount of:    $   0.00

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM
OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY
(Miscellaneous)**

MC-350

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |
|---|---|

**13. The claimant's medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from proceeds of settlement or judgment**

b. Medical expenses were paid and are to be reimbursed from proceeds as follows:

(3) ☐  Paid by Medicare in the amount of:  $          0.00

less the statutory reduction in the amount of: $ (_____0.00____)

for a total reimbursement to Medicare in the amount of:  $ | 0.00 |

*(Attach a copy of the final Medicare demand letter or letter agreement as Attachment 13b(3).)*

(4) ☐  Paid by Medi-Cal in the amount of  $_____0.00____

(a) ☐  Notice of this claim or action has been given to the State Director of Health Care Services under Welfare and Institutions Code section 14124.73. A copy of the notice and proof of its delivery ☐ is attached. ☐ was filed in this matter on *(date).*

(b) ☐  Notice of this claim or action has **not** been given to the State Director of Health Care Services. *(Explain why notice has not been given in Attachment 13b(4).)*

(c) ☐  In full satisfaction of its lien rights, Medi-Cal has agreed to accept reimbursement

in the amount of:  $ | 0.00 |

*(Attach a copy of the final Medi-Cal demand letter or letter agreement as Attachment 13b(4).)*

(d) ☐  Petitioner is entitled to a reduction of the Medi-Cal lien under Welfare and Institutions Code section 14124.76 and:

(i) ☐  Is filing a motion seeking a reduction of the lien concurrently with this petition.

(ii) ☐  Requests that the court reserve jurisdiction over this issue.

The amount of the lien in dispute is: $_____0.00____

(5) ☐  (a)  There are one or more statutory or contractual liens of medical service providers for payment of medical expenses. The total amount claimed under these liens is: $_____0.00___ . In full satisfaction of their lien claims, the lienholders have agreed to accept the total sum of:  $ | 0.00 |

*(Provide requested information on each lienholder and certain other medical service providers below.)*

(b)  The name of each medical service provider that furnished care and treatment to claimant and (1) has a lien for all or any part of the charges or (2) was paid (or will be paid from the proceeds) by petitioner for which petitioner requests reimbursement; the amounts charged and paid; the amount of negotiated reduction of charges, if any; and the amount to be paid from the proceeds of the settlement or judgment to each provider are as follows:

(i) (A)  Provider *(name):*
    (B)  Address:

(C)  Amount charged:  $          0.00
(D)  Amount paid (whether or not by insurance):  $ (      0.00  )
(E)  Negotiated reduction, if any:  $ (_____0.00___)
(F)  Amount to be paid from proceeds of settlement or judgment: $ | 0.00 |

(ii) (A)  Provider *(name):*
     (B)  Address:

(C)  Amount charged:  $          0.00
(D)  Amount paid (whether or not by insurance):  $ (      0.00  )
(E)  Negotiated reduction, if any:  $ (_____0.00___)
(F)  Amount to be paid from proceeds of settlement or judgment: $ | 0.00 |

☐  Continued on Attachment 13b(5). *(Provide information about additional providers in the above format, including providers paid or to be paid by petitioner for which reimbursement is requested in item 13b(1) above. You may use form MC-350(A-13b(5)) for this purpose.)*

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

**MC-350**

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |
|---|---|

14. **The claimant's attorney's fees and all other expenses (except medical expenses), including expenses advanced by claimant's attorney or paid or incurred by petitioner to be reimbursed from proceeds of settlement or judgment**

a. Total amount of attorney's fees for which court approval is requested:   $ | 0.00

*(If fees are requested, attach as Attachment 14a, a declaration from the attorney explaining the basis for the request, including a discussion of applicable factors listed in rule 7.955(b) of the Cal. Rules of Court. Respond to item 18a(2) on page 7 and attach a copy of any written attorney fee agreement as Attachment 18a.)*

b. The following additional items of expense (other than medical expenses) have been incurred or paid, are reasonable, resulted from the incident or accident, and should be paid out of claimant's share of the proceeds of the settlement or judgment:

| Items | Payees *(names)* | Amounts |
|---|---|---|
| Cost reserve | Law Offices of Bruce G. Fagel | $ 250,000.00 |
| to be held pending the | | $ 0.00 |
| resolution of the Federal | | $ 0.00 |
| Tort Claim Action | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |

[ ] Continued on Attachment 14b.   **Total: $ | 250,000.00**

15. **Reimbursement of expenses paid by petitioner**

a. [ ] Petitioner has paid none of the claimant's expenses listed in items 13 and 14 for which reimbursement is requested.

b. [ ] Petitioner has paid (or become obligated to pay) the following total amounts of the claimant's expenses for which reimbursement is requested.

(1) [ ] Medical expenses listed in item 13:   $ 0.00

(2) [ ] Attorney's fees included in the total fee amount shown in item 14a:   $ 0.00

(3) [ ] Other expenses included in the total shown in item 14b:   $ 0.00

   **Total: $ | 0.00**

*(Attach proofs of the expenses incurred and payments made or obligations to pay incurred, e.g., bills or invoices, canceled checks, credit card statements, explanations of benefits from insurers, etc.)*

16. **Net balance of proceeds for the claimant**

The balance of the proceeds of the proposed settlement or judgment remaining for the claimant after payment of all requested fees and expenses is:   $ | 250,000.00

17. **Summary**

a. Gross amount of proceeds of settlement or judgment for claimant:   $ 500,000.00

b. Medical expenses to be paid from proceeds of settlement or judgment:   $ 0.00

c. Attorney's fees to be paid from proceeds of settlement or judgment:   $ 0.00

d. Expenses (other than medical) to be paid from proceeds of settlement or judgment:   $ 250,000.00

e. Total of fees and expenses to be paid from proceeds of settlement or judgment *(add (b), (c), and (d))*:   $ ( 250,000.00 )

f. Balance of proceeds of settlement or judgment available for claimant after payment of all fees and expenses *(subtract (e) from (a))*:   $ | 250,000.00

MC-350 [Rev. January 1, 2011]

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

Page 8 of 10

**MC-350**

| | |
|---|---|
| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |

18. **Information about attorney representing or assisting petitioner**

   a. (1) ☐ Petitioner has not been represented or assisted by an attorney in preparing this petition or in any other way with respect to the claim asserted. *(Go to item 19.)*

     (2) ☒ Petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim asserted. Petitioner and the attorney ☐ do not ☒ do have an agreement for services provided in connection with the claim giving rise to this petition. *(If you answered "do," attach a copy of the agreement as Attachment 18a, and complete items 18b.–18f.)*

   b. The attorney who has represented or assisted petitioner is *(name):* BRUCE G. FAGEL

     (1) State Bar number: 103674

     (2) Law firm: LAW OFFICES OF BRUCE G. FAGEL AND ASSOCIATES

     (3) Address: 100 NORTH CRESCENT DRIVE, SUITE 360
                BEVERLY HILLS, CALIFORNIA 90210

     (4) Telephone number: (310) 281-8700

   c. The attorney ☒ has not ☐ has received attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "has," identify the person who paid the fees or other compensation, the amounts paid, and the dates of payment):*

| From whom *(names)* | Amounts | Dates |
|---|---|---|
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |

     ☐ Continued on Attachment 18c.

   d. The attorney ☒ did not ☐ did become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. *(If you answered "did," explain the circumstances in Attachment 18d.)*

   e. The attorney ☒ is not ☐ is representing or employed by any other party or any insurance carrier involved in the matter. *(If you answered "is," identify the party or carrier and explain the relationship in Attachment 18e.)*

   f. The attorney ☐ does not ☒ does expect to receive attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "does," identify the person who will pay the fees or other compensation, the amounts to be paid, and the expected dates of payment):*

| From whom *(names)* | Amounts | Expected dates |
|---|---|---|
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |
| | $     0.00 | |

     ☐ Continued on Attachment 18f.

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM
OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY
(Miscellaneous)**

MC-350

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER:<br><br>P 8141 |
|---|---|

19. **Disposition of balance of proceeds of settlement or judgment**

Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

a. ☐ There is a guardianship of the estate of the minor or a conservatorship of the estate of the adult person with a disability filed in *(name of court):*

Case no.: ☐

(1) ☐ $ 0.00 of the proceeds in money or other property will be paid or delivered to the guardian of the estate of the minor or the conservator of the estate of the conservatee. The money or other property is specified in Attachment 19a(1).

(2) ☐ Petitioner is the guardian or conservator of the estate of the minor or the adult person with a disability. Petitioner requests authority to deposit or invest $ 0.00 of the money or other property to be paid or delivered under 19a(1) with one or more financial institutions in this state or with a trust company, subject to withdrawal only as authorized by the court. The money or other property and the name, branch, and address of each financial institution or trust company are specified in Attachment 19a(2).

(3) ☐ Petitioner proposes that all or a portion of the proceeds **not** become part of the guardianship or conservatorship estate. Petitioner requests authority to deposit or transfer these proceeds as follows *(check all that apply):*

(a) ☐ $ 0.00 will be deposited in insured accounts in one or more financial institutions in this state from which no withdrawals can be made without a court order. The name, branch, and address of each depository are specified in Attachment 19a(3).

(b) ☐ $ 0.00 will be invested in a single-premium deferred annuity subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Attachment 19a(3).

(c) ☐ $ 0.00 will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the property to be transferred are specified in Attachment 19a(3).

(d) ☐ $ 0.00 will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the property to be transferred are specified in Attachment 19a(3).
☐ A copy of the (proposed) judgment is attached as Attachment 4c.

(e) ☐ $ 0.00 will be transferred to the trustee of a special needs trust under Probate Code sections 3602(d) and 3604 for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the property to be transferred are specified in Attachment 19a(3).

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM
OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY
(Miscellaneous)**

MC-350

| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: P 8141 |
|---|---|

**19. Disposition of balance of proceeds of settlement or judgment** *(cont.)*

Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

b. _____ There is no guardianship of the estate of the minor or conservatorship of the estate of the adult person with a disability. Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows *(check all that apply)*:

(1) _____ A guardian of the estate of the minor or a conservator of the estate of the adult person with a disability will be appointed. $ 0.00 of money and other property will be paid or delivered to the person so appointed. The money or other property are specified in Attachment 19b(1).

(2) _____ $ 0.00 of money will be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only upon the authorization of the court. The name, branch, and address of each depository are specified in Attachment 19b(2).

(3) _____ $ 0.00 of money will be invested in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court. The terms and conditions of the annuity are specified in Attachment 19b(3).

(4) _____ $ 0.00 will be paid or transferred to the trustee of a special needs trust under Probate Code sections 3604 and 3611(c) for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the money or other property to be paid or transferred are specified in Attachment 19b(4).

(5) _____ $ 0.00 will be paid or delivered to a parent of the minor, upon the terms and under the conditions specified in Probate Code sections 3401–3402, without bond. The name and address of the parent and the money or other property to be delivered are specified in Attachment 19b(5). *(Value of minor's entire estate, including the money or property to be delivered, must not exceed $5,000.)*

(6) _____ $ 0.00 will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the money or other property to be transferred are specified in Attachment 19b(6).

(7) _____ $ 0.00 will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the money or other property to be transferred are specified in Attachment 19b(7).

_____ A copy of the (proposed) judgment is attached as Attachment 4c.

(8) _____ $ 0.00 of money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions are specified on Attachment 19b(8). *(Value must not exceed $20,000.)*

(9) _____ $ 0.00 of property other than money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions and the property are specified in Attachment 19b(9).

(10) _____ $ 0.00 will be deposited with the county treasurer of the County of *(name)*: The deposit is authorized under and subject to the conditions specified in Probate Code section 3611(h).

(11) _____ $ 0.00 will be paid or transferred to the adult person with a disability. The money or other property is specified in Attachment 19b(11).

X   Continued on Attachment 19.

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

04/22/2015 3:41 PM FAX 3102815656            FAGEL LAW                    ☑0002/0002
04/22/2015 2:55 PM FAX 3102815656            FAGEL LAW                    ☑0002/0002

**MC-350**

| | |
|---|---|
| CASE NAME: ISABELLA PALACIO, a minor by and through her guardian ad litem, FACUNDO PALACIO DIAZ v BANNER HEALTH, an Arizona Corporation dba BANNER LASSEN MEDI | CASE NUMBER: 56180 |

20. ☐ **Statutory liens for special needs trust**
   Petitioner requests a court order for payment of funds to a special needs trust *(explain how statutory liens under Probate Code section 3604, if any, will be satisfied):*

   ☐ Continued on Attachment 20.

21. ☒ **Additional orders**
   Petitioner requests the following additional orders *(specify and explain):* Settlement monies to be paid within twenty (20) day from the date of the signing of the Order to Approve the within Petition.

   ☐ Continued on Attachment 21.

22. Petitioner recommends the compromise settlement or the proposed disposition of the proceeds of the judgment for the claimant to the court as being fair, reasonable, and in the best interest of the claimant and requests that the court approve this compromise settlement or proposed disposition and make such other and further orders as may be just and reasonable.

23. Number of pages attached: _____

Date: April    , 2015

Bruce G. Fagel
(TYPE OR PRINT NAME OF ATTORNEY)                    ▶          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 22, 2015

Facundo Palacio Diaz
(TYPE OR PRINT NAME OF PETITIONER)                   ▶          (SIGNATURE OF PETITIONER)

MC-350 [Rev. January 1, 2011]          **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM**          Page 10 of 10
                                       **OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF**
                                       **JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
                                       **(Miscellaneous)**

ATTACHMENT 9 ( c )- Doctors Reports

Attachment 9 ( c) -Doctor's Reports

Attached hereto are the reports of Ira Lott, M.D., Donald Olson, M.D.

and the Life Care Plan of Karen Preston, R.N. of RNS Healthcare

Consultants, Inc.

# UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO  SANTA BARBARA • SANTA CRUZ

UC IRVINE MEDICAL CENTER
DEPARTMENT OF PEDIATRICS

101 THE CITY DRIVE,
ORANGE, CALIFORNIA 92868-4482

May 19, 2014

Eduardo J. Ascencio
FAGEL & ASSOCIATES
100 North Crescent Drive, Suite 360
Beverly Hills, CA 90210

Dear Mr. Ascencio:

**Re: Isabella Palacio**
**DOB: 4-30-12**

In response to your request, I am submitting a neurological evaluation on this 2 year old child. In preparation for this report, the following records were reviewed:

- UC Davis Health System
- Banner Health Systems
- Valley Regional Center
- Children's Hospital of Central California

I examined the child in the Neurology Clinic at CHOC Children's on 5-14-14 with her parents present.

Isabella was born at 39 weeks gestation by emergency C-section with Apgar scores of 0, 2, and 3 at 1, 5, and 10 minutes respectively. Cord blood pH was 7.1 with a base excess of -11 falling to pH 6.8 and base excess of -21. Seizure activity in the form of extremity twitching was noted and treated with Phenobarbital. The infant was transferred to UC Davis for brain cooling.

She remained at UC Davis for 5 weeks with a diagnosis of severe hypoxic ischemic encephalopathy (HIE). She underwent brain cooling during the first 72 hours of life. G-tube placement was carried out at 3 weeks. While in the hospital, she was followed by neurology, pulmonology, ENT, and Physiatry. Both the MRI brain and MR spectroscopy were consistent with the diagnosis of HIE. Genetic screening evaluation was negative.

Re: Isabella Palacio
DOB: 4-30-12
Page 2 of 3

Upon coming home from the hospital at age 5 weeks, the infant was irritable. Since that time her development has been profoundly delayed. At 2 years, she will roll from side to side but does not sit, creep or crawl. Her hands are fisted about 50% of the time which represents some improvement from birth. However, Isabella does not seem to recognize an object placed in her hand. She does not transfer an object hand to hand or bring it to her mouth. Initially she showed strong opisthotonus when stimulated but this has improved over the past few months. The extent of her visual acuity is not clear. She does seem to visually track an object according to the parents. The child may or may not blink to a bright light. However, she does seem to recognize her parents by sight and will smile in their presence. Around a stranger, she may cry. There is no way for the child to express her needs except to cry, leaving the parents to guess what she wants. Vocalizations are generally vowel sounds with no consonants. She appears to hear and will show a single auditory startle to a loud sound. She has no seizures and is off all anticonvulsants. Overall, the parents see small incremental progress in her development about every 6 months.

Therapies have been supplied by the Regional Center. Isabella receives OT/PT for 3 hours per week. One hour of therapy is administered in the home and the child is taken to the Regional Center clinic for 2 hours per week. She is taken to Children's Hospital of Central California once per month for OT and PT. Speech therapy has not begun because the youngster has not made enough progress to begin this intervention. The eligibility exam from Central Valley Regional Center on 7-30-12 confirmed the above parental observations. Delay was noted in the areas of cognitive, expressive/receptive language, gross and fine motor functioning, social/emotional and adaptive behaviors. A decision was made to begin the *Early Start* program.

Health supervision for Isabella is carried out by the following physicians: Primary care (Sosa), Neurology every 6 months (David), GI every 3-6 months (Waung), Physiatry every 3 months for Botox injections (Lewitt), Pulmonology every 3 months for gurgling and upper airway issues, Orthopedics every 9 months (McDaniel), Ophthalmology every 6 months. All physicians are at Children's Hospital of Central California. Since birth, the child has had 2 hospitalizations: one for breathing problems and the second for fundoplication. There have been 2 trips to the Emergency service for transient problems. At the time of the IME, no other ongoing medical problems were noted. Review of systems was negative except for problems already mentioned. The Family history was non-contributory to the child's neurological state.

Re: Isabella Palacio
DOB: 4-30-12
Page 3 of 3

On general exam, the percentile for weight was <1% and length was 3%. Blood pressure was 105/75. This was an obviously handicapped child. Skin color and turgor was good. There were upper airway rhonchi on chest auscultation but no rales. No organomegally was present. No dysmorphic features were noted. On neurological exam, head circumference was 45.5 cm, which is just below the 3rd percentile for age. The child showed little awareness of her environment with gaze fixing on nothing in particular. She quieted to the presence of her mother and showed a smile to comforting words. Although she blinked to a light bilaterally, her resting gaze was unfocused. I could not convince myself that the child fixated and followed a moving object. Her discs were seen with difficulty and appeared pale. The major abnormality on the remainder of her exam was a spastic quadraparesis, with intermittent fisting of the hands, a tendency to opisthotonus and contractures at major joints. While she could clear her nose from the bed in prone, Isabella demonstrated no head control when supported in sitting. She was able to roll to her side. Tendon reflexes were increased and the plantar responses were down going with no clonus.

This child has a severe hypoxic-ischemic brain injury with profound developmental disability, spastic quadraparesis, cortical visual defect, joint contractures and inability to feed by mouth. At chronological age 2 years, her neurodevelopmental status would be at 4 months or less. She has no other major organ involvement and she has been seizure free from shortly after birth.

Please let me know if additional information is needed.

Sincerely,

Ira T. Lott, MD
Pediatric Neurologist
UCI and CHOC Children's
Professor Emeritus, UCI School of Medicine



**STANFORD UNIVERSITY MEDICAL CENTER**
DEPARTMENT OF NEUROLOGY AND NEUROLOGICAL SCIENCES
DIVISION OF CHILD NEUROLOGY



Neurological examination

Child: Isabella Palacio, DOB 4/30/12, 9 months old
Date of exam: 2/6/13
Location: Neurology clinic, Lucile Packard Children's Hospital, Stanford, CA
Present: Mother, Father, Spanish language Interpreter
Referred by: Mr. Ascencio

Records reviewed:
Banner Lassen Medical Center records of Micaela Palacio
Banner Lassen Medical Center records of Isabella Palacio
University of California Davis Medical Center records of Isabella Palacio
Children's Hospital Central California records of Isabella Palacio
Radiology studies from UC Davis Medical Center

Summary from record review:
Isabella was born 4/30/12 at Banner Lassen Medical Center. She was delivered by
emergency caesarian section at 05:28 because of fetal intolerance of labor with loss of
fetal heart tones. Apgar scores were depressed at 0, 2, 3 at one, five and ten minutes.
Gestational age was estimated at 36 2/7 weeks. Resuscitation included CPR for 3-4
minutes, intubation, ventilation, epinephrine, fluid bolus and glucose bolus. A blood
gas at 06:00 is reported with pH 7.10, CO2 57, O2 30, and base deficit of 11. A
subsequent blood gas at 06:42 showed a pH of 6.84, CO2 66, O2 97, and base deficit
of 21.

She was transported to UC Davis Medical Center for neonatal intensive care and post
hypoxia cooling. Because of seizures she was treated with phenobarbital and
lorazepam. Her initial examination as reported by the transport team indicates she was
intubated and not responding to stimulation. Shortly after admission to UC Davis she
was evaluated by Child Neurologist Dr. Chang who documented Isabella was
unresponsive to stimulation, hypotonic, and without such and tendon reflexes or Moro
response. She believed the child had a severe hypoxic ischemic encephalopathy. An
MRI done 5/7/12 showed elevated lactate and lipid peaks in the basal ganglia
consistent with a severe encephalopathy. She underwent gastrostomy tube placement
before discharge home on 6/5/12.

Subsequent records indicate severe developmental delay, spastic quadriparetic
cerebral palsy, and failure to thrive with severe feeding difficulties complicated by
gastroesophageal reflux.

History from parents:

Isabella's parents identify a number of concerns:

Her whole body is affected.

She has improved with her limb movements over time, but she still is very delayed in her motor abilities. She does not roll over, sit independently, stand, or walk. Her head and neck control are poor though she can turn her head and, at times, lift it when prone. She can roll to the side but not all the way over.

She does not reach with her arms or purposefully grab with her hands. She will hold a placed object in either hand for a few seconds. She seems to use the left side a bit better than the right.

Her vision is abnormal. The ophthalmologist has told them she has "tight," small optic nerves. She will fix and follow some, but not most of the time. They work on stimulating her with bright toys.

Her hips are tight and hard to spread out.

She has tracheomalacia which makes it hard for her to breath at times. They need to suction her several times a day (3-10 on average). Although they have supplemental oxygen, they have seldom needed to use it. She does have an oxygen saturation monitor.

She does not have any seizure like episodes. She went home from the hospital on phenobarbital, but she has been off it since January. They wonder whether ankle clonus might be a sign of seizures.

Medications:

Lansoprazole for reflux

Pulmicort to help breathing

Albuterol to help breathing

Social: The family consists of mother, father, and two older siblings. The older siblings are in normal health. Isabella's mother stays home with her. Isabella's father works for the department of corrections. Mr. Palacio is fluent in English. Isabella's mother understands quite a bit of English, but prefers a Spanish interpreter for more complex questions and discussion.

They do not have any outside help coming in to care for Isabella.

Therapies:

Occupational therapy every 2-3 weeks.

Speech therapy twice a month

Vision therapy via Blind Babies weekly

Physical therapy is about to start and will be weekly.

Equipment:

Gastrostomy supplies and pump

Suction machine

Oxygen saturation monitor

Supplemental oxygen

Special chair for seating at home; for positioning; foam. Brand uncertain.

Regular crib. No bath chair, wheelchair, or adapted stroller. No AFOs or WHOs.

2

Doctors: Specialists are at Children's Hospital Central California
Pediatrician
Ophthalmology - probably 2-3 times a year now.
Gastroenterology - about 4 times a year
Pulmonology - about every 2-3 months
Physical medicine - frequency uncertain
High risk infant follow up clinic - frequency uncertain

Review of systems:
Eyes: Abnormal vision. Right eye tends to turn in.
Hearing: intact
ENT: Poor swallowing; sucks a little and working on this in therapy.
Respiratory: Effortful due to tracheomalacia.
GI: Mostly g-tube fed. Takes Similac Elemental due to a suspected cow's milk protein
allergy. Takes 110 mL via g-tube every 3 hours, eight times a day.
GU: No known renal problems.
Skin: Some dry skin.
Sleep: Goes to bed about 11 PM. Wakes most nights about 2-3 AM and at 5 AM.
Sleeps in bedroom with parents; sleeps in own crib.
Musculoskeletal: No scoliosis or limb problems except tight hips.

Physical Examination:
Weight: 6.9 kg (<3%). Length: 65 cm. Head circumference: 42.5 cm (10%).
General: Awake and asleep. No acute distress. No dysmorphic features. Well dressed
and clean.
Head: Symmetrical. Fontanelle closed. Non-tender. No cranial or carotid bruit.
Eyes: Clear conjunctivae.
Ears: Deferred otoscope. Normally formed.
Oral: Well hydrated. Moderately increased secretions, drooling.
Neck: Symmetrical.
Chest: Clear breath sounds to auscultation. Ronchus breathing, particularly when
stimulated. Heart rhythm regular. No murmur.
Abdomen: Non-tender. G-tube site clean. Healed surgical scar near g-tube. Normal
female genitalia.
Extremities: Normally formed; no hemi-hypertrophy or hemi-atrophy. Full range of
motion, except hips abduct only to 90-100 degrees with hips, knees flexed.
Spine: Straight. No defect or lateral curvature.
Neurological:
Mental status: Awake and asleep. When awake vocalizes, but no formed words.
Affective sounds depending on parental comfort or when Isabella distressed by exam.
Cranial nerves: Red reflex bilaterally. Pupils equal and reactive to light. Fixation poor;
intermittently follows a face or light in one direction or the other horizontally; not
vertically, not consistently. Does not regard or follow or distract to toys. Prominent right
esotropia. Frequent down gaze. Intermittent slight nystagmus when stimulated. Does
have oculocephalic response to rotation, either direction. Facial sensation intact.
Facial hypotonia with drooling. Responds to sound; exaggerated startle. Poor head

3

control but does have some control when in sitting or upright position. Did not turn head or lift when prone. Tongue midline, symmetrical. Omitted corneal reflex and gag. Motor: Bulk looks normal. Tone increased in all four extremities, R > L. Mostly spasticity. Occasional mildly athetotic limb movements when stimulated. Tends to keep hands fisted when stimulated, but when calm opens both, left better than right. Spontaneous movements bilaterally (kicking, waving arms) but no purposeful reach, grasp. No rolling over or independent sitting. Did not support weight well when placed standing. Tended to scissor legs (increased adductor tone).
Sensory: Responds to touch on all extremities and on trunk. Exaggerated startle. Reflexes: 4+ bilateral lower extremities at ankles and knees. Sustained clonus at ankles. 3+ bilaterally in upper extremities. Abnormal spread. Crossed adductor responses bilaterally. Tendon reflexes qualitatively increased on right compared with left. Obligate tonic neck response present with head to either side. Moro response when going from sitting to supine. Head about midline on pull to sit.

Impression:
Nine month old girl with
1. Global developmental delay, severe
2. Spastic quadriparetic cerebral palsy with some athetotic component. Slightly worse on the right.
3. Cortical visual impairment and possible optic nerve atrophy.
4. Feeding and swallowing difficulty; gastrostomy tube dependence.
5. Failure to thrive

Prognosis:
Isabella has a static encephalopathy, severe in degree. She sustained an hypoxic ischemic insult in the perinatal period. The loss of fetal heart tones, the low Apgar scores, the difficult resuscitation, the acidotic blood gases, her brain imaging abnormalities, and her examination findings support this conclusion.

Her impairments are permanent and likely to remain severe in degree. She will remain dependent on others for all or most of her activities of daily life. It is unlikely she will have the ability to feed herself. It is likely she will need all or most of her caloric intake via gastrostomy tube.

Respectfully submitted,

Donald M. Olson, MD
Associate Professor of Neurology and Neurological Sciences
Stanford University School of Medicine
Report prepared 10/2/13



4o I I Chippendale Dr., Suite 304
Sacramento, CA 95841
916 929-6506
916 929-6013 (fax)

Eduardo Ascencio
Law Offices of Bruce Fagel and Associates
100 North Crescent Drive, Suite 360
Beverly Hills, CA  90210

RE:  Evaluee:             Palacio, Isabella
      Address:            Avenal, CA
      Date of birth:      04/30/2012
      Date of injury:     04/30/2012
      Nature of injury:   Anoxic brain injury

## LIFE CARE PLAN REPORT

<u>Reason for referral:</u>
This case was referred to RNS HealthCare Consultants to develop a life care plan related
to the injuries sustained on April 30, 2012.  Activities included in developing this plan
were review of medical records, analysis of data, consultation with Dr. Luis Montes, and
research.  The evaluee was interviewed on February 15, 2013 at Childrens' Hospital
Oakland and on February 17, 2014 at the family residence in Avenal, CA.  Interview
information was obtained from Isabella's parents.

<u>Medical records and documents:</u>
The following documents were received and reviewed:
- Central Valley Regional Center
- Charlie Mitchell Clinic at Childrens' Hospital Central California
- Banner Lassen Medical Center
- UC Davis Medical Center
- Donald Olson, MD
- Luis Montes, MD

<u>Injury:</u>
Isabella was born at Banner Lassen Medical Center.  APGAR scores were 0, 2, 3 at 1, 5,
10 minutes.  Resuscitation was required and she was placed on mechanical ventilation.
She was transferred to UC Davis Medical Center neonatal intensive care.  Seizures were
noted.  A gastrostomy tube was placed.  She was discharged to her parents' care on June
5, 2012.  She has received subsequent care from a variety of specialists at Childrens'
Hospital Central California in Madera.  She has also had therapies.  A Nissen
fundoplication was done in May 2013.  She had a hospitalization for respiratory
problems.

Physical status:
- Weight is about 19 pounds
- Head circumference is 47 cm
- Lays on back and moves extremities randomly
- Unable to roll or sit
- Impaired head control
- Legs noted to scissor, hands are fisted
- Spasticity noted in extremities; has had two Botox treatments so far
- Dependent in all transfers and mobility
- Nasal congestion and coarse rhonchi; needs suctioning during the day and night
- Seizures no longer occurring
- Visually responds to light, shows some tracking
- Hearing normal
- No speech vocalizations
- Incontinent of bladder and bowel
- All nutrition given via gastrostomy tube and pump
- Daytime feeds take one hour each; nighttime feed is six hours

Cognitive status:
- Appears to "watch" light and movement on a tablet placed directly in front of her
- Smiles

Psychological status:
- Parents express ongoing distress at Isabella's disabilities
- Mother is tearful several times during interviews

Activities of daily living:
- Dependent in all activities of daily living
- Family vehicles cannot accommodate a wheelchair, which necessitates carrying, bending, and twisting by family; mother sits in back with Isabella so she can suction her as needed

Family/Social:
- Immediate family includes Michaela (mother), Facundo (father), Briza (sister, age 13) and Jaquelin (sister, age 9)
- Mother previously provided day care to other children in their home, but she stopped this after Isabella's birth
- Father is employed fulltime as a prison guard; he works night shift and mandatory overtime
- Mother reports that she is now unable to care for her other children due to Isabella's needs
- Father has increased responsibility for errands as mother cannot leave home easily
- Older sisters ask questions about why Isabella cannot do normal things and play with them

- Parents worry about imposing on other family members for help
- An aunt will help care for the sisters but will not care for Isabella
- Grandparents are in their 60s and have health problems; they do not help care for Isabella
- Aunt and grandparents will not be available to assist with any family needs after the family moves closer to Fresno
- There is no use of tobacco or alcohol in the home

Residence/Architectural barriers:
- Due to the distance from medical care and services, parents plan to move closer to Fresno
- Currently reside in a single-family, single-story home in a very rural community
- They own their current home and expect to purchase a different home near Fresno

Supplies/Equipment/Medications:
- Childrens' Home Care: feeding and respiratory supplies shipped to the home
- Equipment: feeding pump and pole, nebulizer, suction machine, pulse oximeter, oxygen concentrator, Rifton standing frame, Pony walker, Tumble Forms feeding chair, corner/floor activity chair, therapy ball, and portable oxygen tanks
- Medications obtained at a Walgreens pharmacy near Fresno

Medical providers and resources:
- Currently lives 1 ¼ hours from medical providers
- Parents report that MediCal coverage has been denied for Isabella
- Regional Center and California Childrens' Services have accepted her as a client
- Physicians:
  - Neurologist
  - Pulmonologist
  - Gastroenterologist
  - Orthopedist
  - Ophthalmologist
  - Physical medicine and rehabilitation specialist
  - Pediatrician
- Therapies:
  - Blind Babies
  - Developmental therapist
  - Physical therapist
  - Occupational therapist
  - Speech therapy (intermittent, not currently)
- Approved for 30 hours per week of LVN level care through Regional Center but there are no LVNs available in Avenal; this is another reason for wanting to move near Fresno

Educational/Vocational:
The impact of this injury on educational potential and future earning capacity has not been addressed in this life care plan. A qualified expert should be consulted if that information is desired.

Medical diagnoses:
Medical diagnoses are used to define pathological conditions and to determine care that is ordered by physicians with a goal of remediation of that pathology. Medical diagnoses also assist non-physicians in understanding health status and provide guidance for non-physician care. The following medical diagnoses are identified for Isabella:

- Anoxic brain injury
- Severe static encephalopathy
- Cerebral palsy, spastic quadriplegia
- Developmental delay
- Feeding dysfunction
- Cortical vision impairment
- Cognitive impairment

Nursing diagnoses:
Nursing is the diagnosis and treatment of human responses to actual and potential health problems (American Nurses Association, 1980). Nursing diagnoses are created and approved by NANDA International. These are distinctly different from medical diagnoses and treatments. The following nursing diagnoses are identified for Isabella as being related to the injury and provide a basis for non-physician directed future care needs:

- Ineffective community therapeutic regimen due to lack of resources
- Risk for infection due to physical deficits and exposure to pathogens
- Risk for injury due to physical and cognitive deficits
- Risk for falls due to physical and cognitive deficits
- Impaired swallowing
- Risk for aspiration
- Risk for impaired skin integrity
- Bowel incontinence to continue for lifetime
- Total urinary incontinence to continue for lifetime
- Impaired bed mobility
- Impaired transfer ability
- Impaired wheelchair mobility
- Impaired walking
- Joint contractures, current and future risk
- Total self-care deficit to continue for lifetime
- Ineffective airway clearance
- Ineffective breathing pattern
- Cognitive impairment (thought processes, attention, memory, orientation)
- Grieving, parents

- Ineffective role performance due to inability from physical and cognitive deficits: daughter and sister
- Impaired social interaction
- Interrupted family processes due to family member disability
- Caregiver role strain
- Impaired verbal communication
- Developmental delay: communication skills

Conclusions:

Isabella has sustained permanent injury and functional loss. The care needs outlined on the life care plan tables are delineated without regard to current or future projected available resources. There has been no intent to determine responsibility for these costs. The care needs are consistent with standards of care and can be considered reasonable and necessary to manage the impairments, prevent unnecessary complications, and enhance quality of life. If further information becomes available, I will revise these tables as needed.

Isabella is at risk for complications related to this injury. Complications cannot all be predicted with accuracy. It cannot be predicted how severe they will be and the full extent of treatment that will be required. Therefore, a separate listing is provided at the end of the tables that identifies common complications and the kinds of costs that could be incurred. Specific costs cannot be included.

A projected a life expectancy needs to be obtained. To obtain an accurate estimate of total costs an economic expert should be consulted. Each item of care has a different rate of inflation, making it inaccurate to simply add up all of the care items without the projections provided by an economic expert.

Respectfully submitted,

Karen Preston PHN, MS, CRRN, FIALCP
Nurse Consultant/Rehabilitation Specialist

Encl.: Life care plan tables

## Future Medical Care - Routine & Periodic Evaluations

| Evaluation | Age/Years Needed | Per Year Frequency | Base Cost |
|---|---|---|---|
| Primary care physician | Lifetime | 2 x year, in excess of usual | ($84/visit) $168/year |
| Rehabilitation physician (CHCC) | Lifetime | 2 – 4 x year | ($87 - $500/visit) $174 - $2,000/year |
| Neurologist (CHCC) | Lifetime | 1 x year | ($87 - $500/visit) $87 - $500/year |
| Ophthalmologist (CHCC) | Next 10 years | 1 x year | ($87 - $500/visit) $87 - $500/year |
| Pulmonologist (CHCC) | Lifetime To age 21 Thereafter | 4 x year 2 x year | ($87 - $500/visit) To age 21: $348 - $2,000/year Thereafter: $174 - $1,000/year |
| Gastroenterologist (CHCC) | Lifetime | 4 x year | ($87 - $500/visit) $348 - $2,000/year |
| Orthopedist (CHCC) | Lifetime To age 21 Thereafter | 1 – 2 x year 1 x year | ($87 - $500/visit) To age 21: $87 - $1,000/year Thereafter: $87 - $500/year |
| Spine surgeon (CHCC) | Lifetime Age 5 to 12 Age 12 to 18 Thereafter | 1 x year 2 x year 1 x year | ($87 - $500/visit) Age 5 to 12: $87 - $500/year Age 12 to 18: $174 - $1,000/year Thereafter: $87 - $500/year |
| Podiatrist | Lifetime | 2 x year | ($45 - $100/visit) $90 - $200/year |
| Dentist | Lifetime | Office visit with general sedation: 2 x year (Assume 1 hour sedation) | ($800 sedation) $1,600/year |
| Facility fee for CHCC physician visits | Through age 21 | Match CHCC physicians noted above | $119/visit |

## Future Ancillary Care & Periodic Evaluations

| Therapy | Age/Year Needed | Per Year Frequency | Base Cost Per Year |
|---|---|---|---|
| Physical therapy | Lifetime<br>To age 21<br>Thereafter | 2 x week<br>Thereafter:<br>10 evaluations lifetime<br>40 treatment sessions<br>lifetime | (Eval: $423; F/U $294)<br>To age 21: $28,224/year<br>Thereafter:<br>Evals: $4,230/lifetime<br>F/U: $11,760/lifetime |
| Occupational therapy | Lifetime<br>To age 21<br>Thereafter | 2 x week<br>Thereafter:<br>10 evaluations lifetime<br>40 treatment sessions<br>lifetime | (Eval: $423; F/U $294)<br>To age 21: $28,224/year<br>Thereafter:<br>Evals: $4,230/lifetime<br>F/U: $11,760/lifetime |
| Speech therapy | To age 12 | 2 x week | ($123/visit)<br>To age 12: $11,808/year |
| Counseling, parents | Next 20 years | Allowance:<br>50 visits | ($110/visit)<br>Next 20 years: $5,500 |
| Nutrition counseling | To age 21 | 2 x year | ($79.50/visit)<br>$159/year |
| Case manager | Lifetime | 24 hours/year | ($98/hour)<br>$2,352/year |

## Diagnostic Assessment

| Test or Evaluation | Age/Year Needed | Frequency | Base Cost |
|---|---|---|---|
| UGI series | Lifetime | 2 x lifetime | $177.60 |
| pH probe study | Lifetime | 2 x lifetime | $1,000 |
| X-rays, chest | 2014 | 2 x year | $64.80 |
| X-rays, hips | 2014 to 2024 | 1 x year | $110.40 |
| X-rays, spine | 2014 to 2024<br>2025 to 2028 | 2 films<br>2 x year | $80 - $83.33 |
| X-rays, femurs, legs, ankles | Lifetime | 2 - 3 x lifetime | $105.60 - $115.80 |
| Sleep study | Lifetime | 3 x lifetime | $700 - $750 |

(* Growth Trends to be determined by an economist.)

## Surgical Intervention or Aggressive Treatment Plan

| Recommendation (Description) | Age/Year Initiated | Frequency of Procedure | Per Procedure Cost |
|---|---|---|---|
| Tendon lengthening Hip adductors; hamstring; Achilles | Assume by age 12 | 2 x lifetime (all in same surgery) | Facility: $13,235.25 Physician: $6,157.58 Anesthesia: $2,300.10 |
| Botox injections | To age 12 | 3 – 4 x year (200 – 400 units/treatment) | Facility: $1,679.25 Physician: $250 Botox: $525/100 units |
| Gastrostomy tube site replacement | Lifetime | 3 x lifetime | Facility: $6,131.47 Physician: $349.41 Anesthesia: $887.40 |
| Spine surgery | Assume by age 16 | 1 x lifetime | Facility: $176,901 Physician: $16,638.85 Anesthesia: $3,243.60 |
| Urgent care | To age 12 Thereafter | 1 x year 1 x 2 years | $99 - $767 |
| Hospitalization | Lifetime | 10 – 20 x lifetime | $26,750.75 |

## Wheelchair Needs, Accessories and Maintenance

| Wheelchair Type | Age/Year at Which Purchased | Replacement Schedule | Base Cost |
|---|---|---|---|
| Wheelchair, manual with seating system | Begin at age 3 | Child: 3 years Adult: 5 years | Allowance $6,500 |
| Maintenance, wheelchair | Begin 1 year after purchase | Annual, omit in year of purchase | $650 |
| Wheelchair cushion | Begin at age 3 | Child: included in seating system Adult: 2 years | $458 |
| Cushion cover | Begin at age 3 | 2 covers/year | $50 |
| Adaptive stroller | Begin at age 3 | 2 - 3 purchases in childhood | $3,820.77 |

## Orthotics/Prosthetics

| Equipment Description | Age/Year at Which Purchased | Replacement Schedule | Base Cost |
|---|---|---|---|
| AFO, bilateral, custom | To be obtained, 2014 | Child: 1 year Adult: 2 - 3 years | $3,946.76 - $4,208/pair |
| TLSO | Assume between ages 5 - 18 | 3 x lifetime | $1,000 - $1,400 |
| Hand splints, bilateral, resting | To be obtained, 2014 | Child: 1 year Adult: 2 - 3 years | $80.07 |
| Abductor brace, hips | 2014 | Estimate 1 replacement within 1 year | $159.99 |
| Knee immobilizer brace, bilateral | 2014 | Estimate 1 replacement within 1 year | $363.98 |

(* Growth Trends to be determined by an economist.)

## Aids for Independent Function

| Equipment Description (recommended by) | Age/Year at Which Purchased | Replacement Schedule | Base Cost |
|---|---|---|---|
| Simple device controls (e.g., Switches) | To be obtained, 2014 | 3 per year | $69 - $159/each |

## Other Medical Equipment

| Equipment Description | Age/Year at Which Purchased | Replacement Schedule | Base Cost |
|---|---|---|---|
| Bath chair | To be obtained, 2014 | 5 years | $1,040 |
| Flexible shower hose | To be obtained, 2014 | 5 years | $72.45 |
| High-low bed with rail, entrapment proof | To be obtained, 2014 | Frame: 20 years Mattress: not in excess of usual | $7,290.95 |
| Lift system | To be obtained (40 pounds or 36 inches, estimate at age 5) | Motor: 5 years Sling: 2 years Easy track 2 post: 1 x only | Motor: $3,411.33 Sling: $230 Easy track: $1,559.65 |
| Feeding pump | 2012 | 2 - 3 years | $1,226.10 |
| Feeding pump pole | 2012 | No replacement expected | -- |
| Nebulizer | 2012 | 2 - 3 years | $101.64 |
| Suction machine, portable | 2012 | 2 years | $329.99 |
| Pulse oximeter | 2012 | No replacement expected | -- |
| Oxygen concentrator | 2012 | No replacement expected | -- |
| Portable oxygen tank | 2012 | No replacement expected | -- |
| Standing frame (Rifton) | 2013 | Child: 2 x for growth Adult: 5 - 10 years | $3,870 $4,898 |
| Pony walker | 2012 | 1 replacement within next 5 years | $3,481.08 |
| Feeding chair/floor chair (Tumble Forms) | 2013 | 5 years | $515.95 |

(* Growth Trends to be determined by an economist.)

## Drug Needs

| Drugs | Drug Prescription | Per Unit Cost | Per Year Cost |
|---|---|---|---|
| Baclofen 5mg/ml | 3.0ml/day | $1.7877/ml | $1,958.84 |
| Budosonide (Pulmicort) 0.5mg/2ml | 2 ampules/day (nebulized) | $8.5333/ampule | $6,233.60 |
| Albuterol 0.083% 2.5mg/3ml | As needed (nebulized) Using 4 ampules/day | $0.9167/ampule | $1,339.25 |
| Ventolin HFA 8g 90mcg | 1 inhaler/year | $27.0000/inhaler | $27.00 |
| Ferrous sulfate 15mg/ml | 1ml/day | $0.1998/ml | $72.98 |
| Montelukast 4mg | 1/day | $4.6667/dose | $1,704.50 |
| Zinc oxide ointment 1 ounce tube | 1 tube/6months (for G-tube site) | $4.2900/tube | $4.29 |
| Prevacid 3mg/ml | 5ml/day | $0.4333/ml | $791.31 |
| Zyrtec 1mg/ml | 2.5ml/day | $0.0666/ml | $60.80 |
| Nasonex spray 50 mcg | 2 sprays/day | $1.7917/spray | $1,308.81 |

## Supply Needs

| Supplies | Supply Description | Per Unit Cost | Per Year Cost |
|---|---|---|---|
| Feeding | Feeding bags: 1/day | $12.4900 | $4,561.97 |
|  | Extension tubing: 6/month | $3.0900 | $222.48 |
|  | 60cc syringe: 1/week | $3.5500 | $184.60 |
|  | 10cc syringe: 1/week | $3.1900 | $165.88 |
|  | Formula: 4 cans/day | $1.8119 | $2,647.15 |
|  | G-tube: 6 - 12/year | $128.5300 | $771.18 - $1,542.36 |
| Respiratory | Nebulizer tubing/mask: 2/month | $11.7300 | $281.52 |
|  | Aerosolizer: 2/month | $5.6700 | $136.08 |
|  | Suction catheter (oral/nasal): 6/month | $4.1900 | $301.68 |
|  | Suction tubing: 3/month | $3.200 | $115.20 |
|  | Suction canister: 1/month | $12.5000 | $150.00 |
|  | Pulse oximeter sensors: 1/week x 52 | $16.7200 | $869.44 x 1 year only |
|  | Saline ampules, 3ml: 4/day | $0.1335 | $195.04 |
| Incontinence (begin at age 4) | Diapers, child: 7/day | $0.5511 | $1,409.05 |
|  | Diapers, adult: 7/day | $0.7700 | $1,968.70 |
|  | Wipes: 14/day | $0.0644 | $329.18 |
|  | Bed/chair pads: 1/day | $0.5198 | $189.86 |
|  | Gloves: 14/day | $0.1187 | $606.97 |
|  | Ointment: 4 ounce tube/month | $6.7900/tube | $81.48 |
| Oral care | Toothette swabs: 2/day | $0.1945 | $142.08 |

(* Growth Trends to be determined by an economist.)

## Home/Facility Care

| Home Care/Service Recommendations | Age/Year Needed | Hrs./Shifts/Days of Attendance | Base Cost Per Year |
|---|---|---|---|
| Home nursing care: LVN level due to tube feeding, suctioning, medications | Lifetime | 24 hours day | ($48.75/hour) $427,342.50 |
| Conservator/fiduciary | Begin at age 18 | 1st year: 100 hours/year Thereafter: 60 hours/year | ($122.50/hour) 1st year: $12,250 Thereafter: $7,350/year |

## Transportation

| Equipment Description | Age/Year at Which Purchased | Replacement Schedule | Base Cost |
|---|---|---|---|
| Vehicle with wheelchair access | Begin at age 3 | 7 - 10 years | Vehicle allowance: $35,000 Access: $15,000 - $20,000 |
| Access modification maintenance | Omit in first year Begin 2016 | Annual | $1,750 |
| Adaptive car seat | To be obtained, 2014 | To age 16: 1 x 3 years Thereafter: 1 x 5 years | $836.33 |

## Architectural Renovations

| Accessibility Needs | Costs |
|---|---|
| Wheelchair access modifications: Entry (2): walkway and pad to eliminate 1 - 2 steps and threshold Inside ramp at front doorway Widen doorways: bedroom, bathroom Flooring: replace carpet with hard surface (estimate 900 SF) Accessible bathroom: roll-in shower, pedestal sink, 5' turning radius Air conditioning | Allowance $55,000 |

## Health Maintenance & Therapeutic Recreation

| Equipment Description | Age/Year of Attendance or Purchase | Replacement or Attendance Schedule | Base Cost |
|---|---|---|---|
| Home therapy equipment: Balls, rolls, wedges, mats | 2014 | Annual allowance | Allowance: 1st year: $250 Thereafter: $50/year |
| Adaptive toys: high-sensory (lights/noise) | To be obtained 2014 | Annual allowance | Allowance $100/year |
| Summer camp for disabled campers | Begin at age 7 | 1 week/year | $965 |

(* Growth Trends to be determined by an economist.)

# Potential Complications
## (For educational purposes only. Frequency & costs cannot be accurately predicted.)

| Complication | Comments |
|---|---|
| Orthopedic deformities in excess of projected | Occurrence of these complications could require an unknown amount of additional care, including physician visits, therapy, diagnostics, emergency visits, hospitalization, surgery, equipment, medication, and supplies |
| Pneumonia/other infections | |
| Recurrent seizures | |
| Injuries from falls or accidental drops | |
| Skin breakdown from pressure, friction, shearing, moisture | |
| Constipation or other GI distress | |
| Periodontal disease | |
| Gastroesophageal reflux and a revision of Nissen is needed | |

(* Growth Trends to be determined by an economist.)

ATTACHMENT 11 Amount and Terms of Settlement

Attachment 11 Amount and Terms of Settlement

Banner Health, an Arizona Corporation, doing business as Banner Lassen Medical Center has offered consideration of having a value of $500,000.00 in exchange for a release and dismissal with prejudice by the Claimant and her parents. That consideration is proposed to be allocated as follows:

A.      $250,000.00 to Facundo Palacio Diaz (Petitioner) for his individual claim for loss of consortium.

B.      The balance of $250,000.00 will be held in Costs and Cost Reserve to the Law Offices of Bruce G. Fagel and Associates pending the resolution of the Federal Tort Claim Action I.P. A MINOR by and through GAL Facundo Palacio Diaz; Micaela Palacio v United States of America Case No. 2:13-CV-0102 JAM-CKD

Attachment 18 (e) Representation of Parents

Counsel represents the Claimant's parents with regard to their individual claims.

ATTACHMENT 20- Payment to Others

Attachment 12- Payments to Others

It is proposed $250,000 be paid to Claimant's father, Fagundo Palacio Diaz out of the gross proceeds of the settlement in consideration of the release of his claim for loss of consortium.

This claim will not in any way affect the proposed compromise of the claim of the Claimant.

# EXHIBIT "C"



1   BRUCE G. FAGEL, State Bar No. 103674
    Eduardo J. Ascencio, SBN 182061
2   Law Offices of Bruce G. Fagel
    & Associates
3   100 North Crescent Drive, Suite 360
    Beverly Hills, California 90210
4   Tel: (310) 281-8700
    Fax: (310) 281-5656
5   Attorneys for Plaintiffs



6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           FOR THE COUNTY OF LASSEN

10

11  ISABELLA PALACIO, a minor, by and through        **CASE NO. P 8141**
    her guardian ad litem, FAGUNDO PALACIO           Judge Michele Verderoza
12  DIAZ, MICAELA PALACIO, FACUNDO                    Dept. 1 Probate Department
    PALACIO DIAZ,
13                                                    DECLARATION OF BRUCE G. FAGEL
                                                      IN SUPPORT OF PETITION TO
14                 Plaintiffs,                        APPROVE COMPROMISE CLAIM OF
                                                      ISABELLA PALACIO
15  vs.
                                                      Date: June 16, 2015
16  BANNER HEALTH, an Arizona Corporation,            Time: 10:00 a.m.
    doing business as BANNER LASSEN                   Dept. 1 Probate
17  MEDICAL CENTER;                                   Courtroom B
    DOES 1-250, inclusive,
18
                   Defendants.
19

20       I, Bruce G. Fagel, declare as follows:

21       I am an attorney duly licensed to practice before all of the Courts of the State of

22  California and I am the attorney of record for the minor plaintiff, Isabella Palacio, by and through

23  her guardian ad litem, Facundo Palacio Diaz. This declaration is based upon information

24  obtained during discovery in this case and, if called upon as a witness, I could and would

25  competently testify thereto.

26       This case involves severe and permanent brain injuries to a now 3 year old child. The

27  case was initially filed in Lassen County Superior Court on August 13, 2012, against both

28  Banner-Lassen Hospital, Dr. Davainis and Dr. Holmes. Defendant Banner-Lassen Hospital then

Law Offices
of
Bruce G. Fagel
&
Associates

                                           1

1  filed a cross-complaint against Dr. Davainis, and when it was discovered that he worked for a

2  federally-sponsored rural health clinic, the action was transferred to the Federal Court for the

3  Eastern District of California in Sacramento. A trial date of May 26, 2015 was assigned, and this

4  settlement with Banner-Lassen Hospital was reached after all expert depositions were taken but

5  prior to the May 26, 2015, trial date. This trial date has now been continued to September 24,

6  2015.

7      The primary defendants in this case are Dr. Davainis and Dr. Holmes, who managed the

8  labor, delivery, and resuscitation of the minor Plaintiff. A mediation of this case on February 17,

9  2015, failed to resolve the case. Following the mediation there were further direct discussions

10  with Banner-Lassen Hospital and an agreement to settle the plaintiff's claims, against the

11  hospital only, for $500,000. When the case was initially filed, there were claims for both parents'

12  separate NIED claims and a claim for the child. When it was discovered that Dr. Davainis and

13  Dr. Holmes were employed by a Federally sponsored rural health clinic, a new FTCA claim was

14  filed for the child and mother only. The father's claim is only tied to the Superior Court action

15  and will not be part of any recovery in Federal Court.

16      With current costs in the case in excess of $250,000 it is requested that, from this total

17  settlement of $500,000 the sum of $250,000 be held for such costs, pending a final accounting

18  after conclusion of the case in Federal Court. It is also requested that the balance of $250,000 be

19  allocated to the father of the minor plaintiff, Facundo Palacio Diaz, since his claim is not part of

20  the FTCA action.

21      Under B&P Code Sec. 6146, the attorney fee for a recovery of $250,000 is $74,166 which

22  leaves a balance payable to Mr. Diaz of $175,834.

23      Following the completion of the FTCA action, plaintiff will provide and file a complete

24  accounting of all costs involved in this case.

25      I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th

26  day of June, 2015 at Santa Ana, California.

27

28

BRUCE G. FAGEL

Law Offices
of
Bruce G. Fagel
&
Associates

2

Declaration of Bruce G. Fagel

CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned hereby certifies that she is an employee of the Law Offices of Bruce G.

Fagel and Associates and is a person of such age and discretion to be competent to serve papers;

That on July 9, 2015 she served a copy of:

**PROPOSED ORDER CONFIRMING SETTLEMENT AS TO DEFENDANT,**

**BANNER HEALTH, AN ARIZONA CORPORATION dba BANNER LASSEN**

**MEDICAL CENTER**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named at the

place(s) and address(s) stated below, which is/are the last known address (es), and by depositing

said envelope and its contents in the United States Mail at Beverly Hills, California.

Addresses(s):

| | |
|---|---|
| Benjamin B. Wagner<br>United States Attorney<br>Victoria Boesch<br>Assistant US Attorney<br>Chi Soo Kim<br>Assistant US Attorney<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, California 95814 | Attorneys for Defendant, United States<br>Telephone No. (916) 554-2743<br>Telephone No. (916) 554-2700<br>Facsimile No. (916) 554-2900<br>email Victoria.Boesch@usdoj.gov<br>email chi.soo.kim@usdoj.gov |
| Thomas Doyle, Esq.<br>Schuering Zimmerman & Doyle, LLP<br>400 University Avenue<br>Sacramento, California 95825-6502 | Attorneys for Defendant, Banner Healthcare<br>Telephone No. (916) 567-0400<br>Facsimile No. (916) 568-0400 |

Brenda Assfy