BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.   2:13-CV-01012 JAM-CKD<br><br>**SECOND JOINT STIPULATION AND ORDER REGARDING DAMAGES**<br><br>**JUDGE:    HON. JOHN A. MENDEZ**<br>**CTRM.:     6, 14th Floor**<br><br>**TRIAL DATE: SEPTEMBER 24, 2015** |

Defendant the United States and Plaintiffs I.P. and Micaela Palacio respectfully submit the following further Joint Stipulation and Proposed Order regarding damages.  The Court previously approved the parties' first Joint Stipulation Regarding Damages.  [Dkt 126]  The parties have met and conferred to narrow the damages issues in order to streamline trial proceedings and conserve the parties' and the Court's time and resources.  In the event of a liability finding following trial, the parties further stipulate to the following:

A. Plaintiffs and the United States have each submitted life care plans for Plaintiff I.P.'s future care.  Plaintiffs submitted the life care plan from its expert, Karen Preston.  Plaintiffs' life care plan is comprised of the last 7 pages of Exhibit 16, titled "Life Care Plan Tables."  The United States submitted the life care plan from its expert, Tim Sells.  Defendant's life care plan is Exhibit 247.

B. The life care plans of Plaintiffs and the United States both identify specific items of care, the costs for each item of care, and the frequency and/or quantity for each item of care for Plaintiff I.P.

C. Attendant care is one component of the parties' life care plans. Both parties' life care plans provide for 24-hour attendant care. The difference is between the type of attendant care and the quantity of Case Manager hours.

  1) Plaintiffs' life care plan provides for 24-hour agency Licensed Vocational Nurse ("LVN") attendant care and 24 hours per year of Case Manager time. Exh. 16 at p.2 ("Case Manager" entry in table titled "Future Ancillary Care & Periodic Evaluations") and p.11, for "Home/ Facility Care."

  2) The United States' life care plan provides two proposals for attendant care: (a) 24-hour private hire Home Health Attendant ("HHA") care, two weeks of 24-hour agency LVN care to account for time off for the HHA, 48 hours per year of Case Manager time, annual Payroll Services, and 100 hours for the first year of Conservator-Fiduciary time (and 60 hours per year thereafter); (b) 18-hour private hire LVN care, 6-hour private hire HHA, two weeks of 24-hour agency LVN care to account for time off of the private hire LVN or HHA, 48 hours per year of Case Manager time, annual Payroll Services, and 100 hours for the first year of Conservator-Fiduciary time (and 60 hours per year thereafter). Exh. 247 at p18.

D. The United States designated and disclosed an insurance expert, Paul Adams. The United States life care plan takes into consideration insurance for the costs for certain items of care, as provided by Mr. Adams. Plaintiffs' life care plan (Preston) did not take insurance into account. Plaintiffs agree that the United States is entitled to an offset for insurance.

E. Except for attendant care, Plaintiffs accept all the items of care and costs as presented in the United States' life care plan (Sells), which includes costs that have taken insurance into account. Plaintiffs also accept the United States' life care plan (Sells) recommendation for 48 hours per year of Case Manager time and 100 hours for the first year of Conservator-Fiduciary time (and 60 hours per year thereafter). Therefore, insurance-related issues are no longer in dispute and the United States will not present testimony at trial from its insurance expert, Mr. Adams.

F. Plaintiffs and the United States have each disclosed and designated one life expectancy expert for trial. Plaintiffs' life expectancy expert, Dr. Ira Lott, submits a life expectancy opinion for Plaintiff I.P. to age 28. The United States' life expectancy expert, Steven Day, submits a life expectancy opinion for Plaintiff I.P. to age 20-24.

G. Plaintiffs and the United States have each disclosed and designated an economist who has submitted damages calculations for the present cash value for Plaintiff I.P.'s future medical expenses using the parties' respective life care plans and life expectancy opinions. Plaintiffs' economist, Peter Formuzis, has submitted damages calculations for the present cash value for Plaintiff I.P.'s future medical expenses using Ms. Preston's life care plan and Dr. Lott's life expectancy opinion and a calculation using a 20 year additional life expectancy (to age 23). The United States' economist, Erik Volk, has submitted damages calculations for the present

cash value for Plaintiff I.P.'s future medical expenses using Mr. Sell's life care plan and Dr. Day's life expectancy opinion. Mr. Volk also included the cost of insurance premiums and out-of-pocket costs so that Plaintiff I.P. could purchase insurance and pay out-of-pocket costs in the event that she lost her current health insurance for some reason

H. As part of the stipulation, the parties agreed to include in Plaintiff I.P.'s agreed-upon future medical expenses, the cost of insurance premiums and out-of-pocket costs so that she could purchase insurance and pay out-of-pocket costs in the event that she lost her current health insurance for some reason.

I. Because Plaintiffs accept all the items of care and costs as presented in the United States' life care plan (Sells) except for attendant care, the parties have reached agreement on the present cash value amount for all of I.P.'s future medical expenses except for attendant care as follows:

    1) If the Court determines that Plaintiff I.P. has a life expectancy to age 23, and the Court applies the net discount rate offered by the United States' economist Erik Volk, the present cash value for I.P.'s future medical expenses for all items except for home attendant care would be $517,882.

    2) If the Court determines that Plaintiff I.P. has a life expectancy to age 23, and the Court applies the net discount rate offered by Plaintiffs' economist Peter Formuzis, the present cash value for I.P.'s future medical expenses for all items except for home attendant care would be $544,139.

    3) If the Court determines that Plaintiff I.P. has a life expectancy to age 28, and the Court applies the net discount rate offered by the United States' economist Erik Volk, the present cash value for I.P.'s future medical expenses for all items except for home attendant care would be $635,815.

    4) If the Court determines that Plaintiff I.P. has a life expectancy to age 28, and the Court applies the net discount rate offered by Plaintiffs' economist Peter Formuzis, the present cash value for I.P.'s future medical expenses for all items except for home attendant care would be $676,471.

J. If the Court determines that Plaintiff I.P. has a life expectancy to an age other than to age 23 or to age 28, the parties will need to submit to the Court revised damages figures based on the Court's life expectancy finding and respectfully request the opportunity to do so.

K. The remaining damages issues to be tried at trial are the following:

    1) Plaintiff I.P.'s life expectancy;

    2) What type of attendant care Plaintiff I.P. needs;

    3) The present cash value for this future attendant care;

    4) The amount of Plaintiff I.P.'s projected lost earnings; and

    5) The net discount rate(s) to apply.

L. The parties will present testimony at trial on these remaining damages issues from the following experts: Dr. Luis Montes (Plaintiffs' medical expert), Ms. Karen Preston (Plaintiffs' life care planner), Dr. Peter Formuzis (Plaintiffs' economist), Dr. Ira Lott (Plaintiffs' life expectancy expert), Dr. Joseph Capell (Defendant's medical expert), Mr. Tim Sells (Defendant's life care planner), Mr. Erik Volk (Defendant's economist), and Dr. Steven Day (Defendant's life expectancy expert).

M. In the event of a liability finding and imposition of judgment against the United States, the United States will not request that the Court impose a reversionary trust that pays medical expenses only as they are incurred in structuring the damages payment.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Dated: September 29, 2015    By:    */s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

*/s/ Chi Soo Kim*
CHI SOO KIM
Assistant United States Attorney
Attorneys for Defendant United States of America

LAW OFFICE OF BRUCE G. FAGEL & ASSOCIATES

Dated: September 29, 2015    By:    */s/ Bruce G. Fagel*
BRUCE G. FAGEL
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

DATED: September 29, 2015

 /s/ John A. Mendez
HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE