UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:13-CV-01012 JAM-CKD <br><br> ORDER APPLYING CALIFORNIA'S PERIODIC-PAYMENT STATUTE TO DAMAGES AWARDED TO PLAINTIFFS |

In accordance with its Findings of Fact and Conclusions of Law (Dkt. 155), the Court hereby orders that the United States pay damages in accordance with those Findings and Conclusions as provided in this order.

The United States has invoked California's periodic-payment statute, Cal. Code Civ. Proc. § 667.7, with regard to future medical expense damages awarded to Plaintiff I.P. for future attendant care (present cash value $7,753,349) and other future medical expenses (present cash value $544,139). See Dkt. 155 at 23. California's periodic-payment statute allows a party in a medical malpractice action to elect that future damages "be paid in

whole or in part by periodic payments rather than by a lump-sum payment if the award equals or exceeds fifty thousand dollars." Cal. Civ. Proc. Code § 667.7(a). The statute seeks to provide adequate compensation to an injured plaintiff "while eliminating the potential windfall from a lump-sum recovery which was intended to provide for the care of an injured plaintiff over an extended period who then dies shortly after the judgment is paid, leaving the balance of the judgment award to persons and purposes for which it was not intended." Cal. Civ. Proc. Code § 667.7(f). The statute thus seeks to prevent payment for future expenses that are never incurred.

The Federal Tort Claims Act ("FTCA") makes the United States liable in this tort action "in the same manner and to the same extent as a private party under like circumstances" under California law. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). Though the FTCA prohibits imposing continuing obligations on the United States in the form of periodic payments, it authorizes courts to "craft remedies that approximate the results contemplated by state [periodic-payment] statutes." *Dutra v. United States*, 478 F.3d 1090, 1092 (9th Cir. 2007); *see also Cibula v. United States*, 664 F.3d 428, 433 (4th Cir. 2012) ("due to the Government's inability to shoulder continuing obligations, the FTCA permits courts to craft remedies that 'approximate' state periodic payment statutes, including reversionary trusts.") (internal citation omitted). Such remedies involve the United States satisfying a judgment with a lump-sum present-value payment that complies with the FTCA while retaining a reversionary interest that returns funds to the United States Treasury upon the death of a plaintiff for whom future

2

1 | expenses would otherwise have continued to be paid.  *See Dutra*, 478
2 | F.3d at 1092; *Cibula*, 664 F.3d at 431-35.
3 |     In this order, the Court crafts a remedy providing Plaintiffs
4 | with damages as determined by the Court while also allowing the
5 | United States to retain a reversionary interest in a portion of the
6 | future medical-expense damages once another portion of those
7 | damages is paid up front (to allow Plaintiff I.P. to pay her
8 | attorney's fees and retain some cash on hand prior to periodic
9 | payments beginning).  This order requires the United States to
10 | purchase an annuity under the terms set forth in paragraph 7.  If
11 | Plaintiffs do not agree to an annuity then they shall inform the
12 | Court within five days of this Order and the Court will issue an
13 | amended order which substitutes a revisionary trust for the
14 | annuity.
15 |     Accordingly, the Court orders as follows:
16 |     1.  Once the period after entry of judgment during which a
17 | notice of appeal may be filed has elapsed, and after any appeal of
18 | that judgment has been resolved, the United States is ordered to
19 | make the payments outlined in this order.
20 |     2.  The United States is ordered to pay Micaela Palacio
21 | $250,000 in non-economic damages.
22 |     3.  The United States is ordered to pay I.P., $250,000 in
23 | non-economic damages.
24 |     4.  The United States is ordered to pay I.P., $87,521 in past
25 | medical expenses.
26 |     5.  The United States is ordered to pay I.P. $724,296 (the
27 | $967,796 present cash value of I.P.'s projected lost earnings as
28 | determined by the Court minus the $243,500 offset for I.P.'s prior

settlement with Banner Health).

    6.   Of the $8,297,488 present cash value of I.P.'s future medical expenses found by the Court (which includes present cash value of $7,753,349 for future attendant care and present cash value of $544,139 for other future medical expenses), the United States is ordered to pay $1,557,858 to I.P.

    7.   The United States is ordered to use the remaining $6,739,630 to purchase an annuity as described in Dkt. 165. That annuity shall provide for a stream of payments for 20 years with the amount increasing annually by 4% with payments certain (i.e., payable regardless of survivorship). Those payments shall be broken down into 12 equal monthly installments paid to I.P. (with payments reverting to the United States upon I.P.'s death).

    8.   Upon the death of Plaintiff I.P., the Plaintiffs, including the heirs and beneficiaries of Plaintiff I.P.'s estate, shall provide to the Clerk of this Court and the United States a certified death certificate within ten (10) days of the date of Plaintiff I.P.'s death. The certified death certificate shall be mailed to the United States at the following address, or upon written notice, any subsequent change of address: Director, Torts Branch (FTCA Staff), Civil Division, United States Department of Justice, P. O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

    IT IS SO ORDERED.

Dated:   December 7, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE