BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO.   2:13-CV-01012 JAM-CKD<br><br>**JOINT AMENDED ORDER APPLYING CALIFORNIA'S PERIODIC-PAYMENT STATUTE**<br><br>**JUDGE:**　HON. JOHN A. MENDEZ<br>**CTRM.:**　　6, 14th Floor |

　　　In accordance with its Findings of Fact and Conclusions of Law (Dkt. 155), the Court hereby orders that the United States pay damages in accordance with those Findings and Conclusions as provided in this order.

　　　The United States has invoked California's periodic-payment statute, Cal. Code Civ. Proc. § 667.7, with regard to future medical expense damages awarded to Plaintiff I.P. for future attendant care (present cash value $7,753,349) and other future medical expenses (present cash value $544,139). *See* Dkt. 155 at 23. California's periodic-payment statute allows a party in a medical malpractice action to elect that future damages "be paid in whole or in part by periodic payments rather than by a lump-sum payment if the award equals or exceeds fifty thousand dollars." Cal. Civ. Proc. Code § 667.7(a). The

statute seeks to provide adequate compensation to an injured plaintiff "while eliminating the potential windfall from a lump-sum recovery which was intended to provide for the care of an injured plaintiff over an extended period who then dies shortly after the judgment is paid, leaving the balance of the judgment award to persons and purposes for which it was not intended." Cal. Civ. Proc. Code § 667.7(f). The statute thus seeks to prevent payment for future expenses that are never incurred.

The Federal Tort Claims Act ("FTCA") makes the United States liable in this tort action "in the same manner and to the same extent as a private party under like circumstances" under California law. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). Though the FTCA prohibits imposing continuing obligations on the United States in the form of periodic payments, it authorizes courts to "craft remedies that approximate the results contemplated by state [periodic-payment] statutes." *Dutra v. United States*, 478 F.3d 1090, 1092 (9th Cir. 2007); *see also Cibula v. United States*, 664 F.3d 428, 433 (4th Cir. 2012) ("due to the Government's inability to shoulder continuing obligations, the FTCA permits courts to craft remedies that 'approximate' state periodic payment statutes, including reversionary trusts.") (internal citation omitted). Such remedies involve the United States satisfying a judgment with a lump-sum present-value payment that complies with the FTCA while retaining a reversionary interest that returns funds to the United States Treasury upon the death of a plaintiff for whom future expenses would otherwise have continued to be paid. *See Dutra*, 478 F.3d at 1092; *Cibula*, 664 F.3d at 431-35.

In this order, the Court crafts a remedy providing Plaintiffs with damages as determined by the Court while also allowing the United States to retain a reversionary interest in a portion of the future medical-expense damages once another portion of those damages is paid up front (to allow Plaintiff I.P. to pay her attorney's fees and retain some cash on hand prior to periodic payments beginning).

Accordingly, the Court orders as follows:

1. Once the period after entry of judgment during which a notice of appeal may be filed has elapsed, and after any appeal of that judgment has been resolved, the United States is ordered to make the payments outlined in this order.
2. The United States is ordered to pay Micaela Palacio $250,000 in non-economic damages.
3. The United States is ordered to pay I.P. $250,000 in non-economic damages.
4. The United States is ordered to pay I.P. $87,521 in past medical expenses.

5.  The United States is ordered to pay I.P. $724,296 (the $967,796 present cash value of I.P.'s projected lost earnings as determined by the Court minus the $243,500 offset for I.P.'s prior settlement with Banner Health).

6.  Of the $8,297,488 present cash value of I.P.'s future medical expenses found by the Court (which includes present cash value of $7,753,349 for future attendant care and present cash value of $544,139 for other future medical expenses), the United States is ordered to pay $1,557,858 to I.P.

7.  The United States is ordered to pay the remaining $6,739,630 to Wells Fargo Bank, who is hereby appointed Trustee of the "I.P. Reversionary Trust" (the "Court-Appointed Trustee"). The Court-Appointed Trustee shall be responsible for prudently investing the trust funds and shall make the payments specified in the schedule of future payments (the "Schedule") appended hereto as Exhibit A (and appearing on the docket for this case at Dkt. 168-1 pages 4-7) on the dates, and in the amounts, stated in the Schedule.

8.  The Schedule is fixed and unmodifiable and the Court-Appointed Trustee (1) shall have no power or authority to deviate from the dates and amounts stated in said Schedule (except to make back payments for payments that were previously due when the I.P. Reversionary Trust is funded), and (2) shall make no payments from the "I.P. Reversionary Trust" except (a) those payments specified in the Schedule on the dates and in the amounts stated therein, regardless of Plaintiff I.P.'s medical or other needs, (b) its trustee fees, and (c) the payment to the United States of America authorized in this order.

9.  The Court-Appointed Trustee shall be entitled to receive such fees based on the market value of trust assets in accordance with its published fee schedule in effect when services are rendered, the current published Schedule of Annual Fees is appended hereto as Exhibit B.

10. The Court-Appointed Trustee shall pay the future payments in the Schedule until the date of Plaintiff I.P.'s death, the final payment stated in the Schedule at the expiration of 20 years, or the depletion of the trust corpus, whichever occurs first.  The future payments shall be made payable to the "I. P. Special Needs Trust" (a trust for which Wells Fargo Bank will also be the trustee).  This special needs trust will be responsible for providing and paying for the

1    special care needs of I.P., and the United States will have no reversionary interest in the I. P.
2    Special Needs Trust.  The I. P. Special Needs Trust will be subject to the ongoing jurisdiction
3    of the Probate Court in the appropriate county and state where the minor resides, and Plaintiff
4    will obtain approval from the appropriate state court for the establishment of this special
5    needs trust.

6    11.   The Court-Appointed Trustee shall provide the United States of America with written notice
7         at the time each future payment is made from the I.P. Reversionary Trust, providing the date
8         and amount of each such payment and a periodic statement of account activities on a
9         minimum of an annual basis.  The notice and periodic statement of account to be provided to
10        the United States shall be mailed to the following address, or upon written notice, any
11        subsequent change of address:  Director, Torts Branch (FTCA Staff), Civil Division, United
12        States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C.
13        20044.

14   12.   Upon the death of Plaintiff I.P., upon the final payment stated in the Schedule, or the
15         depletion of the trust corpus, whichever occurs first, the Court-Appointed Trustee shall cease
16         making the periodic payments.  In the event funds remain in the trust corpus at the death of
17         Plaintiff I.P. or upon the final payment stated in the Schedule, whichever occurs first, the
18         Court-Appointed Trustee shall pay the entire balance of the trust corpus to the United States
19         of America. The payment shall be made payable to the United States Treasury, fbo I.P., a
20         minor, by and through her guardian ad litem, Facundo Palacio Diaz, et al., and mailed to the
21         following address, or upon written notice, any subsequent change of address:  Director, Torts
22         Branch (FTCA Staff), Civil Division, United States Department of Justice, P.O. Box 888,
23         Benjamin Franklin Station, Washington, D.C. 20044.

24   13.   Upon payment of $2,619,675 to I.P. and $250,000 to Micaela Palacio and payment of
25         $6,739,630 to the I.P. Reversionary Trust, Plaintiffs I.P. and Micaela Palacio will file a
26         satisfaction of judgment and dismissal of the entire case with the Court.

27   14.   Upon the death of Plaintiff I.P., the Plaintiffs, including the heirs and beneficiaries of
28         Plaintiff I.P.'s estate, shall provide to the Clerk of this Court, the Court-Appointed Trustee,

and the United States a certified death certificate within ten (10) days of the date of Plaintiff I.P.'s death. The certified death certificate shall be mailed to the United States at the following address, or upon written notice, any subsequent change of address: Director, Torts Branch (FTCA Staff), Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Dated: December 15, 2015        By:     */s/ Victoria L. Boesch*
                                        VICTORIA L. BOESCH
                                        Assistant United States Attorney


Dated: December 15, 2015                */s/ Bruce G. Fagel* (authorized on 12/15/15)
                                        BRUCE G. FAGEL


**ORDER**

**IT IS SO ORDERED.**

DATED: December 16, 2015                /s/ John A. Mendez_____
                                        JOHN A. MENDEZ
                                        United States District Court Judge