BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
CHI SOO KIM
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
victoria.boesch@usdoj.gov
chi.soo.kim@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ; MICAELA PALACIO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.   2:13-CV-01012 JAM-CKD<br><br>**OBJECTIONS TO PLAINTIFFS' BILL OF COSTS**<br><br>**JUDGE:    HON. JOHN A. MENDEZ**<br>**CTRM.:     6, 14th Floor** |

The United States hereby objects to the bill of costs (Dkt. 178) filed by Plaintiffs I.P. and Micaela Palacio.  The United States respectfully requests that the Court remove certain items from the bill of costs because they are not properly recoverable as (1) costs relating to claims against Dr. Paul Holmes upon which the United States prevailed, (2) costs relating to Banner Health covered by Banner Health's pretrial settlement of claims against it, or (3) costs that were not actually or necessarily incurred.

    **A.**     <u>**Plaintiffs cannot recover costs for depositions or witness travel related to Dr. Holmes' resuscitation because the United States prevailed on that issue.**</u>

The Court entered judgment for the United States on all claims related to Dr. Paul Holmes.  Dkt. 153, 160, 161.  Those claims concerned Dr. Holmes' resuscitation of I.P. after birth.  Following a bench

trial, the Court found that Dr. Holmes' care saved I.P.'s life and caused her no injury.  Dkt. 153 at 8; Dkt. 160 at 2.  For this reason, Plaintiffs cannot recover deposition or witness travel costs related to the claims against Dr. Holmes.  *See* Dkt. 167 (United States' bill of costs for claims against Dr. Holmes – to which Plaintiffs filed no objections – claiming deposition costs related to the resuscitation).

Accordingly, the following deposition and witness travel costs should be removed from Plaintiffs' bill of costs because they relate to the claims regarding Dr. Holmes on which the United States prevailed:

| Witness | Deposition Fees or Travel Costs Claimed | Subject of Testimony |
| --- | --- | --- |
| Dr. William D. Rhine | $1761.47 Deposition Fees, Dkt. 178 at 6 | Plaintiffs' expert on resuscitation standard of care.  *See* Dkt. 153 at 6-8, Dkt. 160 at 2. |
| Dr. William D. Rhine | $364.90 Trial Travel Costs, Dkt. 178 at 59 | Plaintiffs' expert on resuscitation standard of care.  *See* Dkt. 153 at 6-8, Dkt. 160 at 2. |
| Dr. Phillipe Friedlich | $1263.00 Deposition Fees, Dkt. 178 at 6 | United States' expert on resuscitation standard of care.  *See* Dkt. 153 at 5-8; Dkt. 160 at 2. |
| Dr. Michael Sherman | $977.35 Deposition Fees, Dkt. 178 at 6 | Plaintiffs' expert on resuscitation standard of care (disclosed and deposed but did not testify at trial). |
| Dr. Paul Holmes | $1374.70 Deposition Fees, Dkt. 178 at 7 | Resuscitation.  *See* Dkt. 153 at 2-8; Dkt. 160 at 2. |

**B.** **Plaintiffs cannot recover costs for depositions of Banner Health's experts because Plaintiffs' settlement with Banner Health resolved any claims for such costs.**

Banner Health disclosed various experts in defending itself against Plaintiffs' claims against it.  But Plaintiffs settled those claims, and any cost-recovery claims associated with them, prior to trial.  *See* Dkt. 78 (Plaintiffs' Notice of Settlement as to Defendant Banner Health); Dkt. 101 (Plaintiffs' Proposed Order Approving Banner Health Settlement with state-court approval documentation); Dkt. 102 (Order Approving Banner Health Settlement).  Because these claims were so resolved, Plaintiffs cannot recover their costs for deposing Banner Health's experts from the United States.

Accordingly, the following deposition costs should be removed from Plaintiffs' bill of costs because they relate to Banner Health's experts:

| Witness | Deposition Fee Claimed | Subject of Testimony |
| --- | --- | --- |
| Nurse Laura Mahlmeister | $1,053.10 Deposition Fees, Dkt. 178 at 6 | Plaintiffs' expert on standard on care for Banner Health nurses. |
| Dr. Michael Ross | $499.00 Deposition Fees, Dkt. 178 at 6 | Banner Health's expert on standard of care for Banner Health nurses. |
| Dr. Michael Ross Videotape Deposition | $365.00 Deposition Fees, Dkt. 178 at 6 | Banner Health's expert on standard of care for Banner Health nurses. |
| Nurse Tracy Weeber | $850.00 Deposition Fees, Dkt. 178 at 6 | Banner Health's expert on standard of care for Banner Health nurses. |
| Dr. Kimberly BeDell | $1116.00 Deposition Fees, Dkt. 178 at 6 | Banner Health's expert on physical medicine and rehabilitation. |
| Constantine Boukidis | $691.00 Deposition Fees, Dkt. 178 at 7 | Banner Health's expert economist. |
| Dr. Scott Kush | $984.50 Deposition Fees, Dkt. 178 at 7 | Banner Health's expert on life expectancy. |
| Nurse Linda Olzack | $855.70 Deposition Fees, Dkt. 178 at 7 | Banner Health's expert on life care planning. |
| Dr. Jay Goldsmith | $977.47 Deposition Fees, Dkt. 178 at 7 | Banner Health's expert on resuscitation standard of care. |

C. **Plaintiffs cannot recover mileage costs for expert witnesses who flew to Sacramento for trial as only the actual cost of their flights would be recoverable.**

Though Plaintiffs may recover certain witness travel expenses, they can only recover reasonably economical expenses that were actually incurred. *See* 28 U.S.C. § 1821 (c)(1) ("A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of

transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished."); *see also* L.R. 292(f)(8) (citing 28 U.S.C. § 1821).

Plaintiffs claim mileage expenses for numerous expert witnesses who appear to have traveled to Sacramento for trial by airplane. *See, e.g.*, Dkt. 178 at 62 (Plaintiffs claiming mileage of 4,376 miles at $0.575 per mile – $2,516.20 – for Plaintiffs' expert Dr. Frank Manning's travel from New York, described as "10/4/2015-10/5/2015 Trial (JFK to SAC – round trip)"). Such mileage claims do not represent the actual, documented, and reasonably economical travel costs incurred and so cannot be recovered. In order to recover costs for such travel, Plaintiffs had to have provided documentation of the actual and reasonably economical costs of the witnesses' flights.

Accordingly, the following mileage costs claims should be removed from Plaintiffs' bill of costs because they are not actual, documented, reasonably economical travel costs:

| Witness | Trial Travel Cost Claimed | Travel Description Provided |
|---|---|---|
| Dr. Peter Formuzis | 752 miles x $0.575 = $432.40<br>Dkt. 178 at 53 | 9/28/2015-9/29/2015 – Trial – Santa Ana, CA to Sacramento, CA (ONT to SAC – round trip) |
| Dr. Ira Lott | 780 miles x $0.575 = $448.50<br>Dkt. 178 at 56 | 9/29/2015-9/30/2015 Trial – Santa Ana to Sacramento, California (SNA-SAC round trip) |
| Dr. Frank Manning | 4376 miles x $0.575 = $2516.20<br>Dkt. 178 at 62 | 10/4/2015-10/5/2015 Trial (JFK to SAC – round trip) |
| Dr. Donald Olson | 552 miles x $0.575 = $317.40<br>Dkt. 178 at 65 | 9/27/15-9/28/15 – Trial – Ashland, Oregon to Sacramento, CA (MFR to SAC – round trip) |
| Dr. Luis Montes | 4578 miles x $0.575 = $2632.35<br>Dkt. 178 at 68 | 9/24/2015-9/25/2015 Trial – Sarasota Florida to Sacramento, California (SRQ-SAC – round trip) |

### D. **Plaintiffs cannot recover deposition videotaping costs or witness entertainment costs.**

Generally, costs to videotape depositions are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *opinion reinstated in part on reh'g*, 61 F.3d 1113, 1118 (5th Cir. 1995). And witness entertainment costs are not recoverable. *See* 28 U.S.C. § 1920; L.R. 292(a),(f).

Accordingly, the following costs should be removed from Plaintiffs' bill of costs:

| Witness | Cost Claimed | Amount |
|---|---|---|
| Dr. Maurice Druzin | Cost to videotape deposition. Dkt. 178 at 6, 21 | $475.00 |
| Dr. Daljeet Rai | Cost to videotape deposition. Dkt. 178 at 7, 36 | $365.00 |
| Dr. Michael Nageotte | Cost to videotape deposition (two cameras, one on witness and one on Bruce Fagel). Dkt. 178 at 7, 47 | $590.00 |
| Dr. Frank Manning | Cost for movies at hotel. Dkt. 178 at 62, 63 | $17.99 |

### E. **Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court remove the above-described costs from Plaintiffs bill of costs, thus reducing it by a total of $20,928.03.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Dated:  January 12, 2016   By:   */s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney