UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GARDIAN AD LITEM, FACUNDO PALACIO DIEZ; MICAELA PALACIO,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No.　2:13-cv-01012-JAM-CKD<br><br>**ORDER AWARDING COSTS** |

Plaintiff I.P. and her mother, Micaela Palacio, (collectively, "Plaintiffs") sued the United States ("Defendant"), alleging that the negligence of its doctors caused I.P.'s brain damage. Following a bench trial, the Court awarded damages to Plaintiffs, who now move for an award of costs. The Court takes up Defendant's objections to that bill of costs herein.[1]

///

---

[1] The objections were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g), 292(d). The hearing was scheduled for March 22, 2016.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs prevailed at trial against the United States on the issue of negligence of its physician, Dr. Paul Davainis, during the birth of Plaintiff I.P. Defendant prevailed on the issue of negligence with respect to another physician it employed, Dr. Paul Holmes. Plaintiffs previously sued Banner Health (the hospital, for the alleged negligence of its nurses) in state court and obtained a settlement.

Plaintiffs now seek costs from Defendant in the amount of $50,320.70 (Doc. #178). Defendant filed objections (Doc. #179), and Plaintiffs provided a "supplemental declaration" of Plaintiffs' counsel (Doc. #180). The Court sustains the objections in part, as discussed below.

II. OPINION

In general, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The party seeking costs must attest that the fees were "necessarily incurred." L.R. 292(b). The district court has discretion to refuse to award costs. Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000).

Defendant makes four objections to Plaintiffs' bill of costs: (1) that Plaintiffs were not the prevailing party on the issue of negligence in Dr. Holmes's resuscitation of I.P., and are therefore not entitled to costs arising from litigation on that issue; (2) that Plaintiffs may not recover costs for claims against the Banner Health defendants; (3) that actual travel expenses (as opposed to mileage) are the appropriate measure of

air travel costs; and (4) that costs for videotaping depositions and "for movies at [an expert witness's] hotel" are not recoverable.

First, the Court agrees that Defendant prevailed on the claims related to Dr. Holmes's resuscitation of I.P. The costs specifically related to that issue are therefore not recoverable by Plaintiffs. These include travel and deposition costs for expert witnesses opining about the resuscitation standard of care (Drs. Rhine, Fredlich, and Sherman), totaling $4,366.72. See Bill of Costs at 6, 59. The Court therefore deducts those costs. The Court finds however that the deposition of Dr. Holmes himself was related not only to the resuscitation, but also to the claims against Dr. Davainis, on which Plaintiff prevailed. Therefore, his deposition fees are recoverable and the Court overrules the objection as to Dr. Holmes's deposition.

As to the claims against Banner Health, the Court agrees that such costs were not "necessarily incurred" as part of the litigation against the United States. Plaintiffs therefore may not recover these costs from Defendant. The Court accordingly deducts deposition costs for Ms. Mahlmeister, Ms. Weeber, Mr. Boukidis, Ms. Olzack, and Drs. Ross, BeDell, Kush, and Goldsmith. These deductions total $7,391.77. See Bill of Costs at 6-7.

Next, the Court agrees that Plaintiffs are only entitled to actual travel costs for those witnesses who traveled by plane. See 28 U.S.C. § 1821(c)(1). The Court therefore deducts the originally-stated mileage costs for Drs. Lott, Manning, Formuzis, and Montes (totaling $6,029.45, see Bill of Costs at 53, 56, 62, 68), and adds the following actual travel costs: $506.00 for Dr.

3

Lott, $1,007.98 for Dr. Manning, $506.00 for Dr. Formuzis, and $646.00 for Dr. Montes.  See Suppl. Fagel Decl. ¶¶ 1-5; L.R. 292(d).

The Court also sustains the objection regarding videotaping. In order to recover such costs, "the prevailing party must demonstrate that a videotaped copy of the deposition was necessary."  Weco Supply Co. v. Sherwin-Williams Co., 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013).  Here, Plaintiffs have not explained why they needed to videotape three of the experts' depositions or why they additionally needed to videotape Plaintiffs' counsel questioning Defendant's witness.  See Bill of Costs at 7, 47.  The Court therefore declines to award costs for videotaping the depositions, and accordingly reduces the award by $1,430.00.  See id.; Terry v. Allstate Ins. Co., 2007 WL 3231716, at *3 (E.D. Cal. Nov. 1, 2007) ("Allstate is not entitled to recover for [videotaping] costs because it failed to provide a rationale justifying why [it was] necessary for the litigation.").

Finally, the "TV Services" charges of $17.99 during Plaintiffs' expert witness's hotel stay will be deducted as unnecessary to the litigation.  See Bill of Costs at 63.

In sum:

| | |
|---|---|
| Original amount of costs requested | $50,320.70 |
| Deduction for costs related to resuscitation negligence issue | -$ 4,366.72 |
| Deduction for costs associated with Banner Health claims | -$ 7,391.77 |
| Deduction for improper air travel costs | -$ 3,363.47 |
| Deduction for videotaping costs | -$ 1,430.00 |
| Deduction for TV services at hotel | -$    17.99 |
| **TOTAL costs awarded** | **$36,646.73** |

4

III.   ORDER

For the reasons set forth above, the Court SUSTAINS the objections in part and awards costs for Plaintiffs in the amount of $36,646.73.

IT IS SO ORDERED.

Dated:   March 23, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE