Bruce G. Fagel, (103674)
LAW OFFICES OF BRUCE G. FAGEL & ASSOCIATES
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Tel: (310) 281-8700
Fax: (310) 281-5656
BruceFagel@fagellaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, FACUNDO PALACIO DIAZ, MICAELA PALACIO,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:13-cv-01012 JAM-CKD<br><br>**PLAINTIFF'S FIRST AMENDED PETITION TO APPROVE DISPOSITION OF PROCEEDS OF JUDGMENT**<br><br>Courtroom 6, 14th floor<br>Judge: Hon. John A. Mendez |

Petitioner FACUNDO PALACIO DIAZ, parent and guardian ad litem of the minor plaintiff I.P., a female, age 4 years of age (born xx/xx/2012), whose address is 309 Thurston Avenue, Avenal, CA 93204, respectfully requests and petitions the Court to approve the disposition of the judgment proceeds rendered in this case to Petitioner, or his designee, as provided in *Eastern District Local Rule* 202(e), and *California Probate Code* § 3600 *et. seq.*, and *California Rules of Court* Rule 7.950 et. seq., with the remainder of the judgment proceeds disbursed as the judgment documents provide, as related herein.

### A. Eastern District Local Rule 202 (e) [Payment of Judgment]

"Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed

otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person."

Although this matter involves a judgment and not a settlement, *Rule* 202 (b)(1) states with respect to "settlements" involving a minor, where the minor is represented by an appointed representative pursuant to appropriate state law (as in this case), that initial approval of the settlement should be in the state court, "excepting only those actions in which the United States courts have exclusive jurisdiction. . . " This matter involves the Federal Tort Claim Act, over which this Court has exclusive jurisdiction. (*Wood v. United States*, 961 F2d 195, 197 (Fed.Cir. 1992)

### B. Applicable California Probate Code Statutes

*Probate Code* § 3600. This chapter applies whenever both of the following conditions exist:

(a) A court (1) approves a compromise of, or the execution of a covenant not to sue on or a covenant not to enforce judgment on, a minor's disputed claim, (2) approves a compromise of a pending action or proceeding to which a minor or person with a disability is a party, or (3) <u>gives judgment for a minor</u> or person with a disability.

(b) The compromise, covenant, or <u>judgment</u> provides for the payment or delivery of money or other property for the benefit of the minor or person with a disability.

*Probate Code* § 3601.
(a) The court making the order or giving the judgment referred to in Section 3600, as a part thereof, shall make a further order authorizing and directing that reasonable expenses, medical or otherwise and including reimbursement to a parent, guardian, or conservator, costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor or person with a disability.

(b) The order required by subdivision (a) may be directed to the following:

(1) A parent of the minor, the guardian ad litem, or the guardian of the estate of the minor or the conservator of the estate of the person with a disability.

(2) The payer of any money to be paid pursuant to the compromise, covenant, or judgment for the benefit of the minor or person with a disability.

*Probate Code* § 3602.
(a) If there is no guardianship of the estate of the minor or conservatorship of the estate of the person with a disability, the remaining balance of the money and other property, after payment of all expenses, costs, and fees as approved and allowed by the

court under Section 3601, shall be paid, delivered, deposited, or invested as provided in Article 2 (commencing with Section 3610).

(b) Except as provided in subdivisions (c) and (d), if there is a guardianship of the estate of the minor or conservatorship of the estate of the person with a disability, the remaining balance of the money and other property, after payment of all expenses, costs, and fees as approved and allowed by the court under Section 3601, shall be paid or delivered to the guardian or conservator of the estate. Upon application of the guardian or conservator, the court making the order or giving the judgment referred to in Section 3600 or the court in which the guardianship or conservatorship proceeding is pending may, with or without notice, make an order that all or part of the money paid or to be paid to the guardian or conservator under this subdivision be deposited or invested as provided in Section 2456.

(c) Upon ex parte petition of the guardian or conservator or upon petition of any person interested in the guardianship or conservatorship estate, the court making the order or giving the judgment referred to in Section 3600 may for good cause shown order one or more of the following:

(1) That all or part of the remaining balance of money not become a part of the guardianship or conservatorship estate and instead be deposited in an insured account in a financial institution in this state, or in a single-premium deferred annuity, subject to withdrawal only upon authorization of the court.

(2) If there is a guardianship of the estate of the minor, that all or part of the remaining balance of money and other property not become a part of the guardianship estate and instead be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act, Part 9 (commencing with Section 3900).

(3) That all or part of the remaining balance of money and other property not become a part of the guardianship estate and, instead, be transferred to the trustee of a trust which is either created by, or approved of, in the order or judgment described in Section 3600. This trust shall be revocable by the minor upon attaining 18 years of age, and shall contain other terms and conditions, including, but not limited to, terms and conditions concerning trustee's accounts and trustee's bond, as the court determines to be necessary to protect the minor's interests.

(d) Upon petition of the guardian, conservator, or any person interested in the guardianship or conservatorship estate, the court making the order or giving the judgment referred to in Section 3600 may order that all or part of the remaining balance of money not become a part of the guardianship or conservatorship estate and instead be paid to a <u>special needs trust</u> established under Section 3604 for the benefit of the minor or person with a disability.

(e) If the petition is by a person other than the guardian or conservator, notice of hearing on a petition under subdivision (c) shall be given for the period and in the manner provided in Chapter 3 (commencing with Section 1460) of Part 1.

(f) Notice of the time and place of hearing on a petition under subdivision (d), and a copy of the petition, shall be mailed to the State Director of Health Care Services, the Director of State Hospitals, and the Director of Developmental Services at the office of each director in Sacramento at least 15 days before the hearing.

### C: Applicable California Rules of Court re Claims of Minors

Several *California Rules of Court* are applicable to the disposition of the proceeds of a judgment with respect to a minor or a person with a disability. Rule 7.950 et seq. provides for substantive and procedural rules concerning such judgment dispositions. Rule 7.950 states that a petition for disbursement *must* be prepared on a full completed state form (MC-350). The form must be verified by the petitioner and must contain a full disclosure of all information that has any bearing upon the reasonableness . . . of the disposition of the judgment. Please see attached declaration of Facundo Palacio Diaz.

The Federal Tort Claims Act implicates substantial federal interests and in relinquishing its sovereign immunity, the government intended that claims against it would be decided only according to federal procedural law. *Galarza v. United States* (SD CA 1998) 179 F.R.D. 291, 293. This Petition, does however, essentially follow the same outline of issues as contained in MC-350, even though it is a procedural device and a fillable form. MC-350 is a multi-purpose form regarding minor claims. It is used for Petitions to approve the "compromise of a disputed claim," to "compromise a pending action," and as a petition for "disposition of proceeds of judgment." The majority of the categories of issues in MC-350 apply in the main to informing the court of the issues with respect to the compromise of a pending action claim. The form only marginally contemplates the disposition of the proceeds of judgment, as in this case, where the court was the trier of fact.

Rule 7.955 (a)(1) provides for reasonable attorney fees for services to a minor. Rule 7.955(a)(2) states the court must give consideration to the terms of any representation

agreement between the attorney and the representative of the minor based on the facts and circumstances existing at the time the agreement was made.

Rule 7.955(b) provides for 14 non-exclusive factors the court may consider in determining a reasonable attorney's fee. Rule 7.955(c) requires the attorney to file a declaration and address the issues listed in (b) above. Please see attached declaration of Bruce G. Fagel.

### D: Nature of Claim and Summary of Injuries to I.P. (Items 4-9 MC-350)

I.P. a minor, born xx, 2012 (Item 2-9MC-350), suffered birth and neurological injuries from lack of oxygen and an untimely delivery. The Court in its Findings of Fact and Conclusions of Law ("Findings" - Document 155), after a 9 day bench trial beginning September 24, 2015, found the Obstetrician negligent as to both I.P. and her mother Micaela Palacio, in failing to call for a C-section until 5:00 a.m., and that this negligence caused injuries to Plaintiffs (Findings p.18).

Because of her injuries, I.P. will never be able to conduct the activities of daily living or care for herself. She will never, speak, walk or work. She will require 24-hour/day care. She cannot eat and must be fed through a gastronomy tube. She requires frequent suctioning and she is at risk for complications, including pneumonia, seizures, joint dislocation and deformity (Findings p. 18). The Court found that I.P would have a life expectancy of approximately 20 additional years (to 23 years of age). (Findings. P. 21:14-16).

### E. Summary of Judgment Entered in this Case

(Items 10-13 MC-350). This Court entered judgment for the Plaintiffs on 12/29/15 (Exhibit A -Document 177), which was to be "in accordance with the Court's Order filed on 12/17/15" (Document 175), entitled "Joint Amended Order Applying Periodic-Payment Statute," hereinafter referred to as "Order," attached as Exhibit B.

The Order stated that payments were not to be paid until any appeal of the judgment had been resolved (Order p.4, item 1). The United States did appeal from the judgment on 2/22/16 (Document 181) to the Ninth Circuit Court of Appeals; however, the appeal was voluntarily dismissed on 3/25/16 with the Ninth Circuit granting the

Appellant's Motion to Dismiss (Document 187). Thus, the issue of appeal as a condition before payment has been resolved.

In its Findings of Fact and Conclusions of Law (Document 155) at page 28, the Court found the United States was liable to I.P. in the amount of $9,602,805 less $243,500 for her prior settlement with Banner Health for a net damage award of $9,359,305.

The Order (pp. 2-3) included the following items of damage:

| Micaela Palacio | Non-economic damages | $ 250,000 |
| I.P. | Non-economic damages | $ 250,000 |
| I.P. | Past medical expenses | $ 87,521 |
| I.P. | Lost earnings | $ 724,296 |
| I.P. | Future medical | $1,557,858 |
| Trustee of I.P. | Future medical | $6,739,630 |

Item 13 of the Order (p.4), states that upon payment of $250,000 to Micaela Palacio, and $2,619,675 to I.P. and payment of $6,739,630 to the Trustee of I.P (total of $9,359,305 to I.P. and her Trustee), according to the schedule of future payments referred to, Plaintiffs will file a satisfaction of judgment and dismissal of the entire case. The

**F. Request for Approval and Reimbursement of Court Fees, Costs and Expenses**

The contingency agreement for legal services between the Plaintiffs and the Guardian ad Litem for the Minor and their attorneys provided the attorney would advance all necessary court fees, expert fees, deposition fees and other expenses and costs in the prosecution of the clients' case. These advanced fees and costs would be reimbursed by the clients only if there was a recovery.

Attached as Exhibit ? is a true and correct copy of the necessary fees and costs expended in this case in the amount of $392,565.07, ($247,000 is for expert witness fees)

Plaintiffs' cost bill shows on page 11 a credit of $259,275 paid on behalf of the clients, leaving a balance due of $123,290.07, as of 2/19/2016.

Plaintiffs moved the Court for an award of costs to which the United States filed objection. On March 24, 2016, the court sustained the objections in part, and filed its Order

Awarding Costs to Plaintiffs in the amount of $36,646.73 (Document 185)

The United States also moved the Court for an award of costs to which the Plaintiffs filed objections. On March 24, 2016, costs were taxed against the plaintiffs in the amount of $11,824.30. (Document 186).

**Summary of Costs**

| Item | Credits | Debits | Balance |
|---|---|---|---|
| Total Plaintiff Costs | | | $382,565.07 |
| Paid by Clients | $259,275.00 | | $123,290.07 |
| Cost Award to Plaintiffs | $ 36,646.73 | | $ 86,643.34 |
| Cost Award to United State | | $11,824.30 | $98,467.64 |

### F. Request for Attorney Fees

Plaintiff I.P. through her guardian ad litem, agreed in writing to an attorney fee of 25%, with court costs deducted from the recovery before the calculation of attorney fees. Please see declarations of Facundo Palacio Diaz and Bruce G. Fagel, Esq.

28 U.S.C. § 2678 provides "[N]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title." § 2678 does not mention the cost deduction before calculation of the fees, but this agreement to deduct the court costs before calculation of the attorney fee directly benefits the client.

Attorney is not requesting attorney fees with respect to the Medi-Cal lien for past medical expenses of $87,521, as Medi-Cal consents to a 25% reduction in repayment of the lien as its reasonable share of attorney fees in recovering the lien amounts:

> *Welfare & Inst Code* 14124.72 (d): "Where the action or claim is brought by the beneficiary alone and the beneficiary incurs a personal liability to pay attorney's fees and costs of litigation, the director's claim for reimbursement of the benefits provided to the beneficiary shall be limited to the reasonable value of benefits provided to the beneficiary under the Medi-Cal program <u>less 25 percent</u> which represents the director's reasonable share of attorney's fees . . . "

[On May 23, 2013, notice was sent to Medi-Cal and Department of Health Services, via United States Registered Mail, pursuant to Welfare and Institutions Code Section 14124.73 (a) and 42 U.S.C. § 1395y of the Social Security Act a notification of this action, so as to permit Medi-Cal and Department of Health Services to perfect any lien, including a conformed copy of the complaint].

Also, in an action under the Federal Tort Claims Act, Business and Professions Code Section 6146 (Attorney Fees and Costs in Medical Malpractice Actions) does not apply. The federal statute permitting a maximum fee of 25% applies. (*Jackson v. United States* (9th Cir.1989) 881 F.2d 707,713.)

*Attorney Fee Calculation*

| Item | Amount | Deduction | Totals |
|---|---|---|---|
| Judgment for IP | $9,359,305 | | $9,359,305 |
| Net Costs Awarded | $  24,822.43 | | $9,384,127.43 |
| Medi-Cal Lien | | $87,521.30 | $9,296,606.13 |
| Balance of Costs Advanced | | $123,290.07 | $9,173,316.10 |

Attorney Fee: $9,173,316.10 x 25% is $2,293,329

### G: Request that Balance of Up-Front Cash be Placed In Special Needs Trust

*Summary of Up-Front Cash*

| Item | Amount | Balance |
|---|---|---|
| Up-Front Cash to IP- Item E | $2,619,675 | $2,619,675 |
| Net Cost Award | $24,822.43 | $2,644.497.43 |
| Attorney Fees | ($2,293,329) | $   351,168 |
| Medi-Cal Lien | ($87,521.30) | $   263,646 |
| Costs Balance | ($123,290.07) | $   $140,357.06 |

Balance to Deposit in Special Needs Trust: $140,357.06

Petitioner recommends the proposed disposition of the proceeds of the judgment for the minor claimant to the court as being fair, reasonable, and in the best interest of plaintiff I.P., and requests that the court approve the proposed disposition and make such other and further orders as may be just and reasonable.

Law Offices
of
Bruce G. Fagel
&
Associates

Dated: March 30, 2016

*/S/ Bruce G. Fagel*
BRUCE G. FAGEL
Attorney for Plaintiffs

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 7, 2016

FACUNDO PALACIO DIAZ
Petitioner /Parent of I.P.